IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMERICAN VIDEO GRAPHICS, L.P., | ) | |
| | ) | |
| Plaintiff, | ) | Misc. Action No. _____ |
| | ) | |
| v. | ) | (Case No. 6:04-CV-397-LED, |
| | ) | currently pending in the United |
| HEWLETT-PACKARD CO., *et al.*, | ) | States District Court for the |
| | ) | Eastern District of Texas, |
| Defendants. | ) | Tyler Division) |

## MOTION TO COMPEL

Fujitsu Computer Systems Corp. ("Fujitsu"), a defendant in the captioned action

currently pending in the United States District Court for the Eastern District of Texas, Tyler

Division (the "Texas Action"), hereby respectfully moves that the Court issue an order

compelling Research Investment Network, a Delaware corporation and a non-party witness in

the Texas Action, to comply with this Court's May 25, 2005 subpoena (Exhibit A hereto).  The

grounds for this motion are fully set forth in Fujitsu's opening brief and supporting declaration.

ASHBY & GEDDES

_____
Steven J. Balick (I.D.#2114)
John G. Day (I.D. #2403)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE  19899
302-654-1888
302-654-2067 (facsimile)
sbalick@ashby-geddes.com
jday@ashby-geddes.com
*Attorneys for Fujitsu Computer Systems
Corp.*

Dated:  October 17, 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

AMERICAN VIDEO GRAPHICS, L.P.,⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀Plaintiff,⠀⠀⠀⠀)⠀⠀⠀Misc. Action No. _____
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀(Case No. 6:04-CV-397-LED,
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀currently pending in the United
HEWLETT-PACKARD CO., *et al.*,⠀⠀⠀⠀)⠀⠀⠀States District Court for the
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀Eastern District of Texas,
⠀⠀⠀⠀⠀⠀⠀⠀⠀Defendants.⠀⠀⠀⠀)⠀⠀⠀Tyler Division)

## ORDER

⠀⠀⠀⠀This _____ day of _____, 2005, Fujitsu Computer Systems

Corp. ("Fujitsu"), a defendant in the captioned action currently pending in the United States

District Court for the Eastern District of Texas, Tyler Division (the "Texas Action"), having

moved to compel Research Investment Network ("RIN"), a Delaware corporation and a non-

party witness in the Texas Action, to comply with this Court's May 25, 2005 subpoena, and the

Court, after considering the positions of the parties, having concluded that good grounds exist for

the requested relief; now therefore,

⠀⠀⠀⠀IT IS HEREBY ORDERED that Fujitsu's motion is granted, and that RIN shall produce

the following categories of documents to Fujitsu on or before _____:

⠀⠀⠀⠀⠀⠀⠀⠀(a)⠀⠀⠀documents that refer or relate to Pioneer Corporation's ("Pioneer") role in

⠀⠀⠀⠀⠀⠀⠀⠀Discovision Associate's ("Discovision") or RIN's corporate governance,

⠀⠀⠀⠀⠀⠀⠀⠀including any approvals Discovision or RIN sought, received, or needed from

⠀⠀⠀⠀⠀⠀⠀⠀Pioneer to take any corporate action;

(b)    documents that refer or relate to Pioneer's role in RIN's or Discovision's licensing activities with third parties;

(c)    documents that refer or relate to the organizational structure of RIN, Discovision, and Pioneer;

(d)    documents identifying each officer and director of RIN, Discovision, and Pioneer, as well as documents identifying all shareholders that are common to at least two of the companies and their percentage ownership;

(e)    documents that refer or relate to any payments, loans, or other types of asset transfers or debt guarantees from Pioneer, Discovision, or RIN to one of the other entities; and

(f)    documents that refer or relate to any financial or ownership interests held by Pioneer, RIN, or Discovision in any of the other entities.

<br>

_____
United States District Judge

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1.1

I hereby certify that prior to filing the attached **Motion to Compel**, repeated efforts were made to resolve the subject of the motion.  However, no agreement could be reached.

Steven J. Balick

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of October, 2005, the attached **MOTION TO COMPEL** was served upon the below-named counsel of record at the address and in the manner indicated:

Ronald P. Oines, Esquire                                          VIA ELECTRONIC MAIL
Rutan & Tucker
611 Anton Blvd., 14th Floor
Costa Mesa, CA  92628-1931

Sam Baxter, Esquire                                              VIA ELECTRONIC MAIL
McKool Smith, P.C.
505 E. Travis, Suite 105
Marshall, Texas 75670

Harry L. Gillam Jr., Esquire                                     VIA ELECTRONIC MAIL
Gillam & Smith, LLP
110 S. Bolivar, Suite 204
Marshall, Texas 75670

Scott E. Stevens, Esquire                                        VIA ELECTRONIC MAIL
Stevens Law Firm
P.O. Box 807
Longview, TX 75606

V. Bryan Medlock, Jr., Esquire                                   VIA ELECTRONIC MAIL
Sidley Austin Brown & Wood LLP
717 N. Harwood, Suite 3400
Dallas, TX 75201

Ronald S. Vickery, Esquire                                       VIA ELECTRONIC MAIL
Ramey & Flock, P.C.
100 E. Ferguson, Suite 500
Tyler, TX 75702

Mark N. Reiter, Esquire                                          VIA ELECTRONIC MAIL
Jones Day
2727 North Harwood Street
Dallas, Texas 75201-1515

Jeffrey B. Plies, Esquire
Dewey Ballantine, L.L.P., Esquire
401 Congress Ave., Suite 3200
Austin, TX 78701-2478

VIA ELECTRONIC MAIL

David J. Levy, Esquire
Fulbright & Jaworsky, L.L.P.
1301 McKinney, Suite 5100
Houston, Texas 77010-3095

VIA ELECTRONIC MAIL

David L. Witcoff, Esquire
Jones Day
77 West Wacker Drive, Suite 3500
Chicago, IL 60601

VIA ELECTRONIC MAIL

Eric M. Albritton, Esquire
Albritton Law Firm
P.O. Box 2649
Longview, Texas 75606

VIA ELECTRONIC MAIL

Melvin R. Wilcox, Esquire
Wilson, Sheehy, Knowles, et al.
P.O. Box 7339
Tyler, Texas 75701

VIA ELECTRONIC MAIL

David J. Healey, Esquire
Weil, Gotshal & Manges LLP
700 Louisiana Street, Suite 1600
Houston, Texas 77002

VIA ELECTRONIC MAIL

Michael S. Dowler, Esquire
Howrey Simon Arnold & White, LLP
750 Bering Drive
Houston, TX 77057-2198

VIA ELECTRONIC MAIL

Otis W. Carroll, Jr., Esquire
Ireland Carroll & Kelley, PC
6101 S. Broadway, Suite 500
Tyler, TX 75703

VIA ELECTRONIC MAIL

Paul S. Francis, Esquire
Baker & Hostetler LLP
1000 Louisiana, Suite 2000
Houston, TX 77002

VIA ELECTRONIC MAIL

E. Glenn Thames, Jr., Esquire                          <u>VIA ELECTRONIC MAIL</u>
Potter Minton, A Professional Corporation
110 North College, Suite 500
Tyler, TX 75702

Shawn T. Leuthold, Esquire                             <u>VIA ELECTRONIC MAIL</u>
Law Offices of Shawn T. Leuthold
4122 Factoria Blvd. SE, Suite 408
Bellevue, WA 98006-5259




                                          _____
                                          Steven J. Balick


162418.1

# EXHIBIT A

**Issued by the**

# UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

American Video Graphics, L.P.,

     Plaintiff,

     v.

Microsoft Corporation,

     Defendant.

**SUBPOENA IN CIVIL CASE**

CASE NUMBER     6:05-CV-006-LED
                         6:04-CV-397-LED
                         6:04-CV-398-LED
                         6:04-CV-399-LED
                         2:05-CV-120-LED
                         2:05-CV-121-LED

Eastern District of Texas

TO:     Research Investment Network
         c/o The Corporate Trust
         Company
         Corporate Trust Center
         1209 Orange Street
         Wilmington, DE 19801

      YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | |
|  | DATE AND TIME |
|  | |

☒      YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.  **See Exhibit B**

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Research Investment Network<br>2355 Main Street, Suite 200<br>Irvine, CA 92614<br>(or at a place and time mutually agreed upon by the parties) | June 15, 2005<br>9:00 AM |

☒      YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects):  **See Exhibit A**

| PLACE | DATE AND TIME |
|---|---|
| Research Investment Network<br>2355 Main Street, Suite 200<br>Irvine, CA 92614<br>(or at a place and time mutually agreed upon by the parties) | June 3, 2005 |

☐      YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  | |

      Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]*<br>Attorney for MICROSOFT CORPORATION on behalf of Microsoft Corporation, Nintendo of America Inc., Sony Computer Entertainment America, Inc., ATI Technologies, Inc., NVIDIA Corporation, Intel Corporation, Fujitsu Computer Systems, Corp., Hewlett-Packard Co., Averatec Inc., Dell Inc., International Business | May 25, 2005 |

Machines Corp., Matsushita Electric Corporation of America, Sharp Electronics Corp., Twinhead Corp., Activision, Inc., Atari, Inc., Electronic Arts Inc., LucasArts, a division of Lucasfilm Entertainment Company, Ltd., Sega of America, Inc., THQ Inc., Take-Two Interactive Software, Inc., Ubisoft Inc., Vivendi Universal Interactive Publishing, Tecmo, Inc., Square Enix, Inc., Acer Inc., Acer America Corp., and MPC Computers LLC.

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

John M. Shumaker, Weil, Gotshal & Manges LLP, 700 Louisiana, Suite 1600, Houston, TX 77002 Telephone (713) 546-5000

See Rule 45, Federal Rules of Civil Procedure, Parts C & D on the next page)

# AFFIDAVIT OF PROCESS SERVER

## In The United States District Court for the District of Delaware

American Video Graphics, L.P.                                     Case No: 6:05-CV-006-LED
Plaintiff(s)

v

Microsoft Corporation
Defendant(s)

I declare that I am a citizen of the United States, over the age of eighteen and not a party to this action. And that within the boundaries of the state where service was effected, I was authorized to perform said service.

**Service:** I served Research Investment Network, whose true and complete name is Research Investment Network, Inc.

with the documents: Subpoena in a Civil Case; Witness Fee in the amount of $40.00; Notice of Deposition Duces Tecum; Exhibit A and B

**Person Served:** Brian Penrod of The Corporation Trust Company, Registered Agent

**Service Address:** The Corporation Trust Company, 1209 N. Orange St., Wilmington, Delaware 19801

**Date of Service:** May 26, 2005                          **Time of Service:** 8:50 a.m.

**Manner of Service:** (X) By personally delivering copies to the person/authorized agent of entity being served.
( ) By leaving, during office hours, copies at the office of the person/entity being served, leaving same with the person apparently in charge thereof
( ) By leaving copies at the dwelling house or usual place of abode of the person being served, with a member of the household 18 or older and explaining the general nature of the papers.
( ) By posting copies in a conspicuous manner to the address of the person/entity being served.

**Non-Service:** After due search, careful inquiry and diligent attempts at the address(es) listed above, I have been unable to effect process upon the person/entity being served because of the following reason(s):

( ) Unknown at address       ( ) Evading                    ( ) Moved, left no forwarding  ( ) Other
( ) Address does not exist    ( ) Service canceled by Litigant  ( ) Unable to serve in a timely fashion

**Service Attempts:** Service was attempted on _____ at _____, _____ at _____
_____ at _____, _____ at _____, _____ at _____.

**Description:** Age: 30's   Sex: M   Race: W   Hgt: 5'10"   Wgt: 180   Hair: Black   Glasses: No

I declare under penalty of perjury that the information contained herein is true and correct and this affidavit was executed on:

May 26, 2005        at   Wilmington,        Delaware
Date                      City                  State

                                                    Kimberly Stapleford, Process Server
State of Delaware                                   Delaware Attorney Services
County of New Castle                                2000 Pennsylvania Avenue, Suite 207
                                                    Wilmington, DE 19806 (302) 429-0657

Subscribed and sworn before me a Notary Public of the State of Delaware on May 26, 2005

Witness My Hand and Official Seal To

                                                    Kimberly J. Ryan, My Commission Expires 6/15/08
                                                    Notary Public, State of Delaware

                                                    KIMBERLY J. RYAN
                                                    NOTARY PUBLIC-DELAWARE
                                                    My Commission Expires June 15, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| AMERICAN VIDEO GRAPHICS, L.P., Plaintiff, | § | |
| | § | CIVIL ACTION NO. 6:04-CV-397-LED |
| v. | § | |
| HEWLETT-PACKARD CO., *et al.*, Defendants. | § | JURY TRIAL |
| | § | |

| | | |
|---|---|---|
| AMERICAN VIDEO GRAPHICS, L.P., Plaintiff | § | |
| | § | CIVIL ACTION NO. 6:04-CV-398-LED |
| v. | § | |
| ELECTRONIC ARTS, INC., et al., Defendants. | § | JURY TRIAL |
| | § | |

| | | |
|---|---|---|
| AMERICAN VIDEO GRAPHICS, L.P., Plaintiff | § | |
| | § | CIVIL ACTION NO. 6:04-CV-399-LED |
| v. | § | |
| SONY CORPORATION OF AMERICA, et al. | § | JURY TRIAL |
| Defendants. | § | |
| | § | |

| | | |
|---|---|---|
| AMERICAN VIDEO GRAPHICS, L.P., Plaintiff | § | CIVIL ACTION NO. 6:05-CV-006-LED |
| | § | |
| v. | § | JURY TRIAL |
| MICROSOFT CORPORATION, Defendant. | § | |
| | § | |

| | | |
|---|---|---|
| AMERICAN VIDEO GRAPHICS, L.P., Plaintiff | § | |
| | § | CIVIL ACTION NO. 2:05-CV120-LED |
| v. | § | |
| SONY CORPORATION ENTERTAINMENT | § | JURY TRIAL |
| AMERICA, et al., Defendants | § | |
| Defendants. | § | |
| | § | |

| | | |
|---|---|---|
| AMERICAN VIDEO GRAPHICS, L.P., Plaintiff, | § | |
| | § | CIVIL ACTION NO. 2:05-CV121-LED |
| v. | § | |
| HEWLETT-PACKARD CO., *et al.*, Defendants. | § | JURY TRIAL |
| | § | |

## NOTICE OF DEPOSITION
## DUCES TECUM OF RESEARCH INVESMENT NETWORK

PLEASE TAKE NOTICE that, pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure, Microsoft Corporation, Nintendo of America Inc., Sony Computer Entertainment America, Inc., ATI Technologies, Inc., NVIDIA Corporation, Intel Corporation, Fujitsu Computer Systems, Corp., Hewlett-Packard Co., Averatec Inc., Dell Inc., International Business Machines Corp., Matsushita Electric Corporation of America, Sharp Electronics Corp., Twinhead Corp., Activision, Inc., Atari, Inc.; Electronic Arts Inc., LucasArts, a division of Lucasfilm Entertainment Company, Ltd., Sega of America, Inc., THQ Inc., Take-Two Interactive Software, Inc., Ubisoft Inc., Vivendi Universal Interactive Publishing, Tecmo, Inc., Square Enix, Inc., Acer Inc., Acer America Corp., and MPC Computers, LLC, will take the deposition of Research Investment Network ("RIN") at the offices of Research Investment Network, located at 2355 Main Street, Suite 200, Irvine, California, 92614, commencing at 9:00 a.m. on June 15, 2005 (or such other time and place as may be agreed upon by counsel). The deposition will continue from day to day until completed. The deposition will be taken for the purposes of discovery, for use at trial or hearings, and for any other purpose permitted under the orders of the presiding Court and the Federal Rules of Civil Procedure. Some or all of the deposition testimony may be recorded by stenographic, audio, audiovisual, video, and/or real-time computer means. Pursuant to Rule 30(b)(6), Federal Rule of Civil Procedure, RIN is obligated to designate one or more officers, directors, or managing agents or other persons who consent to testify on its behalf concerning the matters set forth in Exhibit B, attached hereto and incorporated by reference. No later than five business days prior to the deposition, RIN is requested to set forth in writing, sent to the

**NOTICE OF DEPOSITION DUCES TECUM OF RIN – PAGE 2**

undersigned, the identity of each witness that will testify in response to this notice and

matters on which the person will testify.

Pursuant to Rules 30(b)(1) and 45 of the Federal Rules of Civil Procedure,

Microsoft has served RIN with a subpoena duces tecum that requests RIN to produce by

June 3, 2005, the documents described in Exhibit A, attached hereto and incorporated

herein by reference.


Dated: May 25, 2005

*Rowena Young (by John Shumaker w/permission)*    *David J Healey (by John Shumaker w/permission)*

Kai Tseng (CA State Bar No. 193756)        David J. Healey

Rowena Young (CA State Bar No. 196317)    Attorney-In-Charge

ORRICK, HERRINGTON & SUTCLIFFE    State Bar No. 09327980

LLP                                WEIL GOTSHAL & MANGES, LLP

1000 Marsh Road                 700 Louisiana, Suite 1600

Menlo Park, CA 94025           Houston, Texas 77002

(650) 614-7400 (phone)          713-546-5000 (Telephone)

(650) 614-7401 (facsimile)        713-224-9511 (Facsimile)

ktseng@orrick.com               david.healey@weil.com

ryoung@orrick.com

(*pro hac vice*)                   Matthew D. Powers

                           WEIL, GOTSHAL & MANGES LLP

Scott E. Stevens                201 Redwood Shores Parkway

Texas State Bar No. 00792024      Redwood Shores, CA 94065

STEVENS LAW FIRM           650-802-3000 (Telephone)

P.O. Box 807                  650-802-3100 (Facsimile)

Longview, Texas 75606

(903) 753-6760 (phone)         Timothy E. DeMasi

(903) 753-6761 (facsimile)        WEIL, GOTSHAL & MANGES, L.L.P.

scott@seslawfirm.com           767 Fifth Avenue

**ATTORNEYS FOR DEFENDANT**  New York, NY 10153-0119

**ACER AMERICA CORP.**       212-310-8000 (Telephone)

                           212-310-8007 (Facsimile)


                           Michael Jones

                           POTTER MINTON P.C.

                           110 North College

                           500 Plaza Tower

                           Tyler, Texas 75702

                           903-597-8311 (Telephone)

                           903-593-0846 (Facsimile)

                           **ATTORNEYS FOR DEFENDANT**

                           **MICROSOFT CORPORATION**

*David Weaver (by John Shumaker w/ permission)*

VINSON & ELKINS LLP
David B. Weaver
Michael J. Smith
2801 Via Fortuna, Suite 100
Austin, Texas 78746-7568
Tel 512.542.8651
Fax 512.236.3476
**ATTORNEYS FOR TECMO, INC.**

*M. Craig Tyler (by John Shumaker / w/ permission)*

WILSON SONSINI GOODRICH &
ROSATI
M. Craig Tyler
Manuel Calderon
8911 Capital of Texas Highway North,
Westech 360, Suite 3350
Austin, TX 78759
512.338.5400
512.338.5499 (Fax)
**ATTORNEYS FOR SQUARE ENIX**

*Wayne M Barsky (by John Shumaker w/ permission)*

GIBSON, DUNN & CRUTCHER, LLP
Wayne M. Barsky
David A. Segal
Y. Ernest Hsin
2029 Century Park East, Suite 4000
Los Angeles, CA 90067
(310) 552-8500
(310) 551-8741 (facsimile)
**ATTORNEYS FOR ACTIVISION,
INC.; ATARI, INC.; ELECTRONIC
ARTS INC.; LUCASARTS, A
DIVISION OF LUCASFILM
ENTERTAINMENT COMPANY,
LTD.; SEGA OF AMERICA, INC.;
THQ INC.; TAKE-TWO
INTERACTIVE SOFTWARE, INC.;
UBISOFT INC.; AND VIVENDI
UNIVERSAL INTERACTIVE
PUBLISHING**

*V Bryan Medlock (by John Shumaker w/ permission)*

SIDLEY AUSTIN BROWN & WOOD
LLP
V. Bryan Medlock, Jr., Attorney-In-Charge
Texas State Bar No. 13897000
Thomas N. Tarnay
Texas State Bar No. 24003032
Scott W. Hejny
Texas State Bar No. 24038952
Catherine I. Rajwani
Texas State Bar No. 24034641
717 North Harwood, Suite 3400
Dallas, Texas 75201
Telephone: 214-981-3300
Facsimile: 214-981-3400
**ATTORNEYS FOR ATI
TECHNOLOGIES INC.**

*E. Glenn Thames, Jr. (by John Shumaker w/ permission)*

E. Glenn Thames, Jr.
State Bar No. 00785097
glennthames@potterminton.com
POTTER MINTON
A Professional Corporation
110 North College, Suite 500
Tyler, Texas 75702
(903) 597-8311
(903) 593-0846 (facsimile)

Daniel S. Mount, Esq.
dmount@mount.com
Alfredo A. Bismonte, Esq.
abismonte@mount.com

*Melvin R Wilcox III (by John Shumaker w/ permission)*

Melvin R. Wilcox, III
Attorney-in-Charge
State Bar No. 21454800
WILSON, SHEEHY, KNOWLES,
ROBERTSON & CORNELIUS, P.C.
909 ESE Loop 323, Suite 400
Tyler, Texas 75701
Phone: (903) 509-5000
Fax: (903) 509-5091

John Flock
Lewis V. Popovski
KENYON & KENYON
One Broadway

**NOTICE OF DEPOSITION DUCES TECUM OF RIN – PAGE 4**

Daniel H. Fingerman, Esq.
dfingerman@mount.com
MOUNT & STOELKER, P.C.
333 West San Carlos, 17th Floor
San Jose, California 95110-2740
Telephone: (408) 279-7000
Facsimile: (408) 998-1473
(pro hac vice)
**ATTORNEYS FOR DEFENDANT
TWINHEAD CORP.**

New York, NY 10004-1050
**ATTORNEYS FOR DEFENDANT
SONY COMPUTER
ENTERTAINMENT
AMERICA INC.**

*Melvin R Wilcox (by John Shunicka w/ permission)*

WILSON, SHEEHY, KNOWLES,
ROBERTSON & CORNELIUS, PC
Melvin R. Wilcox, Esq., Attorney-in-
Charge
State Bar No. 21454800
909 ESE Loop 323,
Suite 400
Tyler, Texas 75670
(903) 509-5000 (Phone)
(903) 509-5091 (Facsimile)

Of Counsel:
Robert W. Adams
U. S. (Mickey) Gill
Nixon & Vanderhye, P.C.
1100 Glebe Road
Arlington, VA 22201
(703) 816-4000 (Phone)
(703) 816-4100 (Facsimile)
**ATTORNEYS FOR SHARP
ELECTRONICS CORPORATION**

*Thomas J Friel (by John Shunicka w/ permission)*

COOLEY GODWARD LLP
Thomas J. Friel, Jr.
Attorney in Charge
3000 El Camino Real
Palo Alto, California 94306
Telephone: (650) 843-5000
Facsimile: (650) 857-0663
tfriel@cooley.com

Timothy S. Teter
3000 El Camino Real
Five Palo Alto Square
Palo Alto, California 94306
Telephone: (650) 843-5000
Facsimile: (650) 857-0663
tteter@cooley.com

NIXON & VANDERHYE, P.C.
Robert W. Faris
1100 North Glebe Road, 8th Floor
Arlington, VA 22201-4714
Telephone: (703) 816-4000
Facsimile: (703) 816-4100
rwf@nixonvan.com

Michael J. Shea
1100 North Glebe Road, 8th Floor
Arlington, VA 22201-4714
Telephone: (703) 816-4000
Facsimile: (703) 816-4100
mjs@nixonvan.com
**ATTORNEYS FOR DEFENDANT
NINTENDO OF AMERICA INC.**

**NOTICE OF DEPOSITION DUCES TECUM OF RIN – PAGE 5**

*Melissa Richards Smith (by John Shuncker )*  
*Marc J Pernick (by John Shuncker w/permission)*

Melissa Richards Smith *(w/permission)*  
Texas State Bar No. 24001351  
GILLAM & SMITH, LLP  
110 S. Bolivar, Suite 204  
Marshall, Texas 75670  
Telephone: (903) 934-8450  
Facsimile: (903) 934-9257  

Of Counsel:  
Ruffin B. Cordell  
Texas State Bar No. 04820550  
Linda Liu Kordziel (admitted pro hac)  
FISH & RICHARDSON P.C.  
1425 K Street, N.W., 11th Floor  
Washington, D.C. 20005  
Telephone: (202) 783-5070  
Facsimile: (202) 783-2331  

John W. Thornburgh (admitted pro hac)  
Seth M. Sproul (admitted pro hac)  
FISH & RICHARDSON P.C.  
12390 El Camino Real  
San Diego, CA 92130  
Telephone: (858) 678-5070  
Facsimile: (858) 678-5099  

Thomas M. Melsheimer (Bar No.13922550)  
Ritch Roberts (Bar No.24041794)  
FISH & RICHARDSON P.C.  
5000 Bank One Center  
1717 Main Street  
Dallas, Texas 75201  
Telephone:  (214) 747-5070  
Facsimile:  (214) 747-2091  
**COUNSEL FOR DEFENDANT INTEL CORPORATION**

KARL J. KRAMER (CA Bar No. 136433)  
MARC J. PERNICK (CA Bar No. 160591)  
MORRISON & FOERSTER, L.L.P.  
755 Page Mill Road  
Palo Alto, California 93404-1018  
Tel: (650) 813-5775  
Fax: (650) 494-0792  
Email: kkramer@mofo.com  
*(pro hac vice)*  

ANDY TINDEL  
Texas Bar No. 20054500  
PROVOSTPSMPHREY LAW FIRM, L.L.P.  
112 E. Line Street, Suite 304  
Tyler, Texas 75702  
Tel: (903) 596-0900  
Fax: (903) 596-0909  
Email: atindel@andytindel.com  
**ATTORNEYS FOR DEFENDANT FUJITSU COMPUTER SYSTEMS CORP.**

**NOTICE OF DEPOSITION DUCES TECUM OF RIN – PAGE 6**

_Otis W Carroll Jr (by John Sumaker_ (by permission)
Otis W. Carroll, Jr.
Texas State Bar No. 03895700
Wesley Hill
Texas State Bar No. 24032294
Collin Michael Maloney
Texas State Bar No. 00794219
IRELAND CARROLL & KELLEY, PC
6101 S. Broadway, Suite 500
Tyler, TX 75703
Tel:  (903) 561-1600
Fax:  (903) 581-1071

Daniel J. Furniss
William J. Bohler
Joseph A. Greco
Robert J. Artuz
TOWNSEND AND TOWNSEND AND
CREW LLP
379 Lytton Ave.
Palo Alto, CA 94301
Tel:  (650) 326-2400
Fax:  (650) 326-2422

Richard B. Domingo
William L. McGrath
Stephen H. Pettigrew
NVIDIA CORPORATION
2701 San Tomas Expressway
Santa Clara, CA 95050
Tel:  (408) 566-6481
Fax:  (408) 566-6981
**ATTORNEYS FOR INTERVENOR
NVIDIA CORPORATION**

_Danny Williams (by John Sumaker_ w/ permission)
Danny Williams
Texas State Bar No. 21518050
Williams, Morgan & Amerson, P.C.
10333 Richmond Ave., Suite 1100
Houston, TX 77042
713-934-7000
Dwilliams@wmalaw.com

Of Counsel:
David J. Levy
Texas Bar No. 12264850
FULBRIGHT & JAWORSKI L.L.P.
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Telephone: (713) 651-5151
Facsimile: (713) 651-5246
dlevy@fulbright.com

Rick L. Rambo
Texas Bar No. 00791479
FULBRIGHT & JAWORSKI L.L.P.
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Telephone: (713) 651-5151
Facsimile: (713) 651-5246
rambo@fulbright.com

David D. Bahler
Texas Bar No. 01513100
FULBRIGHT & JAWORSKI L.L.P.
600 Congress Ave., Suite 2400
Austin, Texas 78701
Telephone: (512) 536-3005
Facsimile: (512) 536-4598
dbahler@fulbright.com

Thomas John Ward, Jr.
Texas Bar No. 00794818
Law Office of T. John Ward Jr. PC
Post Office Box 1231
109 West Tyler 75601
Longview, TX 75606-1231
Telephone: (903) 757-6400
Facsimile: (903) 758-7397
jw@jwfirm.com

Jennifer P. Ainsworth,

State Bar No. 00784720
WILSON, SHEEHY, KNOWLES,
ROBERTSON & CORNELIUS, P.C.
909 ESE Loop 323, Suite 400
P.O. Box 7339 [75711]
Tyler, Texas 75701
Telephone No. (903) 509-5000
Telecopier No. (903) 509-5092
**ATTORNEYS FOR DEFENDANT
HEWLETT-PACKARD CO.**

_Elizabeth F. Bernhardt (by John Shuncker_
_w/ permission)_

Elizabeth F. Bernhardt
COHEN & GRESSER LLP
100 Park Avenue
23rd Floor
New York, New York 10017
(212) 957-7564 (phone)
(212) 957-4514 (fax)
**ATTORNEYS FOR DEFENDANT
AVERATEC**

_Michael J. Kasdan (by John Shuncker_
_w/permission)_

Michael J. Kasdan
AMSTER, ROTHSTEIN & EBENSTEIN
LLP
90 Park Avenue
New York, NY 10016
t- (212) 336-8105
f- (212) 336-8001
email - mkasdan@arelaw.com
**MATSUSHITA ELECTRIC
CORPORATION OF AMERICA.**

*Mark N. Reiter (by John Shumaker w/ permission)*

Mark N. Reiter, Esq.
Texas State Bar No. 16759900
Daniel T. Conrad
Texas State Bar No. 24026608
Jones Day
2727 North Harwood Street
Dallas, Texas 75201-1515
Tel: (214) 220-3939
Fax: (214) 969-5100

David L. Witcoff, Esq.
Jones Day
77 West Wacker Dr., Suite 3500
Chicago, IL 60601
Tel: (312) 782-3939
Fax: (313) 782-8585
**ATTORNEYS FOR DEFENDANT
DELL INC.**

*David L. Witcoff (by John Shumaker w/ permission)*

David L. Witcoff
Jones Day
77 West Wacker Dr., Suite 3500
Chicago, IL 60601
Tel: (312) 782-3939
Fax: (312) 782-8585

Mark N. Reiter
Texas State Bar No. 16759900
Daniel T. Conrad
Texas State Bar No. 24026608
Thomas R. Jackson
Texas State Bar No. 10496700
Jones Day
2727 North Harwood Street
Dallas, Texas 75201-1515
Tel: (214) 220-3939
Fax: (214) 969-5100

Eric M. Albritton
Texas State Bar No. 00790215
Albritton Law Firm
P.O. Box 2649
Longview, Texas 75606
Tel: (903) 757-8449
Fax: (903) 758-7397
**ATTORNEYS FOR DEFENDANT
INTERNATIONAL BUSINESS
MACHINES CORPORATION**

*Michael S Dowler (by John Shumaker w/ permission)*

Michael S. Dowler
Attorney-in-Charge
Texas State Bar No. 00783979
dowlerm@howrey.com
Henry A. Petri, Jr.
Texas State Bar No. 15850600
petrih@howrey.com
HOWREY SIMON ARNOLD & WHITE, LLP
750 Bering Drive
Houston, TX 77057-2198
Telephone: 713.787.1400
Facsimile: 713.787.1440
**ATTORNEYS FOR DEFENDANT
MPC COMPUTERS, LLC**

**NOTICE OF DEPOSITION DUCES TECUM OF RIN – PAGE 9**

## CERTIFICATE OF SERVICE

    This is to certify that a true and correct copy of this document has been served on all counsel of record via electronic mail on this the 25th day of May, 2005.


John Shumaker

## DEFINITIONS

1.      The terms "Document" and "Documents" are used in their customarily
broad sense pursuant to Federal Rules of Civil Procedure 26 and 34 and includes, without
limitation, the following items, whether handwritten, printed, recorded, filmed or
produced by any other mechanical or electronic process, including computer tapes, disks,
ROM, CD-ROM or any other data storage media (whether or not in machine-readable
form), whether or not asserted to be privileged or immune from discovery and whether
master or original copy:  agreements; communications (including intra-company
communications and communications between individual corporate respondents);
correspondence; cablegrams, radiograms, telegrams, telexes, and telecopies; notes and
memoranda, summaries and minutes of conferences; summaries and records of personal
conversations or interviews; books, manuals, publications, brochures and diaries; time
logs, daily planners, and log books; laboratory and engineering reports and notebooks;
specifications or bills of materials; charts; plans; sketches; diagrams and drawings;
blueprints and other engineering drawings; foils, slides, negatives; promotional
proposals; photographs; reports and/or summaries of investigations; opinions and reports
of consultants; patents, design registrations, and applications for any of them; patent
appraisals and patentability or validity searches and studies; opinions of counsel; sales
records, including purchase orders and invoices; reports and summaries of negotiations;
pamphlets; catalogs and catalog sheets; advertisements; circulars; trade letters; press,
publicity, trade and product releases; translations; drafts of, or original, preliminary notes
or marginal notations appearing on any document; other reports and records; computer
tapes or cards, electronic mail and any other information-containing paper or medium.  A
draft or non-identical copy is a separate document within the meaning of this term.

2.      The terms "Thing" and "Things" mean any tangible item, including
without limitation, models, molds, prototypes, software disks, hard disks, floppy disks,

CD ROMs, DVDs, video or audio tapes, back-up tapes or disks, electronic data base files, electronic files, computer programs and samples of any device, apparatus or program.

3.    "Communication" and "Communications" are used here in their broadest sense and include any communication, whether written or oral, including telephone communications, email communications, written correspondence, and in-person conversations.

4.    "File" and "Files" mean any collection or gathering together of Documents in a folder, box, or other cover or container for purposes of keeping, organizing, or storing same.

5.    "Person" shall mean (a) natural persons (also referred to as individuals); (b) legal entities, including without limitation, corporations, partnerships, firms, associations, professional corporations, and proprietorships; and (c) governmental bodies or agencies. Any subject matter or request involving a corporation or any other entity also refers to its agents, employees, representatives, and attorneys.

6.    The terms "Refer or Relate to," "Refers or Relates to," "Referring  or Relating to," "Regard," "Regards," "Regarding," "Concern," "Concerns," "Concerning" or "Pertaining to" include, without limitation, concerning, alluding to, responding to, connected with, referring to, relating to, pertaining to, commenting on, regarding, explaining, supporting, discussing, summarizing, demonstrating, showing, studying, describing, considering, reflecting, analyzing, constituting, containing, embodying, mentioning, evidencing, identifying, resulting from, or setting forth.

7.    The terms "AVG," and "plaintiff," shall mean American Video Graphics LP, and its respective members and member organizations, including persons or entities who are members thereof; other partnerships, joint ventures, or other organizations or entities of which AVG is a member, agent, representative, or is otherwise involved; all of AVG's predecessors-in-interest and successors-in-interest; the present and former partners, officers, directors, trustees, employees, staff members, agents, and counsel of AVG; and any other representative or person acting on behalf of AVG.

**NOTICE OF DEPOSITION DUCES TECUM OF RIN – PAGE 12**

8. The terms "Defendants" shall mean the defendants and intervenors named in the above-referenced cases and their respective divisions, subsidiaries, officers, directors, trustees, employees, staff members, agents, counsel and other representatives.

9. "Third Party" shall mean a Person other than a Defendant or AVG.

10. The term "Identify," when used with reference to:

(a) an individual person, means to state his full name, present or last known employer, job title, present or last known residence address and residence telephone number, and present or last known business addresses and business telephone number, and any other information which would establish his/her relationship to you.

(b) a business entity, means to state the full name and address of the entity and the names and positions of the individual or individuals connected with such entity who have knowledge of the information requested;

(c) a Document, means to state the type of Document (letter, memorandum, etc.), the date of the document, author(s) or originator(s), addressee(s), all individuals who received copies of the document, the identity of Persons known or presumed by you to have present possession, custody or control thereof, and a brief description of the subject matter and present location. The foregoing is unnecessary if the Document is produced to Intel. If the document has already been produced, "Identify" means to provide the production number of the Document.

(d) an article or product, means to state the produce number, model number, serial number, type number or other information sufficient to identify it; and

(e) a communication, means to state the date of the Communication, the type of Communication (telephone conversation, meeting, etc.), the place or places where the Communication occurred, the identity of the Person who made the Communication, the identity of the Person(s) who received the

NOTICE OF DEPOSITION DUCES TECUM OF RIN – PAGE 13

Communication and each Person present when it was made or received, and the subject matter discussed.

11.     The use of the singular shall be deemed to include the plural, and the use of one gender shall include the other as are appropriate in the context.

12.     The term "or" and "and" mean "and/or" in any request, where the meaning would have an effect of bringing additional documents or the identities of additional Persons, business entities, articles or products, or communications within the scope of a request.

13.     "The '185 Patent" means United States Patent No. 4,730,185.

14.     "The '670 Patent" means United States Patent No. 5,132,670.

15.     "The '520 Patent" means United States Patent No. 5,109,520.

16.     "The '474 Patent" means United States Patent No. 4,742,474.

17.     "The '642 Patent" means United States Patent No. 4,761,642.

18.     "The '286 Patent" means United States Patent No. 4,694,286.

19.     "The '690 Patent" means United States Patent No. 4,734,690.

20.     "The '830 Patent" means United States Patent No. 5,084,830.

21.     The "Patents-in-Suit" means the '642 Patent, the '286 Patent, the '185 Patent, the '670 Patent, the '520 Patent, the '474 Patent, the '690 Patent, the '830 Patent, and any foreign patent or patent application claiming priority to any one of the '642, '286, '185, '670, '520, '474, '690, and '830 Patents.

22.     The term "Inventors" shall mean Gar A. Bergstedt and Gregory G. Huntzinger, Richard A. Springer, Pavel Houda, Rodney B. Belshee, David L. Knierim, Merlin R. Miller, William G. Waller, Douglas Doornink and John C. Dalrymple.

23.     The term "Discovision Associates," and "Discovision" shall mean Discovision Associates, and its respective members and member organizations, including persons or entities who are members thereof; other partnerships, joint ventures, or other organizations or entities of which Discovision is a member, agent, representative, or is otherwise involved; all of Discovision's predecessors-in-interest and successors-in-

interest; the present and former partners, officers, directors, trustees, employees, staff members, agents, and counsel of Discovision; and any other representative or person acting on behalf of Discovision.

24.    The term "Reston Pointe LLC" shall mean Reston Pointe LLC, and its respective members and member organizations, including persons or entities who are members thereof; other partnerships, joint ventures, or other organizations or entities of which Reston Pointe LLC is a member, agent, representative, or is otherwise involved; all of Reston Pointe LLC's predecessors-in-interest and successors-in-interest; the present and former partners, officers, directors, trustees, employees, staff members, agents, and counsel of Reston Pointe LLC; and any other representative or person acting on behalf of Reston Pointe LLC.

25.    The term "Tektronix" shall mean Tektronix, Inc., and its respective members and member organizations, including persons or entities who are members thereof; other partnerships, joint ventures, or other organizations or entities of which Tektronix is a member, agent, representative, or is otherwise involved; all of Tektronix's predecessors-in-interest and successors-in-interest; the present and former partners, officers, directors, trustees, employees, staff members, agents, and counsel of Tektronix's; and any other representative or person acting on behalf of Tektronix.

26.    The term "Pioneer" shall mean Pioneer Corporation, and its respective members and member organizations, including persons or entities who are members thereof; other partnerships, joint ventures, or other organizations or entities of which Pioneer is a member, agent, representative, or is otherwise involved; all of Pioneer's predecessors-in-interest and successors-in-interest; the present and former partners, officers, directors, trustees, employees, staff members, agents, and counsel of Pioneer's; and any other representative or person acting on behalf of Pioneer.

27.    The terms "Grass Valley Group" and "Grass Valley" shall mean Grass Valley Group, Inc. ("Grass Valley"), and its respective members and member organizations, including persons or entities who are members thereof; other partnerships,

joint ventures, or other organizations or entities of which Grass Valley Group is a member, agent, representative, or is otherwise involved; all of Grass Valley Group's predecessors-in-interest and successors-in-interest; the present and former partners, officers, directors, trustees, employees, staff members, agents, and counsel of Grass Valley Group's; and any other representative or person acting on behalf of Grass Valley Group.

28. The terms "You", "Your", "RIN", or "Research Investment Network" shall mean Research Investment Network and its respective members and member organizations, including persons or entities who are members thereof; other partnerships, joint ventures, or other organizations or entities of which RIN is a member, agent, representative, or is otherwise involved; all of RIN's predecessors-in-interest and successors-in-interest; the present and former partners, officers, directors, trustees, employees, staff members, agents, and counsel of RIN; and any other representative or person acting on behalf of RIN.

## INSTRUCTIONS

1.      In producing Documents, furnish all Documents known or available to You regardless of whether such Documents are possessed directly by You, or by any parent, subsidiary or affiliated corporation, or by any of Your officers, officials, directors, employees, agents, representatives, or attorneys, as well as any other Documents in Your custody or control.

2.      Electronic documents must be produced in their native forms (e.g., electronic documents must be produced electronically).  Electronic records and computerized information must be produced in an intelligible format or together with a description of the system from which it was derived sufficient to permit rendering the materials intelligible.

3.      File folders with tabs or labels identifying Documents called for by these document requests must be produced intact with such Documents.

4.      The selection of Documents from the files and other sources and the numbering of such Documents shall be performed in such a manner as to ensure that the source of each Document may be determined, if necessary.

5.      Should You seek to withhold any Document based on some limitation of discovery (including but not limited to a claim of privilege), it must supply a list of the Documents for which limitation of discovery is claimed, indicating:

   a.  The identity of each Document's author(s), writer(s), sender(s), or initiator(s);

   b.  The identity(ies) of each Document's recipient(s), addressee(s), or party(ies) for whom it was intended;

   c.  The date of creation or transmittal indicated on each Document, or an estimate of that date, indicated as such, if no date appears on the Document;

     d.   The general subject matter as described on each Document, or, if no such description appears, then some other description sufficient to identify the Document; and

     e.   The claimed ground(s) for limitation of discovery (e.g., "attorney-client privilege" or "work product privilege").

6.     If any Document responsive to any of the following requests is believed by you to be subject to confidentiality obligations owed to you by a Third Party, identify the Document, and identify the Third Party to whom you owe an obligation of confidentiality with respect to that document.

7.     If a request is silent as to the time period for which a response is sought, please respond by providing all information, regardless of time.

8.     All Documents produced will be subject to the attached protective order entered in the above-captioned action, pending in the United States District Court for the Eastern District of Texas.

9.     The definition of each defined term herein shall be used regardless of whether or not the term is capitalized.

**EXHIBIT A**
**REQUESTS FOR PRODUCTION**

1.    All Documents Concerning the Patents-in-Suit, including any analyses or interpretation of any of the claims of the Patents-in-Suit.

2.    All Documents Concerning the inventors of the Patents-in-Suit.

3.    All Documents Concerning Conception and actual reduction to practice of the subject matter, including any embodiments, described or claimed in the Patents-in-Suit.

4.    All Documents Concerning the filing and prosecution of applications that ultimately issued as, or are otherwise related to, the Patents-in-Suit, including the identities of each person associated with the filing and prosecution of each of the Patents-in-Suit.

5.    All Documents Concerning the filing and prosecution of any foreign applications corresponding to the Patents-in-Suit, including any patents issued from those applications.

6.    All Documents Concerning attempted and actual assignment, acquisition, ownership, licensing, covenants not to sue or enforce, or disposition of the Patents-in-Suit, including related negotiations, the reasons for the assignments, acquisition, ownership, license, covenants not to sue or enforce, or disposition, the determination of the price at which to assign, acquire, license, or dispose of the Patents-in-Suit, and RIN's rights in the Patents-in-Suit.

7.    All Documents Concerning valuations of the Patents-in-Suit at any time, including royalty projections.

8.    All Documents Concerning validity of the Patents-in-Suit, including any validity searches concerning the patents, any references identified as potentially

invalidating prior art, any prior art concerning the subject matter disclosed in the patents, and any communications concerning validity of the patents.

9.   All Documents Concerning alleged or actual infringement of any of the claims of the Patents-in-Suit, including any analysis of such infringement and any communications concerning such infringement.

10.   All Documents Concerning any analysis of any product of any Defendant, and any decision concerning whether to sue any Defendant for infringement of the Patents-in-Suit.

11.   All Documents Concerning attempted and actual enforcement of the Patents-in-Suit, including any litigation and any notice of the Patents-in-Suit to any Defendant or third party.

12.   All Documents Concerning the identity, development, sale, offer for sale, marketing, and marking pursuant to 35 U.S.C. § 287 of products that purportedly embody subject matter described or claimed in the Patents-in-Suit, including products manufactured by or for Tektronix, AVG, Discovision, RIN or licensees thereof.

13.   All Documents Concerning Communications between RIN and any other individual or entity, including AVG, Tektronix, Discovision, Pioneer, Reston Pointe LLC, David White, Laurence Marhoefer, Ken Masaki, Eric Dowling, Jake Richter, Bob Westerlund, Graphics Software Systems, Grass Valley Group, Insight in Action, Hewlett Packard, Microsoft, Intel, Fujitsu, any Defendant, any Third Party, or McKool Smith, P.C. (or any of its partners, attorneys, agents, or employees) regarding the Patents-in-Suit, any Defendant, AVG, or the above-captioned litigation.

14.   All Documents Concerning RIN's relationship with Tektronix, Discovision, Pioneer, Reston Pointe LLC, David White, Laurence Marhoefer, Ken Masaki, Hewlett Packard, Eric Dowling, Jake Richter, Bob Westerlund, Grass Valley Group, and McKool

**NOTICE OF DEPOSITION DUCES TECUM OF RIN – PAGE 20**

Smith, P.C. (or any of its partners, attorneys, agents, or employees), including any

interest in any recovery for infringement of the Patents-in-Suit.

**EXHIBIT B**
**MATTERS ON WHICH EXAMINATION IS REQUESTED**

1.      The Patents-in-Suit, including any analyses or interpretation of any of the claims of the Patents-in-Suit.

2.      The inventors of the Patents-in-Suit.

3.      Conception and actual reduction to practice of the subject matter, including any embodiments, described or claimed in the Patents-in-Suit and the relationship between the inventors of the Patents-in-Suit and the Patents-in-Suit.

4.      The filing and prosecution of applications that ultimately issued as, or are otherwise related to, the Patents-in-Suit, including the identities of each person associated with the filing and prosecution of each of the Patents-in-Suit.

5.      The filing and prosecution of any foreign applications corresponding to the Patents-in-Suit, including any patents issued from those applications.

6.      Attempted and actual assignment, acquisition, ownership, licensing, covenants not to sue or enforce, or disposition of the Patents-in-Suit, including related negotiations, the reasons for the assignments, acquisition, ownership, license, covenants not to sue or enforce, or disposition, the determination of the price at which to assign, acquire, license, or dispose of the Patents-in-Suit, and RIN's rights in the Patents-in-Suit.

7.      Valuations of the Patents-in-Suit at any time, including royalty projections.

8.      Validity of the Patents-in-Suit, including any validity searches concerning the patents, any references identified as potentially invalidating prior art, any prior art concerning the subject matter disclosed in the patents, and any communications concerning validity of the patents.

9.    Alleged or actual infringement of any of the claims of the Patents-in-Suit, including any analysis of such infringement and any communications concerning such infringement.

10.    Any analysis of any product of any Defendant, and any decision concerning whether to sue any Defendant for infringement of the Patents-in-Suit.

11.    Attempted and actual enforcement of the Patents-in-Suit, including any litigation and any notice of the Patents-in-Suit to any Defendant or third party.

12.    The identity, development, sale, offer for sale, marketing, and marking pursuant to 35 U.S.C. § 287 of products that purportedly embody subject matter described or claimed in the Patents-in-Suit, including products manufactured by or for Tektronix, AVG, Discovision, RIN or licensees thereof.

13.    Communications between RIN and any other individual or entity, including AVG, Tektronix, Discovision, Pioneer, Reston Pointe LLC, David White, Laurence Marhoefer, Ken Masaki, Eric Dowling, Jake Richter, Bob Westerlund, Graphics Software Systems, Grass Valley Group, Insight in Action, Hewlett Packard, Microsoft, Intel, Fujitsu, any Defendant, any Third Party, or McKool Smith, P.C. (or any of its partners, attorneys, agents, or employees) regarding the Patents-in-Suit, any Defendant, AVG, or the above-captioned litigation.

14.    RIN's relationship with Tektronix, Discovision, Pioneer, Reston Pointe LLC, David White, Laurence Marhoefer, Ken Masaki, Hewlett Packard, Eric Dowling, Jake Richter, Bob Westerlund, Grass Valley Group, and McKool Smith, P.C. (or any of its partners, attorneys, agents, or employees), including any interest in any recovery for infringement of the Patents-in-Suit.

15.    The creation, maintenance and authenticity of the documents produced in response to this subpoena, including any Communication concerning RIN's production of

**NOTICE OF DEPOSITION DUCES TECUM OF RIN – PAGE 23**

documents in response to the subpoena *duces tecum*, as requested in Exhibit A, including knowledge of the manner in which the documents produced were created and kept.

16.    The legal and factual basis for any privilege or obligation of confidentiality and the basis for which You have refused to produce any Document requested by document requests requested in Exhibit A.

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of October, 2005, the attached **MOTION TO COMPEL** was served upon the below-named counsel of record at the address and in the manner indicated:

Ronald P. Oines, Esquire                      VIA ELECTRONIC MAIL
Rutan & Tucker
611 Anton Blvd., 14th Floor
Costa Mesa, CA  92628-1931

Sam Baxter, Esquire                           VIA ELECTRONIC MAIL
McKool Smith, P.C.
505 E. Travis, Suite 105
Marshall, Texas 75670

Harry L. Gillam Jr., Esquire                  VIA ELECTRONIC MAIL
Gillam & Smith, LLP
110 S. Bolivar, Suite 204
Marshall, Texas 75670

Scott E. Stevens, Esquire                     VIA ELECTRONIC MAIL
Stevens Law Firm
P.O. Box 807
Longview, TX 75606

V. Bryan Medlock, Jr., Esquire                VIA ELECTRONIC MAIL
Sidley Austin Brown & Wood LLP
717 N. Harwood, Suite 3400
Dallas, TX 75201

Ronald S. Vickery, Esquire                    VIA ELECTRONIC MAIL
Ramey & Flock, P.C.
100 E. Ferguson, Suite 500
Tyler, TX 75702

Mark N. Reiter, Esquire                       VIA ELECTRONIC MAIL
Jones Day
2727 North Harwood Street
Dallas, Texas 75201-1515

Jeffrey B. Plies, Esquire                                   VIA ELECTRONIC MAIL
Dewey Ballantine, L.L.P., Esquire
401 Congress Ave., Suite 3200
Austin, TX 78701-2478

David J. Levy, Esquire                                      VIA ELECTRONIC MAIL
Fulbright & Jaworsky, L.L.P.
1301 McKinney, Suite 5100
Houston, Texas 77010-3095

David L. Witcoff, Esquire                                   VIA ELECTRONIC MAIL
Jones Day
77 West Wacker Drive, Suite 3500
Chicago, IL  60601

Eric M. Albritton, Esquire                                  VIA ELECTRONIC MAIL
Albritton Law Firm
P.O. Box 2649
Longview, Texas 75606

Melvin R. Wilcox, Esquire                                   VIA ELECTRONIC MAIL
Wilson, Sheehy, Knowles, et al.
P.O. Box 7339
Tyler, Texas 75701

David J. Healey, Esquire                                    VIA ELECTRONIC MAIL
Weil, Gotshal & Manges LLP
700 Louisiana Street, Suite 1600
Houston, Texas 77002

Michael S. Dowler, Esquire                                  VIA ELECTRONIC MAIL
Howrey Simon Arnold & White, LLP
750 Bering Drive
Houston, TX 77057-2198

Otis W. Carroll, Jr., Esquire                               VIA ELECTRONIC MAIL
Ireland Carroll & Kelley, PC
6101 S. Broadway, Suite 500
Tyler, TX 75703

Paul S. Francis, Esquire                                    VIA ELECTRONIC MAIL
Baker & Hostetler LLP
1000 Louisiana, Suite 2000
Houston, TX 77002

E. Glenn Thames, Jr., Esquire
Potter Minton, A Professional Corporation
110 North College, Suite 500
Tyler, TX 75702

<u>VIA ELECTRONIC MAIL</u>

Shawn T. Leuthold, Esquire
Law Offices of Shawn T. Leuthold
4122 Factoria Blvd. SE, Suite 408
Bellevue, WA 98006-5259

<u>VIA ELECTRONIC MAIL</u>

Steven J. Balick

162418.1