IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMERICAN VIDEO GRAPHICS. L.P., ) | **HIGHLY CONFIDENTIAL:** |
| ) | **FILED UNDER SEAL** |
| Plaintiff, ) | |
| ) | Misc. Action No. __0 5__ __2 1 3__ |
| ) | |
| v. ) | (Case No. 6:04-CV-397-LED, |
| ) | currently pending in the United |
| HEWLETT-PACKARD CO., *et al.*, ) | States District Court for the |
| ) | Eastern District of Texas, |
| Defendants. ) | Tyler Division) |

**OPENING BRIEF IN SUPPORT OF MOTION TO COMPEL**

ASHBY & GEDDES
Steven J. Balick (I.D.#2114)
John G. Day (I.D. #2403)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
(302) 654-2067 (fax)
sbalick@ashby-geddes.com
jday@ashby-geddes.com

*Attorneys for Fujitsu Computer Systems Corp.*

Dated: October 17, 2005

# **TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................1

STATEMENT OF FACTS AND
PROCEDURAL BACKGROUND........................................................................................1

    I.    THE UNDERLYING LITIGATION................................................................1

    II.    RIN'S ROLE IN THE UNDERLYING LITIGATION AND
           FUJITSU'S EQUITABLE ESTOPPEL DEFENSE.......................................2

           A.

           B.    **REDACTED**

           C.    Fujitsu's Estoppel Defense .................................................................4

    III.    THE SUBPOENA AT ISSUE AND THE DOCUMENTS FUJITSU
           NOW SEEKS FROM DISCOVISION........................................................4

           A.    **REDACTED**

           B.    Fujitsu's Subpoena Seeks Highly Relevant Documents That
                Fujitsu Agreed to Narrow in an Attempt to Ease Any
                Burden to RIN..................................................................................5

ARGUMENT...........................................................................................................................7

    I.

           **REDACTED**

    II.    SEARCHING FOR THE DOCUMENTS FUJITSU SEEKS
           WOULD NOT UNDULY BURDEN RIN .................................................10

CONCLUSION.....................................................................................................................12

# TABLE OF CITATIONS

**CASES**     **PAGE**

*ABB Robotics, Inc. v. GMFanuc Robotics Corp.*,
  52 F.3d 1062, 1063 (Fed. Cir. 1995).................................................................4

*A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*,
  960 F.2d 1020, 1028, (Fed. Cir. 1992)..............................................................4

*Albert v. Alex. Brown Management Services*,
  2005 Del. Ch. LEXIS 133 at *30-*32 (Del. Ch. August 26, 2005)..................9

*American Video Graphics, L.P. v. Hewlett Packard Co., et al.*,
  C.A. No. 6:04cv397 LED ................................................................................1

*B.D.W. Assocs., Inc. v. Busy Beaver Bldg. Centers, Inc.*,
  865 F.2d 65, 67 (3d Cir. 1989).......................................................................10

*Cont'l Coatings Corp. v. Metco., Inc.*,
  464 F.2d 1375, 1377, 1380 (7th Cir. 1972) .....................................................8

*De Forest Radio Tel. Co. v. United States*,
  273 U.S. 236 (1927).........................................................................................5

*E.I. du Pont de Nemours & Co. v. Deering Milliken Research Corp.*,
  72 F.R.D. 440, 442-43 (D. Del. 1976).............................................................7

*Eichleay Corp. v. Int'l Assoc. of Iron Workers*,
  944 F.2d 1047, 1059 (3d Cir. 1991)...............................................................10

*Flatow v. Islamic Republic of Iran*,
  196 F.R.D. 203, 207 (D.D.C. 2000).........................................................10, 11

*Forest Labs., Inc. v. Abbott Labs.*,
  1999 U.S. Dist. LEXIS 23215, at **70-73 (W.D.N.Y. 1999) ...................5, 11

*Haisfield v. Cruver*,
  1994 Del. Ch. LEXIS 155, *10 (Del. Ch. Aug. 25, 1994)..........................9, 10

*Las Palmas Assocs. v. Las Palmas Center Assocs.*,
  235 Cal. App. 3d 1220, 1250-51 (1991) ........................................................10

*MGA, Inc. v. Centri-Spray Corp.*,
  639 F. Supp. 1238, 1245 n.12, 1246 (E.D. Mich. 1986)..................................................8

*Marr v. Postal Union Life Ins. Co.*,
  40 Cal. App. 2d 673, 683-84 (1940) ..................................................................9, 10

*NLRB v. Al Bryant, Inc.*,
  711 F.2d 543, 554 (3d Cir. 1983)..................................................................10

*Northrop Corp. v. McDonnell Douglas Corp.*,
  751 F.2d 395, 404 (D.C. Cir. 1984)..................................................................11

*Plant Genetic Sys., N.V. v. Northrup King Co.*,
  6 F. Supp. 2d 859, 862 (E.D. Mo. 1998)..................................................10, 11

*Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc.*,
  813 F.2d 1207, 1211-12 (Fed. Cir. 1987) ..................................................................7

## **STATUTES**

Fed. R. Civ. P. 26(b)(2)..................................................................11

162292.1

INTRODUCTION

Movant Fujitsu Computer Systems Corp. ("Fujitsu") is being sued in the Eastern District of Texas for allegedly infringing patents that plaintiff American Video Graphics ("AVG")—the current patent owner—purchased from non-party Research Investment Network ("RIN"). One of Fujitsu's primary and dispositive defenses in that case is that

**REDACTED**

AVG disputes this.

As explained below, Fujitsu's subpoena seeks narrowly tailored documents going directly to the interrelationship between RIN and these affiliates.

**REDACTED**

The documents at issue are critical to Fujitsu's estoppel defense, and RIN's arguments to the contrary are meritless.

## STATEMENT OF FACTS AND PROCEDURAL BACKGROUND

**I.  THE UNDERLYING LITIGATION.**

This motion to compel documents in response to a third-party subpoena arises out of a patent infringement suit pending in the Eastern District of Texas. In *American Video Graphics, L.P. v. Hewlett Packard Co., et al.*, Civ. Action No. 6:04cv397 LED ("the '397 Case"), the plaintiff patent owner AVG sued Fujitsu and 17 other manufacturers of personal computers ("PCs") for allegedly infringing its patents. Along with the 18 PC maker defendants in the case, four of the suppliers to these defendants—Intel Corp., ATI Technologies, Inc., nVidia Corp., and Microsoft Corp.—have intervened on the defense side.

**REDACTED**

AVG originally asserted seven patents against the PC makers, although it has now dismissed with prejudice four of those patents from the '397 Case. Three of the original patents thus remain at issue in the '397 Case, which is set for trial on September 11, 2006. Fujitsu and the other PC maker defendants in the '397 Case have several common non-infringement and patent invalidity defenses that they have asserted. Fujitsu also has an "equitable estoppel" defense that is unique to it, and it is this defense to which the documents sought here relate.

## II.   RIN'S ROLE IN THE UNDERLYING LITIGATION AND FUJITSU'S EQUITABLE ESTOPPEL DEFENSE.

### A.

AVG bought the patents at issue in the '397 Case in June 2004 from a company named RIN. (Pernick Decl. Ex. 14, AVG/RIN Sales Agreement.) RIN is a small company with an office in Irvine.                                                                     (Pernick Decl. Ex. 15, Discovision Rule 30(b)(6) Deposition Transcript at 452-53.)

                                                                (Pernick Decl. Ex. 17, at ¶ 4.)

**REDACTED**

(Pernick Decl. Ex. 18, Discovision/RIN Exclusive License Agreement at 1, 6 (sharing Suite 200 of 2355 Main Street, Irvine, California, 92614); Pernick Decl. Ex. 15, Discovision 30(b)(6) Depo. at 452; Pernick Decl. Ex. 14, AVG/RIN Sales Agreement ¶ 6.1 (showing RIN's phone and fax numbers); Pernick Decl. Ex. 19 (Discovision website showing Discovision's phone and fax numbers).)

**REDACTED**

(Pernick Decl. Ex. 15, Discovision Rule 30(b)(6) Depo. at 453-54, 477 (explaining RIN's business); Pernick Decl. Ex. 20 (Discovision website explaining Discovision's business model).)

**REDACTED**

**REDACTED**

**REDACTED**

**REDACTED**

3

**REDACTED**

**REDACTED**

### C. Fujitsu's Estoppel Defense.

Equitable estoppel now prevents AVG from asserting the patents previously owned by RIN. **REDACTED** Fujitsu relied on their statements and conduct, and Fujitsu would be prejudiced now if AVG is permitted to proceed with its infringement suit. *See, e.g., ABB Robotics, Inc. v. GMFanuc Robotics Corp.*, 52 F.3d 1062, 1063 (Fed. Cir. 1995) (stating elements of estoppel defense); *A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*, 960 F.2d 1020, 1028, (Fed. Cir. 1992) (in banc). The estoppel survives the sale of the patents to AVG, and Fujitsu has pled this estoppel as a defense in the '397 Case. It is a complete defense. *ABB Robotics*, 52 F.3d at 1063.

### III. THE SUBPOENA AT ISSUE AND THE DOCUMENTS FUJITSU NOW SEEKS FROM DISCOVISION.

Despite the strength of Fujitsu's defense, it does need evidence in order for it to withstand the challenges that AVG will mount. AVG has already

**REDACTED**

Fujitsu's subpoena seeks documents from RIN to rebut the arguments

---

[1] Fujitsu is also filing a parallel motion to compel in the Central District of California to enforce the subpoena that issued out of that district to Discovision.

**REDACTED**

**REDACTED**

    **B.**    **Fujitsu's Subpoena Seeks Highly Relevant Documents That Fujitsu Agreed To Narrow In An Attempt To Ease Any Burden To RIN.**

The subpoena issued by the defense group to RIN contained a request for documents "concerning RIN's relationship with," among other entities, Discovision, Pioneer, and RIN's

---

[2] *See De Forest Radio Tel. Co. v. United States*, 273 U.S. 236 (1927); *Forest Labs., Inc. v. Abbott Labs.*, 1999 U.S. Dist. LEXIS 23215, at **70-73 (W.D.N.Y. 1999).

**REDACTED**

CEO Ken Masaki. (Pernick Decl. Ex. 1, Subpoena to RIN, Request No. 14.) Fujitsu needs these documents so that

**REDACTED**

RIN responded to the defense group's subpoena by stating that it would produce certain documents, but its agreement was restricted to those documents that were "relate[d] to the patents-in-suit." (Pernick Decl. Ex. 2 at 15, RIN's Response to Request No. 14.) RIN ultimately did not produce <u>any</u> documents of its own: its lawyer explained that RIN did not possess any responsive documents that had not previously been produced by Discovision, and so RIN simply incorporated Discovision's document production as its own. (Pernick Decl. Ex. 33.) In any event, Fujitsu explained to RIN that Request No. 14 was not narrowly limited to documents "relate[d] to the patents-in-suit," and that Fujitsu needed documents

**REDACTED**

(Pernick Decl. Ex. 4, August 25, 2005 Letter at 1-2.) To minimize RIN's burden in searching for the requested documents, Fujitsu agreed to narrow its request to those that were most critical. (*Id.* at 2-3.)

Fujitsu agreed to accept documents from January 1, 2003 to December 31, 2004 that discussed, reflected, or demonstrated:

**REDACTED**

**REDACTED**

After repeatedly delaying its meet and confer obligations based upon its previous counsel's conflict of interest, RIN (and Discovision) refused to produce any but the most minimal of documents requested by Fujitsu.

**REDACTED**
but only on the condition that Fujitsu withdraw its request for further documents. (Pernick Decl. Ex. 7 and Ex. 9.) RIN still contends that the remaining scope of the documents **REDACTED** are irrelevant, and that it would be unduly burdensome to search for them. But RIN never explained why it would be so burdensome, and never offered any middle ground by which it could reduce its supposed burden. (Pernick Decl. ¶ 27.)

By this motion, Fujitsu seeks the narrowed categories of documents identified above, from the period of 2003 to 2004.

### ARGUMENT

A litigant's subpoena to a third party under FRCP Rule 45 properly seeks any non-privileged materials that are relevant to the claim or defense of a party. To the extent that a Court has any reservations about the relevance of the requested documents to an action pending in another District Court, it should err on the side of enforcing the subpoena. *Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc.*, 813 F.2d 1207, 1211-12 (Fed. Cir. 1987); *E.I. du Pont de Nemours & Co. v. Deering Milliken Research Corp.*, 72 F.R.D. 440, 442-43 (D. Del. 1976). The documents sought here are crucial to Fujitsu's equitable estoppel defense.

I.   **REDACTED**

There should be no question here that the documents Fujitsu seeks—regardless of whether they on their face "relate to the patents-in-suit" (Pernick Decl. Ex. 2 at 15, RIN's Response to Request No. 14)—are relevant to its equitable estoppel defense. The reason is that, even though Fujitsu believes that its defense is very strong, AVG will resist it on several grounds.

For one thing, AVG will argue that even if **REDACTED** that estoppel would not travel with the patents once they were sold to AVG. AVG will lose that argument because the law is clear that when a previous patent owner committed actions giving rise to an estoppel, the estoppel applies even when the patent is sold to a new owner. *See Cont'l Coatings Corp. v. Metco., Inc.*, 464 F.2d 1375, 1377, 1380 (7th Cir. 1972); *MGA, Inc. v. Centri-Spray Corp.*, 639 F. Supp. 1238, 1245 n.12, 1246 (E.D. Mich. 1986).[3] But that will not be AVG's only argument.

**REDACTED**

The documents sought now by Fujitsu go directly to this argument. Fujitsu should be entitled to discover evidence showing that

**REDACTED**

---

[3] **REDACTED**

**REDACTED**

This is by no means a speculative fishing expedition, as there is already significant evidence that

For example, we already know that:

- 

**REDACTED**

- 

**REDACTED**

- 

- RIN and Discovision share the same counsel, at least in connection with responding to discovery in these matters. (Pernick Decl. Ex. 6, September 15, 2005 letter from R. Oines to J. Shumaker.) *See Marr*, 40 Cal. App. 2d at 683 ("that the two corporations during the first six months of 1935 employed the same attorney [is] a fact entitled to consideration in determining the question of alter ego").

- Rather than produce its own documents in the underlying case, RIN stated that it had no responsive documents in its possession other than those already produced by Discovision. (Pernick Decl. Ex. 33.)

- 

- 

**REDACTED**

- 

---

[4] *But see Albert v. Alex. Brown Management Services*, 2005 Del. Ch. LEXIS 133 at *30-*32 (Del. Ch. August 26, 2005) (shared office space and other factors "do not alone or together" justify disregard of the corporate entity, but denying motion to dismiss based on totality of allegations).

9

**REDACTED**

• **REDACTED**

Fujitsu simply seeks further evidence so that it has the ammunition it needs to fend off AVG's challenges.

RIN's only argument on relevance is that it should not have to produce documents beyond those that expressly relate to the patents-in-suit.

**REDACTED**

*See Haisfield*, 1994 Del. Ch. LEXIS 155, *10; *Eichleay Corp. v. Int'l Assoc. of Iron Workers*, 944 F.2d 1047, 1059 (3d Cir. 1991); *Las Palmas Assocs. v. Las Palmas Center Assoc.*, 235 Cal. App. 3d 1220, 1250-51 (1991). The same goes for evidence of payments, loans, or other types of asset transfers or debt guarantees between the entities. *See Eichleay Corp.*, 944 F.2d at 1059; *B.D.W. Assocs., Inc. v. Busy Beaver Bldg. Centers, Inc.*, 865 F.2d 65, 67 (3d Cir. 1989); *Las Palmas Assocs.*, 235 Cal. App. 3d at 1250.

**REDACTED**

*See NLRB v. Al Bryant, Inc.*, 711 F.2d 543, 554 (3d Cir. 1983); *Marr*, 40 Cal. App. 2d at 682-85.

II.  **SEARCHING FOR THE DOCUMENTS FUJITSU SEEKS WOULD NOT UNDULY BURDEN RIN.**

RIN bears the burden of showing that the subpoena is unduly burdensome. *See Flatow v. Islamic Republic of Iran*, 196 F.R.D. 203, 207 (D.D.C. 2000); *Plant Genetic Sys., N.V. v. Northrup King Co.*, 6 F. Supp. 2d 859, 862 (E.D. Mo. 1998). To meet this burden, RIN cannot

rely on generalized claims, but must specify the time and resources necessary to comply with the subpoena. *Flatow*, 196 F.R.D. at 207; *Plant Genetic*, 6 F. Supp. 2d 859 at 862. The volume of documents that must be searched is not determinative. *Northrop Corp. v. McDonnell Douglas Corp.*, 751 F.2d 395, 404 (D.C. Cir. 1984).

Although RIN of course maintains that producing any more documents would be unduly burdensome, its argument is little more than formulaic boilerplate. RIN has done nothing to specify why locating the requested documents would be so extraordinarily burdensome, and has never offered any solutions or proposals as to how Fujitsu might minimize RIN's hardships in any way. Fujitsu has already significantly narrowed the scope of documents it seeks from what the entire defense group's original subpoena sought from RIN, both in terms of substance (categories (a)–(f) described above on page 7) and in time (only for the years of 2003-2004). Fujitsu even asked RIN about whether there are particular individuals or company files that would be most likely to contain the requested documents, but RIN did not respond with any proposed alternative. (Pernick Decl. ¶ 27.)

The benefit of the discovery sought by Fujitsu outweighs any potential burden or expense. *See* Fed. R. Civ. P. 26(b)(2). Fujitsu needs these documents to further a dispositive defense in a case in which the plaintiff seeks millions of dollars. Moreover, RIN is not some completely unrelated third party to AVG's lawsuit. **REDACTED** (Pernick Decl. Ex. 14, AVG/RIN Sales Agreement ¶ 3.1.) That they would have to incur some costs in future litigation over these patents is reasonable and was entirely foreseeable. The fact is that searching for the modest documents that Fujitsu seeks would not entail any undue burden.

## CONCLUSION

For all of the foregoing reasons, the Court should order RIN to produce the documents sought by Request No. 14 as narrowed above by Fujitsu.

ASHBY & GEDDES

*/s/ Steven J. Balick*
_____
Steven J. Balick (I.D.#2114)
John G. Day (I.D. #2403)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
(302) 654-2067 (fax)
sbalick@ashby-geddes.com
jday@ashby-geddes.com

*Attorneys for Fujitsu Computer Systems Corp.*

Dated: October 17, 2005
162250.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of October, 2005, the attached **REDACTED OPENING BRIEF IN SUPPORT OF MOTION TO COMPEL** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| J. Clayton Athey, Esquire<br>Prickett Jones & Elliot, P.A.<br>1310 King Street<br>P.O. Box 1328<br>Wilmington, DE  19801 | VIA ELECTRONIC MAIL |
| Ronald P. Oines, Esquire<br>Rutan & Tucker<br>611 Anton Blvd., 14th Floor<br>Costa Mesa, CA  92628-1931 | VIA ELECTRONIC MAIL |

/s/ *Steven J. Balick*
_____
Steven J. Balick

162418.1