1  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   THOMAS J. NOLAN (State Bar No. 66992)
2  LANCE A. ETCHEVERRY (State Bar No. 199916)
   300 South Grand Avenue, Suite 3400
3  Los Angeles, California 90071-3144
   213-687-5000 (Telephone)
4  213-687-5600 (Facsimile)

5
   Attorneys for Non-Party
6  Research Investment Network, Inc.

7

8

9

10                UNITED STATES DISTRICT COURT

11                   DISTRICT OF DELAWARE

12
   AMERICAN VIDEO GRAPHICS,         CASE NOS.  6:04-CV-397-LED
13 L.P.,                                       6:04-CV-398-LED
                                               6:04-CV-399-LED
14              Plaintiff,                      6:05-CV-006-LED
                                               2:05-CV-120-LED
15    v.                                       2:05-CV-121-LED

16 MICROSOFT CORPORATION, et       (Eastern District of Texas)
17 al.,
                                   OBJECTIONS AND RESPONSES
18              Defendants.        OF NON-PARTY RESEARCH
                                   INVESTMENT NETWORK, INC. TO
19                                 SUBPOENA FOR TESTIMONY
                                   AND PRODUCTION OF
20                                 DOCUMENTS

21

22       Pursuant to Rule 45 of the Federal Rules of Civil Procedure, non-party

23 Research Investment Network, Inc. ("RIN"), by and through its undersigned

24 counsel, hereby objects and responds to the Subpoena to Provide Testimony

25 and Produce and Permit Inspection and Copying of Documents (the

26 "Subpoena") served by the Defendants in the above-captioned litigations (the

27 "Defendants") as follows:

28

## GENERAL OBJECTIONS

1.    RIN is providing these responses, while expressly reserving the right to object to all or part of the Subpoena or future subpoenas should any party to the actions brought by American Video Graphics, L.P. ("AVG") in the Eastern District of Texas, six of which are entitled American Video Graphics, L.P. v. Hewlett-Packard Co., No. 6:04-CV-397-LED (E.D. Tex.), American Video Graphics, L.P. v. Electronic Arts Inc., No. 6:04-CV-398-LED (E.D. Tex.), American Video Graphics, L.P. v. Sony Corp. of America, No. 6:04-CV-399-LED (E.D. Tex.), American Video Graphics, L.P. v. Microsoft Corp., No. 6:05-CV-006-LED (E.D. Tex.), American Video Graphics, L.P. v. Sony Corp. Entertainment America, No. 2:05-CV-120-LED (E.D. Tex.), and American Video Graphics, L.P. v. Hewlett-Packard Co., No. 2:05-CV-121-LED (E.D. Tex.) (collectively the "Actions"), request any additional testimony or information from RIN.

2.    RIN objects to the Subpoena and each and every Request for Production ("Request") to the extent they seek materials that are equally available to the Defendants through other sources, including parties to the Actions, third-parties, public sources or records, or materials produced previously in these Actions by Discovision Associates ("Discovision"), an affiliate of RIN, on the ground that such Requests subject RIN to unreasonable and undue burden and expense. As a non-party, RIN is not required to and will not expend the time and resources necessary to gather or produce such documents and information – including, in particular, materials already produced by Discovision.

3.    Nothing contained herein shall be deemed to constitute an assent to the terms or definitions used in the Subpoena.

4.    RIN objects to the Subpoena and each and every Request to the extent they seek information that is not relevant to the subject matter of the Actions nor reasonably calculated to lead to the discovery of admissible evidence. RIN does not concede the relevance of any document being produced in response to the

1

1 Subpoena and expressly reserves the right to object to the introduction in evidence
2 of any responses on relevance or any other grounds.

3      5.    RIN objects to the Subpoena and each and every Request to the extent
4 they require RIN to comply with requirements beyond those imposed by the
5 Federal Rules of Civil Procedure and the Local Rules of the United States District
6 Court for the District of Delaware or exceed the permissible scope of discovery
7 under said rules.

8      6.    RIN objects to the Subpoena and each and every Request to the extent
9 they seek documents that are not required to be produced under any applicable
10 privilege, doctrine or immunity, including without limitation the attorney-client
11 privilege, the work-product doctrine, and all other privileges recognized under the
12 constitutional, statutory or decisional law of the United States and all other relevant
13 jurisdictions.

14      7.    RIN objects to the Subpoena and each and every Request to the extent
15 they seek testimony and/or the production of documents that contain trade secrets,
16 confidential, commercially sensitive and/or other proprietary information that is
17 subject to RIN's and/or a third-party's constitutional, statutory or common law right
18 of privacy or protection.

19      8.    RIN objects to the Subpoena and each and every Request to the extent
20 they are overbroad, oppressive, vague, ambiguous, harassing, annoying, redundant,
21 overlapping or repetitive, and therefore unduly burdensome.

22      9.    RIN objects to the Subpoena and each and every Request to the extent
23 they seek the provision of testimony and/or production of documents, the
24 dissemination of which is restricted by the protective orders entered in the Actions.
25 Pursuant to those protective orders, the confidential nature of certain specified
26 information produced in those Actions must be preserved.  Any documents
27 produced by RIN in response to the Subpoena are produced subject to the terms of
28 the protective orders.

10.    RIN objects to the Subpoena and each and every Request on grounds that they are not limited in scope to a specified period of time and, thus, are overbroad, oppressive, vague, ambiguous, harassing, annoying, and unduly burdensome.

11.    RIN objects to the Subpoena and each and every Request to the extent they seek to impose a continuing duty on RIN to supplement or provide further responses.  Such a duty is inconsistent with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Delaware.

12.    RIN objects in advance to any future attempt by any party to the Actions to elicit further testimony or production of documents from RIN or its employees, agents or affiliated entities.  RIN's position is consistent with the weight of federal authority, which frowns on attempts by parties to subject witnesses (particularly third-party witnesses) to multiple depositions.  See Fed. R. Civ. P. 30(a)(2)(B) ("A party must obtain leave of court  . . . [if] the person to be examined has already been deposed in the case"); Ameristar Jet Charter, Inc. v. Signal Composites, Inc., 244 F.3d 189, 192-93 (1st Cir. 2001) (affirming issuance of a protective order to non-party witness that had previously been deposed by other defendants in the case).

13.    RIN expressly reserves the right to amend and/or supplement its responses as additional information may from time to time be discovered.

14.    Inadvertent disclosure or production of any information that is privileged or otherwise immune from discovery shall not constitute a waiver of any privilege or of any other ground for objecting to the discovery with respect to such information or the subject matter thereof, or the right of RIN to object to the use of any such information or the subject matter thereof during subsequent proceedings.

15.    Except as otherwise stated below, an objection to a specific Request does not imply that documents responsive to that category exist.

3

16.    Without waiving any of the foregoing General Objections, each of which is expressly incorporated into each individual response as though fully stated therein, RIN responds to the Subpoena and each and every Request, subject to the following additional express reservations of rights:

a.    The right to object, on the grounds of competency, privilege, relevance, burden or materiality, or any other proper grounds, to the use of these responses for any purpose, in whole or in part, in any subsequent stage or proceeding in the Actions; and

b.    The right at any time to revise, correct, add to or clarify any of the responses propounded herein.

## SPECIFIC OBJECTIONS TO SUBPOENA FOR TESTIMONY

RIN incorporates by reference its General Objections as though fully set forth herein. In addition, RIN objects to the Subpoena for testimony on the following grounds:

1.    The Subpoena calls for a deposition of RIN's designee to take place in Irvine, California. As counsel for RIN has made clear, Kenny Masaki, its designee, and in fact the only person at the company with any knowledge with respect to certain of the matters on which examination is requested, resides indefinitely in Japan. Defendants' attempt to have the deposition of RIN's foreign designee take place in California is oppressive, harassing, annoying, unduly burdensome and in violation of settled principles of law. See Six West Retail Acquisition, Inc. v. Sony Theatre Management Corp., 203 F.R.D. 98, 106-08 (S.D.N.Y. 2001) (recognizing presumption of deposing 30(b)(6) designated witnesses in district of their residence and denying motion to compel attendance of Japanese witness at deposition in New York); In re Vivendi Universal, S.A. Sec. Litig., No. 02 Civ. 5571 RJH, 2004 WL 3019766, at *1 (S.D.N.Y. Dec. 30, 2004) (finding that 30(b)(6) designated witnesses residing in France must be deposed in France pursuant to the procedures set forth in the Hague Convention).

4

1    2.    RIN objects to the Subpoena on grounds that the matters on which

2 examination is requested are overbroad, unrestricted in temporal scope, oppressive,

3 vague, ambiguous, harassing, annoying, redundant, overlapping or repetitive, and

4 therefore unduly burdensome.

5    3.    RIN objects to the Subpoena to the extent it seeks testimony that is

6 neither relevant to the Actions nor reasonably calculated to lead to the discovery of

7 admissible evidence.

8    4.    RIN objects to the Subpoena to the extent it calls for the disclosure of

9 information subject to the attorney-client privilege and/or attorney work-product

10 doctrine.

11    5.    RIN objects to the Subpoena to the extent it seeks testimony regarding

12 trade secrets, confidential, commercially sensitive and/or other proprietary

13 information that is subject to RIN's and/or a third-party's constitutional, statutory or

14 common law right of privacy or protection.

15    6.    RIN reserves the right to assert any additional objections to any and

16 all questions posed to it during any oral examination in this matter, whether

17 pursuant to the Subpoena or otherwise.

18    **SPECIFIC OBJECTIONS TO INSTRUCTIONS**

19    RIN incorporates by reference its General Objections as though fully set

20 forth herein.  In addition, RIN objects to the Subpoena for testimony on the

21 following grounds:

22    1.    RIN objects to Instruction No. 1 on grounds that it:  (i) purports to

23 require RIN to comply with requirements beyond those imposed by the Federal

24 Rules of Civil Procedure and the Local Rules of the United States District Court

25 for the District of Delaware; and (ii) purports to require RIN to produce documents

26 that are not within its possession, custody or control, including those that may be in

27 the possession of third-parties or other persons or entities over which RIN has no

28 control.  RIN will produce documents only to the extent required by the Federal

5

1 Rules of Civil Procedure and the Local Rules of the United States District Court
2 for the District of Delaware.  <u>See</u> Fed. R. Civ. P. 45(a)(1)(C) (limiting scope of
3 subpoena authority to documents in non-party's "possession, custody or control").

4     2.    RIN objects to Instruction No. 2 on grounds that it seeks to impose
5 undue burden, expense and harassment on RIN by, among other things, requiring
6 that electronic documents be produced in their "native forms."  In response to
7 subpoenas issued and served on RIN's corporate affiliate, Discovision, all
8 electronic files potentially responsive to this Subpoena were converted to paper
9 form.  All such documents previously converted to paper form that are responsive
10 to this Subpoena will be produced in the same form – to the extent such documents
11 were not already produced by Discovision.

12 <div align="center">**SPECIFIC RESPONSES AND OBJECTIONS**</div>
13 <u>REQUEST FOR PRODUCTION NO. 1:</u>

14     All Documents Concerning the Patents-in-Suit, including any analyses or
15 interpretation of any of the claims of the Patents-in-Suit.

16 <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 1:</u>

17     RIN incorporates by reference its General Objections as though fully set
18 forth herein.  RIN further objects to this Request on grounds that it:  (i) seeks
19 information that is protected by the attorney-client and work-product privileges;
20 (ii) seeks information that is neither relevant nor reasonably calculated to lead
21 to the discovery of admissible evidence; (iii) is overbroad, unrestricted in
22 temporal scope, oppressive, vague, ambiguous, harassing, annoying, and
23 therefore unduly burdensome; and (iv) seeks the production of documents that
24 contain trade secrets, confidential, commercially sensitive and/or other
25 proprietary information.  Subject to and without waiving the foregoing
26 objections, RIN will produce all non-privileged documents responsive to this
27 Request, to the extent any such documents exist, are in RIN's possession,
28 custody or control, and have not previously been produced by Discovision.

<div align="center">6</div>

REQUEST FOR PRODUCTION NO. 2:

All Documents concerning the inventors of the Patents-in-Suit.

RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

RIN incorporates by reference its General Objections as though fully set forth herein. RIN further objects to this Request on grounds that it: (i) seeks information that is protected by the attorney-client and work-product privileges; (ii) seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (iii) is overbroad, unrestricted in temporal scope, oppressive, vague, ambiguous, harassing, annoying, and therefore unduly burdensome; and (iv) seeks the production of documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary information. Subject to and without waiving the foregoing objections, RIN will produce all non-privileged documents responsive to this Request, to the extent any such documents exist, are in RIN's possession, custody or control, and have not previously been produced by Discovision.

REQUEST FOR PRODUCTION NO. 3:

All Documents Concerning Conception and actual reduction to practice of the subject matter, including any embodiments, described or claimed in the Patents-in-Suit.

RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

RIN incorporates by reference its General Objections as though fully set forth herein. RIN further objects to this Request on grounds that it: (i) is vague, ambiguous and overbroad in its use of the term "Conception," which is capitalized as if it is a defined term, but appears nowhere in the "Definitions" section of the Subpoena; (ii) seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (iii) seeks information that is protected by the attorney-client and work-product privileges; (iv) is overbroad, oppressive, vague, ambiguous, harassing, annoying, and

1  therefore unduly burdensome; and (iv) seeks the production of documents that
2  contain trade secrets, confidential, commercially sensitive and/or other
3  proprietary information.  Subject to and without waiving the foregoing
4  objections, RIN will produce all non-privileged documents responsive to this
5  Request, to the extent any such documents exist, are in RIN's possession,
6  custody or control, and have not previously been produced by Discovision.
7  REQUEST FOR PRODUCTION NO. 4:

8       All Documents Concerning the filing and prosecution of applications that
9  ultimately issued as, or are otherwise related to, the Patents-in-Suit, including
10 the identities of each person associated with the filing and prosecution of each
11 of the Patents-in-Suit.
12 RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

13      RIN incorporates by reference its General Objections as though fully set
14 forth herein.  RIN further objects to this Request on grounds that it:  (i) seeks
15 information that is protected by the attorney-client and work-product privileges;
16 (ii) seeks information that is neither relevant nor reasonably calculated to lead
17 to the discovery of admissible evidence; (iii) is overbroad, oppressive, vague,
18 ambiguous, harassing, annoying, and therefore unduly burdensome; and (iv)
19 seeks the production of documents that contain trade secrets, confidential,
20 commercially sensitive and/or other proprietary information.  Subject to and
21 without waiving the foregoing objections, RIN will produce all non-privileged
22 documents responsive to this Request, to the extent any such documents exist,
23 are in RIN's possession, custody or control, and have not previously been
24 produced by Discovision.
25 REQUEST FOR PRODUCTION NO. 5:

26      All Documents Concerning the filing and prosecution of any foreign
27 applications corresponding to the Patents-in-Suit, including any patents issued
28 from those applications.

<center>8</center>

RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

RIN incorporates by reference its General Objections as though fully set forth herein. RIN further objects to this Request on grounds that it: (i) seeks information that is protected by the attorney-client and work-product privileges; (ii) seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (iii) is overbroad, unrestricted in temporal scope, oppressive, vague, ambiguous, harassing, annoying, and therefore unduly burdensome; and (iv) seeks the production of documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary information. Subject to and without waiving the foregoing objections, RIN will produce all non-privileged documents responsive to this Request, to the extent any such documents exist, are in RIN's possession, custody or control, and have not previously been produced by Discovision.

REQUEST FOR PRODUCTION NO. 6:

All Documents Concerning attempted and actual assignment, acquisition, ownership, licensing, covenants not to sue or enforce, or disposition of the Patents-in-Suit, including related negotiations, the reasons for the assignments, acquisition, ownership, license, covenants not to sue or enforce, or disposition, the determination of the price at which to assign, acquire, license, or dispose of the Patents-in-Suit, and RIN's rights in the Patents-in-Suit.

RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

RIN incorporates by reference its General Objections as though fully set forth herein. RIN further objects to this Request on grounds that it: (i) seeks information that is protected by the attorney-client and work-product privileges; (ii) seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (iii) is overbroad, unrestricted in temporal scope, oppressive, vague, ambiguous, harassing, annoying, and therefore unduly burdensome; and (iv) seeks the production of documents that

9

contain trade secrets, confidential, commercially sensitive and/or other proprietary information. Subject to and without waiving the foregoing objections, RIN will produce all non-privileged documents responsive to this Request, to the extent any such documents exist, are in RIN's possession, custody or control, and have not previously been produced by Discovision.

REQUEST FOR PRODUCTION NO. 7:

All Documents Concerning valuations of the Patents-in-Suit at any time, including royalty projections.

RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

RIN incorporates by reference its General Objections as though fully set forth herein. RIN further objects to this Request on grounds that it: (i) seeks information that is protected by the attorney-client and work-product privileges; (ii) seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (iii) is overbroad, unrestricted in temporal scope, oppressive, vague, ambiguous, harassing, annoying, and therefore unduly burdensome; and (iv) seeks the production of documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary information. Subject to and without waiving the foregoing objections, RIN will produce all non-privileged documents responsive to this Request, to the extent any such documents exist, are in RIN's possession, custody or control, and have not previously been produced by Discovision.

REQUEST FOR PRODUCTION NO. 8:

All Documents Concerning validity of the Patents-in-Suit, including any validity searches concerning the patents, any references identified as potentially invalidating prior art, any prior art concerning the subject matter disclosed in the patents and any communications concerning validity of the patents.

RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

RIN incorporates by reference its General Objections as though fully set forth herein. RIN further objects to this Request on grounds that it: (i) seeks information that is protected by the attorney-client and work-product privileges; (ii) seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (iii) is overbroad, unrestricted in temporal scope, oppressive, vague, ambiguous, harassing, annoying, and therefore unduly burdensome; and (iv) seeks the production of documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary information. Subject to and without waiving the foregoing objections, RIN will produce all non-privileged documents responsive to this Request, to the extent any such documents exist, are in RIN's possession, custody or control, and have not previously been produced by Discovision.

REQUEST FOR PRODUCTION NO. 9:

All Documents Concerning alleged or actual infringement of any of the claims of the Patents-in-Suit, including any analysis of such infringement and any communications concerning such infringement.

RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

RIN incorporates by reference its General Objections as though fully set forth herein. RIN further objects to this Request on grounds that it: (i) seeks information that is protected by the attorney-client and work-product privileges; (ii) seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (iii) is overbroad, unrestricted in temporal scope, oppressive, vague, ambiguous, harassing, annoying, and therefore unduly burdensome; and (iv) seeks the production of documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary information. Subject to and without waiving the foregoing objections, RIN will produce all non-privileged documents responsive to this

1  Request, to the extent any such documents exist, are in RIN's possession,
2  custody or control, and have not previously been produced by Discovision.
3  REQUEST FOR PRODUCTION NO. 10:

4      All Documents Concerning any analysis of any product of any
5  Defendant, and any decision concerning whether to sue any Defendant for
6  infringement of the Patents-in-Suit.
7  RESPONSE TO REQUEST FOR PRODUCTION NO. 10:

8      RIN incorporates by reference its General Objections as though fully set
9  forth herein.  RIN further objects to this Request on grounds that it:  (i) seeks
10  information that is protected by the attorney-client and work-product privileges;
11  (ii) seeks information that is neither relevant nor reasonably calculated to lead
12  to the discovery of admissible evidence; (iii) is generally overbroad,
13  unrestricted in temporal scope, oppressive, vague, ambiguous, harassing,
14  annoying, and therefore unduly burdensome; and (iv) seeks the production of
15  documents that contain trade secrets, confidential, commercially sensitive
16  and/or other proprietary information.  Subject to and without waiving the
17  foregoing objections, RIN will produce all non-privileged documents
18  responsive to this Request, to the extent any such documents exist, are in RIN's
19  possession, custody or control, and have not previously been produced by
20  Discovision.
21  REQUEST FOR PRODUCTION NO. 11:

22      All Documents Concerning attempted and actual enforcement of the
23  Patents-in-Suit, including any litigation and any notice of the Patents-in-Suit to
24  any Defendant or third party.
25  RESPONSE TO REQUEST FOR PRODUCTION NO. 11:

26      RIN incorporates by reference its General Objections as though fully set
27  forth herein.  RIN further objects to this Request on grounds that it:  (i) seeks
28  information that is protected by the attorney-client and work-product privileges;

1  (ii) seeks information that is neither relevant nor reasonably calculated to lead

2  to the discovery of admissible evidence; (iii) is overbroad, unrestricted in

3  temporal scope, oppressive, vague, ambiguous, harassing, annoying, and

4  therefore unduly burdensome; and (iv) seeks the production of documents that

5  contain trade secrets, confidential, commercially sensitive and/or other

6  proprietary information.  Subject to and without waiving the foregoing

7  objections, RIN will produce all non-privileged documents responsive to this

8  Request, to the extent any such documents exist, are in RIN's possession,

9  custody or control, and have not previously been produced by Discovision.

10 REQUEST FOR PRODUCTION NO. 12:

11      All Documents Concerning the identity, development, sale, offer for sale,

12 marketing, and marking pursuant to 35 U.S.C. § 287 of products that

13 purportedly embody subject matter described or claimed in the Patents-in-Suit,

14 including products manufactured by or for Tektronix, AVG, Discovision, RIN

15 or licensees thereof.

16 RESPONSE TO REQUEST FOR PRODUCTION NO. 12:

17      RIN incorporates by reference its General Objections as though fully set

18 forth herein.  RIN further objects to this Request on grounds that it:  (i) seeks

19 information that is protected by the attorney-client and work-product privileges;

20 (ii) seeks information that is neither relevant nor reasonably calculated to lead

21 to the discovery of admissible evidence; (iii) is overbroad, unrestricted in

22 temporal scope, oppressive, vague, ambiguous, harassing, annoying, and

23 therefore unduly burdensome; and (iv) seeks the production of documents that

24 contain trade secrets, confidential, commercially sensitive and/or other

25 proprietary information.  Subject to and without waiving the foregoing

26 objections, RIN will produce all non-privileged documents responsive to this

27 Request, to the extent any such documents exist, are in RIN's possession,

28 custody or control, and have not previously been produced by Discovision.

13

1  REQUEST FOR PRODUCTION NO. 13:

2        All Documents Concerning Communications between RIN and any other

3  individual or entity, including AVG, Tektronix, Discovision, Pioneer, Reston

4  Pointe LLC, David White, Laurence Marhoefer, Ken Masaki, Eric Dowling,

5  Jake Richter, Bob Westerlund, Graphics Software Systems, Grass Valley

6  Group, Insight in Action, Hewlett Packard, Microsoft, Intel, Fujitsu, any

7  Defendant, any Third Party, or McKool Smith, P.C. (or any of its partners,

8  attorneys, agents, or employees) regarding the Patents-in-Suit, any Defendant,

9  AVG, or the above-captioned litigation.

10  RESPONSE TO REQUEST FOR PRODUCTION NO. 13:

11        RIN incorporates by reference its General Objections as though fully set

12  forth herein.  RIN further objects to this Request on grounds that it:  (i) seeks

13  information that is protected by the attorney-client and work-product privileges;

14  (ii) seeks information that is neither relevant nor reasonably calculated to lead

15  to the discovery of admissible evidence; (iii) is generally overbroad,

16  unrestricted in temporal scope, oppressive, vague, ambiguous, harassing,

17  annoying, and therefore unduly burdensome; (iv) is overbroad, oppressive and

18  harassing in its request for all documents concerning any communication RIN

19  has ever had with respect to any Defendant of AVG, irrespective of whether

20  such communication involved the patents-in-suit (as defined in the Subpoena);

21  and (v) seeks the production of documents that contain trade secrets,

22  confidential, commercially sensitive and/or other proprietary information.

23  Subject to and without waiving the foregoing objections, RIN will produce all

24  non-privileged documents responsive to this Request – provided that such

25  documents exist, are in RIN's possession, custody or control, and have not

26  previously been produced by Discovision, to the exent such documents relate to

27  the patents-in-suit, AVG or the Actions.  RIN will neither search for nor

28  produce documents responsive to any other aspect of this Request.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents Concerning RIN's relationship with Tektronix, Discovision, Pioneer, Reston Pointe LLC, David White, Laurence Marhoefer, Ken Masaki, Hewlett Packard, Eric Dowling, Jake Richter, Bob Westerlund, Grass Valley Group, and McKool Smith, P.C. (or any of its partners, attorneys, agents, or employees), including any interest in any recovery for infringement of the Patents-in-Suit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

RIN incorporates by reference its General Objections as though fully set forth herein. RIN further objects to this Request on grounds that it: (i) seeks information that is protected by the attorney-client and work-product privileges; (ii) seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (iii) is generally overbroad, unrestricted in temporal scope, oppressive, vague, ambiguous, harassing, annoying, and therefore unduly burdensome; (iv) is overbroad, oppressive and harassing in that it seeks every document concerning RIN's relationship with its corporate parent Pioneer, another entity in the Pioneer group of companies, Discovision, and its executive Kenny Masaki; and (v) seeks the production of documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary information. Subject to and without waiving the foregoing objections, RIN will produce all non-privileged documents responsive to this Request, to the extent any such documents exist, are in RIN's possession, custody or control, have not previously been produced by Discovision, and relate to the patents-in-suit (as defined in the Subpoena). RIN will neither search for nor produce documents responsive to any other aspect of this Request.

15

1    DATED:  June 9, 2005                    Skadden, Arps, Slate, Meagher & Flom LLP

2

3                                            By: _____

4                                                    Lance A. Etcheverry
                                                    Attorneys for Non-Party
5                                            Research Investment Network, Inc.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

16

| | |
|---|---|
| 1 | <center>**PROOF OF SERVICE**</center> |
| 2 | |
| 3 | **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES** |
| 4 |     I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 300 South Grand Avenue, Los Angeles, California 90071. |
| 5 | |
| 6 |     On June 9, 2005, I served the foregoing documents described as: |

**OBJECTIONS AND RESPONSES OF NON-PARTY RESEARCH INVESTMENT NETWORK, INC. TO SUBPOENA FOR TESTIMONY AND PRODUCTION OF DOCUMENTS**

on the interested party in this action by placing true copies thereon enclosed in a sealed envelope addressed as follows:

> John M. Shumaker
> Weil, Gotshal & Manges LLP
> 700 Louisiana
> Suite 1600
> Houston, Texas 77002
> Telephone: (713) 546-5000
> Fax: (713) 224-9511

☒   **(BY Fax)** I am readily familiar with the firm's practice of facsimile transmission; on this date the document was transmitted by facsimile transmission, the transmission was reported as complete and without error, and the attached transmission report was properly issued by the transmitting facsimile machine.

☐   **(BY MAIL)** I am readily familiar with the firm's practice for the collection and processing of correspondence for mailing with the United States Postal Service and the fact that the correspondence would be deposited with the United States Postal Service that same day in the ordinary course of business; on this date, the above-referenced correspondence was placed for deposit at Los Angeles, California and placed for collection and mailing following ordinary business practices.

☒   **(BY FEDERAL EXPRESS)** I am readily familiar with the firm's practice for the daily collection and processing of correspondence for deliveries with the Federal Express delivery service and the fact that the correspondence would be deposited with Federal Express that same day in the ordinary course of business; on this date, the above-referenced document was placed for deposit at Los Angeles, California and placed for collection and delivery following ordinary business practices.

☒   **(STATE)** I declare under penalty of perjury under the laws of the State of California that above is true and correct.

☒   Executed on June 9, 2005, at Los Angeles, California.

<u>   Caroline Hernandez   </u>           _Caroline Hernandez_
       Type or Print Name                     Signature