IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| AMERICAN VIDEO GRAPHICS, L.P., | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION |
| | § | |
| vs. | § | 6:04cv397  LED |
| | § | |
| HEWLETT-PACKARD CO., *et al.*, | § | JURY TRIAL |
| | § | |
| Defendants. | § | |

## CASE MANAGEMENT REPORT

## INTRODUCTION AND BACKGROUND

### I. THE ORIGINAL AVG CASES

American Video Graphics ("AVG") has sued Personal Computer Makers, Game Console

Makers, and Game Publishers for infringement of one or more of seven patents asserted to be

related to the hardware and software used to create certain types of graphics in computers and

video games.  These patents were originally obtained by a company called Tektronix, and then

later transferred to a company called Discovision, and finally to AVG.  Some of the patents share

overlapping inventors and were applied for by the same prosecuting attorneys.  (Thus, there are

fact witnesses common to all cases.)

### A.    The PC Makers Case

In Civil Action No. 6:04cv397 ("the PC Makers Case"), AVG originally asserted seven

patents: U.S. Patent Nos. 4,730,185 ("the '185 patent"), 5,132,670 ("the '670 patent"), 5,109,520

("the '520 patent"), 4,742,474 ("the '474 patent"), 4,694,286 ("the '286 patent"), 4,761,642 ("the

SCHEDULING CONFERENCE AGENDA AND JOINT REPORT - PAGE 1

'642 patent"), and 4,734,690 ("the '690 patent") against numerous PC manufacturers. Various

companies that manufacture the components alleged to infringe the various AVG patents have

intervened. Specifically, ATI, Nvidia, and Intel manufacture computer chips that are involved in

the graphics operations of the computer. In addition, Microsoft, which makes and sells the

operating software in the PC makers' systems that is alleged to infringe, has now intervened.

**B.     The Game Publishers Case**

AVG filed Civil Action No. 6:04cv398 against companies that publish software games

for PC and game consoles. In this case, AVG asserts only the '690 patent, which is also asserted

in the PC Case and Game Console Case (below).

**C.     The Game Console Case**

AVG filed Civil Action No. 6:04cv399 against companies that manufacture and sell

game consoles and games for their own consoles, Sony, Microsoft and Nintendo. In this case,

AVG asserts the '520 and '690 patents.

## II. AGREED UPON RE-CONFIGURATION OF THE AVG CASES

**A.     The Microsoft Case**

Two of the patents originally asserted in the PC Makers Case, the '286 and '642 patents,

allegedly cover certain aspects of Microsoft's Windows operating system, as opposed to graphics

hardware components, which are allegedly covered by the other patents asserted in the PC

Makers Case. Microsoft and AVG have agreed the '286 and '642 patent claims will be dismissed

against the PC Makers, nVidia, Intel and ATI (and those patents not asserted against any

customer or end-user of a Microsoft product) and that the claims related to those two patents

shall be severed from the PC Case and asserted by AVG against Microsoft in a fourth case on
those two patents only.

**B.    The Game Publishers Case, PC Case and Game Console Case as Re-Configured**

The parties have agreed that, concerning the '690 patent, Microsoft, Nintendo and Sony
Computer Entertainment of America, and Sony Online Entertainment will be joined as
defendants in the Game Publishers Case solely in their capacity as actual publishers of video
games and not in any other capacity whatsoever.

The parties have agreed that, concerning the '690 patent, AVG will plead and seek
recovery only for infringement of the '690 patent against each of the defendants in the Game
Publishers Case (including Microsoft, Nintendo, Sony Computer Entertainment of America, and
Sony Online Entertainment) and that such pleading and recovery sought shall relate solely to the
video game(s) actually published (sold to retailers/wholesalers as applicable) by each such
defendant.  AVG shall not base any claims or seek any recovery under the '690 patent against
any Defendant in any case or against any Intervenor based on any video game system, accessory,
or related development software or hardware.

AVG has agreed that it will seek damages from Microsoft, Nintendo, and the Sony
Entities for alleged infringement of the '690 patent based only on the sales of allegedly infringing
games actually published by Microsoft, Nintendo, and any of the Sony Entities, and that any
video game system sales, revenues, profits, or convoyed sales shall not be considered in
determining any alleged reasonable royalty or other measure of alleged damages against
Microsoft, Nintendo, and any of the Sony Entities based on the '690 patent.

All other claims under the '690 patent for direct or indirect infringement, or damages of any kind (including but not limited to convoyed sales) will be dismissed as to Microsoft, the Sony Entities, Nintendo, and the other Defendants and Intervenors, including any claims against them in their capacities as hardware manufacturers, component suppliers, providers of related development software or hardware, or operating system providers. The parties agree that such claims shall not be raised again against any of the present Defendants or Intervenors in any other case.

This means that all claims involving the '690 patent will be asserted in the Game Publishers Case only, and will be asserted only against Game Publishers based on sales of the games actually published by each such publisher. It further leaves only the '520 patent in the Game Console Case. The parties further agree that AVG will seek damages in the Game Console Case under the '520 patent from any Defendant or Intervenor based solely on sales of allegedly infringing consoles or components thereof, and that any video game sales, revenues, profits, or convoyed sales shall not be considered in determining any alleged reasonable royalty or other measure of alleged damages based on the '520 patent. Finally, once the Microsoft case is severed, after dismissal of the '690 patent from the PC Case, there will only be four patents in that case, most of which deal with hardware. (The '520 patent will be the only patent to overlap between any of the cases, as it will be in both the PC Case and the Game Console Case).

After the cases have been reconfigured, AVG, Microsoft, Nintendo, the Sony Entities, and the Game Publishers Case Defendants will confer regarding modifications to the discovery limits in the Game Publisher Case and the Game Console Case. The agreements set forth herein shall be binding on AVG and its successors and assigns.

SCHEDULING CONFERENCE AGENDA AND JOINT REPORT - PAGE 4

**C.    Order of Trials**

The parties have agreed, as explained below, that the first case to trial should be the Microsoft case (January 9, 2006), followed by the Game Publishers Case (May 15, 2006), followed by the PC Case (September 18, 2006), and finally the Game Console Case (not less than eight weeks after conclusion of the PC Case trial).

## SCHEDULING CONFERENCE AGENDA
### AND
## JOINT REPORT ON PROPOSED DISCOVERY AGREEMENTS

Pursuant to the Court's December 2, 2004 Amended Notice of Scheduling Conference, the parties in the PC and Game Console cases submit this Scheduling Conference Agenda and Joint Report which sets forth the agreements they have reached with respect to this Court's proposed dates for the Docket Control Order and with respect to limitations on discovery. AVG and the Game Case Defendants and AVG and Microsoft are submitting separate reports to the Court regarding the agreements they have reached with respect to the schedule for, and discovery in, the Game Case and Microsoft Case, respectively.

**1.    Order of Trials and Trial Dates.**

Start the Game Case trial on May 15, 2006, the PC Case on September 18, 2006 or as soon thereafter as the Court's schedule permits, and the Game Console Case at least eight (8) weeks after the completion of the PC case. The Game Case preceding the PC case is contingent on AVG's position in paragraph 3 of this Agenda being accepted by the Defendants and Intervenors or adopted by the Court.   AVG and Microsoft have agreed to a January 9, 2006 trial date for the Microsoft case if that date fits the Court's schedule.

**2.    Length of Trial.**

SCHEDULING CONFERENCE AGENDA AND JOINT REPORT - PAGE 5

AVG preposes seven (7) to ten (10) trial days for the Game Case, fifteen (15) trial days for the PC case, ten (10) trial days for the Game Console case, and ten (10) trial days for the Microsoft case. Until Defendants and Intervenors can review the 3-1 infringement allegations and know what specific products and components are accuse of infringing which claims of which patents, they do not believe they have sufficient information to opine on the time needed for trial. Defendants and Intervenors will supplement this answer within ten (10) business days of recipt of AVG's 3-1 disclosures. AVG does not oppose this schedule. AVG and the Game Case Defendants have agreed on the number of trial days.

3.     **Treatment of the '690 Patent.**

The '690 is the only patent in the Game Publishers Case, one of five patents in the PC case, and one of two patents in the Game Console case. AVG proposes dismissing its claims based on the '690 patent in the PC case and adding the four game publishers who are also defendants in the Game Console case - Microsoft Corporation, Nintendo of America, Inc., Sony Computer Entertainment America, Inc., and Sony Online Entertainment, Inc - to the Game Publishers Case. This will result in the '690 patent being only in the Game Publishers Case. AVG will drop any claims of indirect infringement against the hardware makers (the Intervenors, PC Makers and Game Console Makers) under the '690 patent for sales of PCs, Game Consoles or other hardware or convoyed sales or other damages related to hardware sales based on allegations of direct or indirect infringement. AVG will only seek damages from each game publisher for direct or indirect infringement, as reasonable royalties, lost profits, convoyed sales or other theories or bases of damages, based on sales of games by that game publisher of its own games and only in the Game Publishers Case and in no other lawsuit.

4.     **3.3 Disclosures and Initial Technical Discovery.**

On March 1, 2005, the Intervening Parties in the PC Case and the Game Console Case will produce documents and make written disclosures responsive to all issues. The Defendants in the PC Case (the PC Manufacturers) and the Defendants in the Game Console Case (the Game Console Manufacturers) will not produce documents or make initial disclosures at that time. Defendants and Intervenors in the PC and Game Console Cases will produce charts by March 01, 2005, as required by Local Patent Rule 3-3 and all prior art or other documents cited in those charts or being relied upon for any defenses of invalidity or unenforceability. AVG will take discovery only from the Intervenors in both cases through April 8, 2005. On April 8, 2005, AVG is free to seek discovery from all Defendants in both cases on all subjects, under the Court's initial disclosure orders and the Federal Rules of Civil Procedure, provided, however, Defendants reserve all rights to seek protection from, limit the scope of, or stay in its entirety any discovery sought or the cases as to them as a whole. AVG and the other parties in the PC and Game Console Cases will confer and file a supplement to this report by March 26, 2005, and an additional case management conference will be held in the PC Case and Game Console Case on April ___, 2005, where each side can make any proposal for case management or other relief, notwithstanding any other provision of this order. At that conference, a specific schedule will be set for the PC and Game Console Cases to accommodate a September 2006 trial date for the PC case and subsequent trial date for the Game Console Case. Discovery would be staged or phased to have the Intervenors provide discovery before the Defendants are required to do so. Provided, however, AVG is free to seek or demand discovery as stated above on April 8, 2005 notwithstanding anything herein to the contrary.

**5.    Protective Orders.**

The parties in each case will jointly submit a Protective Order, common to all cases, to the Court prior to AVG's disclosure on January 20, 2005, that the parties agree to be bound by pending approval by the Court. If the parties can not agree on all terms, the disputed terms will be submitted by January 20, 2005 to the Court for decision. In any event, the parties will have reached agreement on the scope of the confidentiality provisions of the Protective Order prior to AVG producing documents.

The Protective Order will include a provision that only final reports and materials actually relied upon by experts may be discovered, and that draft reports, correspondence not relied upon and other evidence not relied upon by experts is exempt from discovery.

**6.    Third Party Discovery.**

The parties will serve each other with copies of any third-party subpoena on the same day such subpoena is served on the third-party, or as soon thereafter as is possible. The parties will promptly serve each other with copies of any documents produced by third-parties pursuant to a subpoena or otherwise, and in no event later than three (3) business days after receipt of such third-party documents. In the event documents are produced by a third-party less than three (3) days before the third-party is deposed, copies of the documents will be sent to opposing counsel as soon as possible prior to the deposition.

**7.    Mediation.**

In each case, the parties will exchange lists of proposed mediators by February 18 , 2005, and report to the Court by March 4, 2005 on a proposed mediator for each case (or possibly all cases). If agreement can not be reach in a particular case, then each side will propose a mediator

for the Court's selection. Also, on March 4, 2005, the parties in the PC Case, Game Console

Case, and Microsoft Case will inform the Court of their respective proposed deadlines for

mediating. The Parties in the Game Publishers Case will mediate by June 30, 2005.

**8.    Markman Briefing.**

The reports submitted for the Game Publishers Case and Microsoft Case address the

Markman briefing schedule for those two cases.   Claim Construction Briefing and Schedule will

be set in the second case management conference in the PC and Game Console Cases.

**9.    Live Testimony at the Markman Hearing.**

The parties will confer regarding live testimony and inform the Court of their agreement

or relative positions in the March 26, 2006 supplement to this Report.

**10.    Limits on Discovery Relating to Claim Construction, including Deposing Witnesses.**

AVG may depose each witness for up to eight (8) hours.  The Intervenors and

Defendants collectively may depose each witness for up to eight (8) hours.

**11.    Presentation Order at the Markman Hearing.**

AVG prefers to open, with the Intervenors and Defendants presenting next, and then

AVG closing.  The Defendants and Intervenors will allow the Court to decide the order or

presentation.

**12.    Claim Construction Pre-Hearing.**

At this time, the parties in the PC and Game Console Case have not reached agreement

on whether a pre-hearing is needed, but will confer and inform the Court of their agreement or

relative positions in the March 26, 2005 supplement to this Report.

**13.    Dates for Future Case Management Conferences.**

The next case management hearing should occur in early April 2005 to set a consolidated claim construction hearing on the '520 patent (which is in both the PC and Game Console Cases), a claim construction hearing on the remaining three patents in the PC Case, and a discovery plan and schedule up to those claim construction hearings and the previously set trial dates and for entry by the Court of such other orders as appropriate.

**14.    Number of Interrogatories.**

**a.    PC Case.**

AVG may serve up to 25 common interrogatories on the Intervenors and Defendants collectively. AVG may serve up to an additional 25 interrogatories on each individual Intervenor and up to an additional 15 interrogatories on each individual Defendant.

The Intervenors and Defendants, collectively, may serve up to 25 common interrogatories on AVG. Each individual Intervenor may serve up to an additional 25 interrogatories on AVG, and each individual Defendant may serve up to an additional 15 interrogatories on AVG.

**b.    Game Console Case**

AVG may serve up to 20 common interrogatories on the Intervenors and Defendants collectively. AVG may serve up to an additional 20 interrogatories on each individual Intervenor and up to an additional 15 interrogatories on each individual Defendant.

The Intervenors and Defendants, collectively, may serve up to 20 common interrogatories on AVG. Each individual Intervenor may serve up to an additional 20

interrogatories on AVG, and each individual Defendant may serve up to an additional 15 interrogatories on AVG.

**15.    Requests for Admissions.**

    **a.    PC Case.**

        AVG may serve up to 40 common requests for admissions on the Intervenors and Defendants collectively.  AVG may serve up to an additional 40 requests for admissions on each individual Intervenor and each individual Defendant.

        The Intervenors and Defendants, collectively, may serve up to 40 common requests for admissions on AVG.  Each individual Intervenor and each individual Defendant may serve up to an additional 40 requests for admissions on AVG.

        There is no limit on the number of requests for admissions that may be served by any party to authenticate documents.

    **b.    Game Console Case.**

        AVG may serve up to 30 common requests for admissions on the Intervenors and Defendants collectively.  AVG may serve up to an additional 15 requests for admissions on each individual Intervenor and each individual Defendant.

        The Intervenors and Defendants, collectively, may serve up to 30 common requests for admissions on AVG.  Each individual Intervenor and each individual Defendant may serve up to an additional 15 requests for admissions on AVG.

        There is no limit on the number of requests for admissions that may be served by any party to authenticate documents.

16.    **Depositions of the Parties.**

    a.    **PC Case.**

        AVG may depose each Defendant up to 28 hours.   AVG may depose each Intervenor up to 91 hours total for both the PC and Game Console Cases.

        Defendants may depose AVG 21 hours collectively and 7 hours each on issues in the PC case, including those that overlap other cases.  Intervenors may depose AVG 77 hours collectively and 14 hours each, combined for all four cases.

    b.    **Game Console Case.**

        AVG may depose each Defendant up to 35 hours.

        Defendants may depose AVG 28 hours collectively and 7 hours each on issues in the Game Console case, including those issues that overlap other cases.

17.    **Third Party Depositions**

        Third parties include the inventors and prosecuting attorneys of the AVG patents, Tektronix employees, prior art authors, etc.

    a.    **PC Case.**

        AVG may use up to 70 hours deposing third parties.  The Defendants and Intervenors, collectively, may use up to 140 hours deposing third parties.  In addition, the Defendants and Intervenors, collectively, will have seven hours of common deposition time for each individual inventor and prosecuting attorney.

    b.    **Game Console Case.**

        AVG may use up to 35 hours deposing third parties.  The Defendants and Intervenors, collectively,  may use up to 70 hours deposing third parties.  In addition, the Defendants and

Intervenors, collectively, will have seven hours of common deposition time for each individual inventor and prosecuting attorney.

        **c.**     **Both Cases.**

The parties agree that if either side uses all of the hours allotted to it for taking the depositions of third parties, the parties will confer in good faith to reach agreement on additional hours.

        **d.**     **Common Witnesses.**

The parties in all cases will attempt to schedule the deposition of any common witness for one session. Provided, however, that the time limits for each case and for each party in each case shall apply separately for each case in which the deposition is noticed.

**18.**     **Number of Experts.**

There is no limit on the number of experts in the PC, Game Console, or Microsoft Cases.

**19.**     **Amount of Time for Expert Depositions.**

In the PC, Game Console, and Microsoft cases, each side will have 28 hours to depose each expert of the other side.

The undersigned parties have agreed to this joint report to the Court. Uniwill Computer International Corp. and Twinhead Corp. have not taken a position with respect to this case management report.

DATED: January 10, 2005

Respectfully submitted,

**McKOOL SMITH, P.C.**

/s/  Sam Baxter
Sam Baxter
Attorney-in-Charge
Texas State Bar No. 01938000
505 E. Travis, Suite 105
P.O. Box O
Marshall, Texas 75670
sbaxter@mckoolsmith.com
Telephone: (903) 927-2111
Telecopier: (903) 927-2622

Mike McKool, Jr.
Texas State Bar No. 13732100
mmckool@mckoolsmith.com
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

T. Gordon White
Texas State Bar No. 21333000
gwhite@mckoolsmith.com
300 West Sixth Street, Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Telecopier: (512) 692-8744

**ATTORNEYS FOR PLAINTIFF
AMERICAN VIDEO GRAPHICS, L.P.**

**AMERICAN VIDEO GRAPHICS, L.P.**
**v.**
**HEWLETT-PACKARD CO., *ET AL*.**
**CIVIL ACTION NO. 6:04-CV-397 LED**

**SIGNATURES OF**
**DEFENDANTS AND INTERVENORS**

/s/ Rowena Young
   (by Sam Baxter with permission)

Scott E. Stevens
Texas State Bar No. 00792024
**Stevens Law Firm**
P.O. Box 807
Longview, TX 75606
Tel: 903-753-6760
Fax: 903-753-6761

Of Counsel:
Kaiwen Tseng
Rowena Young
**Orrick, Herrington & Sutcliffe LLP**
1000 Marsh Road
Menlo Park, CA 94025
Tel:  650-614-7400
Fax:  650-614-7401

**ATTORNEYS FOR DEFENDANTS
ACER AMERICA CORP. and ACER
INC.**

/s/ V. Bryan Medlock, Jr.
   (by Sam Baxter with permission)

V. Bryan Medlock, Jr., Attorney-in-Charge
Texas State Bar No. 13897000
bmedlock@sidley.com

Thomas N. Tarnay
Texas State Bar No. 24003032
ttarnay@sidley.com

Scott W. Hejny
Texas State Bar No. 24038952
shejny@sidley.com

Catherine I. Rajwani
Texas State Bar No. 24034641
crajwani@sidley.com

**Sidley Austin Brown &
Wood LLP**
717 N. Harwood, Suite 3400
Dallas, TX 75201
Tel: 214-981-3300
Fax: 214-981-3400

**ATTORNEYS FOR INTERVENOR
ATI TECHNOLOGIES INC.**

/s/ Kathleen L. Turland
   (by Sam Baxter with permission)

Ronald S. Vickery, Esq.
Texas State Bar No. 20574250
**Ramey & Flock, P.C.**
100 E. Ferguson, Suite 500
Tyler, TX 75702
Tel: 903-510-5218
Fax: 903-597-2413

Lawrence T. Gresser, Esq.
Karen H. Bromberg
**Cohen & Gresser LLP**
666 Fifth Avenue, 26th Floor
New York, NY 10103
Tel: 212-957-7600
Fax: 212-957-4514

**ATTORNEYS FOR DEENDANT
AVERATEC, INC.**

/s/ Mark N. Reiter
   (by Sam Baxter with permission)

Mark N. Reiter, Esq.
Attorney-in-Charge
Texas State Bar No. 16759900
mnreiter@jonesday.com
Daniel T. Conrad
Texas State Bar No. 24026608
dtconrad@jonesday.com
**Jones Day**
2727 North Harwood Street
Dallas, Texas 75201-1515
Tel: 214/220-3939
Fax: 214/969-5100

David L. Witcoff, Esq.
dlwitcoff@jonesday.com
**Jones Day**
77 West Wacker Dr., Suite 3500
Chicago, IL 60601
Tel: 312/782-3939
Fax: 313/782-8585

**ATTORNEYS FOR DEFENDANT
DELL INC.**

/s/ Marc J. Pernick
   (by Sam Baxter with permission)

Karl J. Kramer (CA Bar No. 136433)
Marc J. Pernick (CA Bar No. 160591)
**Morrison & Foerster, L.L.P.**
755 Page Mill Road
Palo Also, California 93404-1018
Tel: 650-813-5775
Fax: 650-494-0792
kkramer@mofo.com
**ATTORNEY-IN-CHARGE FOR
DEFENDANT FUJITSU COMPUTER
SYSTEMS, CORP.**
(*pro hac vice*)

Andy Tindel
Texas State Bar No. 20054500
**Provost Umphrey Law Firm, L.L.P.**
112 E. Line Street, Suite 304
Tyler, TX 75702
Tel:  903/596-0900
Fax:  903/596-0909
atindel@andytindel.com
**LOCAL COUNSEL FOR DEFENDANT
FUJITSU COMPUTER SYSTEMS,
CORP.**

/s/ Eric H. Findlay
   (by Sam Baxter with permission)

Jeffrey B. Plies, Esq.
Texas State Bar No. 24027621
Bryan Farney, Esq.
Texas State Bar No. 06826600
**Dewey Ballantine, L.L.P.**
401 Congress Ave., Suite 3200
Austin, TX 78701-2478
Tel:  512/226-0300
Fax:  512/226-0333

Eric H. Findlay
Texas State Bar No. 00789886
**Ramey & Flock, P.C.**
100 E. Ferguson, Suite 500
Tyler, TX 75702
Tel:  903-597-3301
Fax:  903-597-2413

**ATTORNEYS FOR DEFENDANT
GATEWAY, INC.**

/s/ David J. Levy
___(by Sam Baxter with permission)___

David J. Levy, Esq.
Attorney-in-Charge
Texas State Bar No. 12264850
**Fulbright & Jaworsky, L.L.P.**
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Tel: 713/651-5100
Fax: 713/651-5246
dlevy@fulbright.com

Of Counsel:
Rick L. Rambo, Esq.
Texas State Bar No. 00791479
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Tel: 713/651-5151
Fax: 713/651-5246
rrambo@fulbright.com

David D. Bahler, Esq.
Texas State Bar No. 01513100
**Fulbright & Jaworski L.L.P.**
600 Congress Ave., Suite 2400
Austin, TX 78701
Tel: 512-536-3005
Fax: 512-536-4598
dbahler@fulbright.com

T. John Ward, Jr., Esq.
Texas State Bar No. 00794818
**Law Office of T. John Ward, Jr., P.C.**
P.O. Box 1231
Longview, Texas 75606-1231
Tel: 903/757-6400
Fax: 903/758-7397
jw@jwlawfirm.com

Jennifer Parker Ainsworth, Esq.
Texas Bar No. 00784720
**Wilson, Sheehy, Knowles, Robertson
& Cornelius, P.C.**
909 ESE Loop 323, Suite 500
P. O. Box 7339
Tyler, TX 75701
Tel: 903-509-5000
Fax: 903-509-5091
jainsworth@wilsonlawfirm.com

**ATTORNEYS FOR DEFENDANT
HEWLETT-PACKARD CO.**

/s/ Mark N. Reiter
  (by Sam Baxter with permission)

David L. Witcoff, Esq.
Attorney-in-Charge
dlwitcoff@jonesday.com
**Jones Day**
77 West Wacker Dr., Suite 3500
Chicago, IL 60601
Tel: 312-782-3939
Fax: 312-782-8585

Mark N. Reiter, Esq.
Texas State Bar No. 16759900
mnreiter@jonesday.com
Daniel T. Conrad
Texas State Bar No. 24026608
dtconrad@jonesday.com
Thomas R. Jackson
Texas State Bar No. 10496700
trjackson@jonesday.com
**Jones Day**
2727 North Harwood Street
Dallas, Texas 75201-1515
Tel: 214/220-3939
Fax: 214/969-5100

Eric M. Albritton
Texas State Bar No. 00790215
eric@albrittonlawfirm.com
**Albritton Law Firm**
P.O. Box 2649
Longview, Texas 75606
Tel: 903/757-8449
Fax: 903/758-7397

**ATTORNEYS FOR DEFENDANT
INTERNATIONAL BUSINESS
MACHINES CORPORATION**

/s/ Ruffin B. Cordell
  (by Sam Baxter with permission)

Melissa Richards Smith
**Gillam & Smith, LLP**
110 S. Bolivar, Suite 204
Marshall, TX 75670
Tel: 903/934-8450
Fax: 903/934-9257

Of Counsel:
Ruffin B. Cordell
Texas State Bar No. 04820550
Linda Liu Kordziel
**Fish & Richardson P.C.**
1425 K Street, N.W., 11th Floor
Washington, D.C. 20005
Tel: 202/783-5070
Fax: 202/783-2331

John W. Thornburgh
Seth M. Sproul
**Fish & Richardson P.C.**
12390 El Camino Real
San Diego, CA 92130
Tel: 858/678-5070
Fax: 858/678-5099

**ATTORNEY FOR INTERVENOR
INTEL CORPORATION**

/s/ Joseph Casino
 (by Sam Baxter with permission)

Eric M. Albritton
Texas State Bar No. 00790215
**Albritton Law Firm**
P.O. Box 2649
Longview, Texas  75606
Tel:  903/757-8449
Fax:  903/758-7397
eric@albrittonlawfirm.com

Of Counsel:
Morton Amster
New York Registration No. 1193689
Abraham Kasdan
New York Registration No. 2040772
Joseph Casino
New York Registration No. 2835338
**Amster, Rothstein & Ebenstein LLP**
90 Park Avenue
New York, New York  10016
Tel:  212/336-8000
Fax:  212/336-8001

**ATTORNEYS FOR DEFENDANT
JVC AMERICAS CORP.**

/s/ Joseph Casino
 (by Sam Baxter with permission)

Eric M. Albritton
Texas State Bar No. 00790215
**Albritton Law Firm**
P.O. Box 2649
Longview, Texas  75606
Tel:  903/757-8449
Fax:  903/758-7397
eric@albrittonlawfirm.com

Of Counsel:
Morton Amster
New York Registration No. 1193689
Joseph Casino
New York Registration No. 2040772
Abraham Kasdan
New York Registration No. 2835338
**Amster, Rothstein & Ebenstein LLP**
90 Park Avenue
New York, New York  10016
Tel:  212/336-8000
Fax:  212/336-8001

**ATTORNEYS FOR DEFENDANT
MATSUSHITA ELECTRIC
CORPORATION OF AMERICA**

/s/ Cheryl L. Johnson
  (by Sam Baxter with permission)

Melvin R. Wilcox
Attorney-in-Charge
Texas State Bar No. 21454800
**Wilson, Sheehy, Knowles,**
**Robertson & Cornelius, P.C.**
909 ESE Loop 232, Suite 400
P.O. Box 7339
Tyler, Texas  75701
Tel: 903/509-5000
Fax: 903/509-5092

Of Counsel:
Cheryl L. Johnson
California Bar No. 66321
**Squire, Sanders & Dempsey L.L.P.**
801 S. Figueroa St., 14th Floor
Los Angeles, CA 90017-5554
Tel:  213/624-2500
Fax:  213/623-4581

**ATTORNEYS FOR DEFENDANT**
**MICRO ELECTRONICS, INC.**

/s/ David J. Healey
  (by Sam Baxter with permission)

David J. Healey
Attorney-in-Charge
Texas State Bar No. 09327980
**Weil, Gotshal & Manges LLP**
700 Louisiana Street, Suite 1600
Houston, Texas  77002
Tel: 713/546-5000
Fax: 713/224-9511
david.healey@weil.com

Matthew D. Powers
Steven Cherensky
**Weil, Gotshal & Manges LLP**
201 Redwood Shores Parkway
Redwood Shores, CA  94065
Tel: 650/802-3000
Fax: 650/802-3100

Garland T. Stephens
Josh A. Krevitt
Tim DeMasi
**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY  10153-0119
Tel: 212/310-8000
Fax: 212/310-8007

Michael E. Jones
**Potter Minton**
**A Professional Corporation**
110 N. College, Suite 500
Tyler, TX 75702
Tel:  903/597-8311
Fax:  903/593-0846

**ATTORNEYS FOR INTERVENOR**
**MICROSOFT CORPORATION**

**SCHEDULING CONFERENCE AGENDA AND JOINT REPORT - PAGE 22**

/s/ William J. Bohler
  (by Sam Baxter with permission)

Otis W. Carroll, Jr.
Attorney-in-Charge
Texas State Bar No. 03895700
Wesley Hill
Texas State Bar No. 24032294
Collin Michael Maloney
Texas State Bar No. 00794219
**Ireland Carroll & Kelley, PC**
6101 S. Broadway, Suite 500
Tyler, TX 75703
Tel:  903/561-1600
Fax:  903/581-1071
fedserv@icklaw.com

**TOWNSEND AND TOWNSEND AND
CREW LLP**
Daniel J. Furniss
CA State Bar No. 73531
djfurniss@townsend.com

William J. Bohler
CA State Bar No. 141970
wjbohler@townsend.com

Joseph A. Greco
CA State Bar No. 104476
jagreco@townsend.com

Robert Artuz
CA State Bar No. 227789
rjartuz@townsend.com

379 Lytton Ave.
Palo Alto, CA 94301
Tel:  650/326-2400
Fax:  650/326-2422

**NVIDIA CORPORATION**
Richard B. Domingo
CA State Bar No. 151644
rdomingo@nvidia.com

William L. McGrath
CA State Bar No. 153403
bmcgrath@nvidia.com

Stephen H. Pettigrew
CA State Bar No. 54316
spettigrew@nvidia.com

2701 San Tomas Expressway
Santa Clara, CA 95050
Tel: 408-566-6481
Fax: 408-566-6981

**ATTORNEYS FOR INTERVENOR
NVIDIA CORPORATION**

/s/ Henry A. Petri
  (by Sam Baxter with permission)

Michael S. Dowler
Attorney-in-Charge
Texas State Bar No. 00783979
dowlerm@howrey.com
Henry A. Petri
Texas State Bar No. 15850600
petrih@howrey.com
**Howrey Simon Arnold & White, LLP**
750 Bering Drive
Houston, TX 77057-2198


**ATTORNEYS FOR DEFENDANT
MPC COMPUTERS, LLC**

/s/ Robert W. Adams
  (by Sam Baxter with permission)

Melvin R. Wilcox, III
Attorney-in-Charge
Texas State Bar No. 21454800
**Wilson, Sheehy, Knowles,
Robertson & Cornelius, P.C.**
909 ESE Loop 323, Suite 400
Tyler, Texas  75701
Tel:  903/509-5000
Fax:  903/509-5092

Of Counsel:
Robert W. Adams
Virginia State Bar No. 30820
**Nixon & Vanderhye P.C.**
1100 North Glebe Road
Arlington, VA 22201
Tel:  703/816-4022
Fax:  703/816-4100

**ATTORNEYS FOR DEFENDANT
SHARP ELECTRONICS CORP.**

/s/ Lewis V. Popovski
  (by Sam Baxter with permission)

Melvin R. Wilcox, III
Attorney-in-Charge
Texas State Bar No. 21454800
**Wilson, Sheehy, Knowles,**
**Robertson & Cornelius, P.C.**
P.O. Box 7339
Tyler, Texas 75711
Tel: 903/509-5000
Fax: 903/509-5092
mrw@wilsonlawfirm.com

Richard S. Gresalfi
rgresalfi@kenyon.com
Lewis V. Popovski
lpopovski@kenyon.com
John Flock
jflock@kenyon.com
Dalia S. Grimberg
dgrimberg@kenyon.com
Gregg A. Paradise
gparadise@kenyon.com
**Kenyon & Kenyon**
One Broadway
New York, NY 10004
Tel: 212/425-7200
Fax: 212/425-5288

**ATTORNEYS FOR DEFENDANT**
**SONY ELECTRONICS**

/s/ Clyde A. Shuman
  (by Sam Baxter with permission)

Paul S. Francis
Texas State Bar No. 07359500
Michele M. Pilibosian
Texas State Bar No. 24007613
**Baker & Hostetler LLP**
1000 Louisiana, Suite 2000
Houston, TX 77002
Tel: 713/751-1600
Fax: 713/751-1717

and

David W. Denenberg (pro hac vice)
Clyde Alvin Shuman (pro hac vice)
**Gibbons, Del Deo, Dolan,**
**Griffinger & Vecchione, P.C.**
One Penn Plaza, 37th Floor
New York, NY 10119
Tel: 212-649-4700
Fax: 212-333-5980

**ATTORNEYS FOR DEFENDANT**
**SYSTEMAX, INC.**

**SCHEDULING CONFERENCE AGENDA AND JOINT REPORT - PAGE 25**

/s/ John J. Feldhaus
  (by Sam Baxter with permission)

Melvin R. Wilcox, III
Attorney-in-Charge
Texas State Bar No. 21454800
**Wilson, Sheehy, Knowles,**
**Robertson & Cornelius, P.C.**
909 ESE Loop 323, Suite 400
P.O. Box 7339
Tyler, Texas 75701
Tel: 903/509-5000
Fax: 903/509-5092
mrw@wilsonlawfirm.com

Of Counsel:
John J. Feldhaus
DC Bar No. 462007
jfeldhaus@foley.com
**Foley & Lardner LLP**
Washington Harbour, Suite 500
3000 K Street, N.W.
Washington, D.C. 20007-5109
Tel: 202/672-5403
Fax: 202/672-5399

**ATTORNEYS FOR DEFENDANT**
**TOSHIBA AMERICA, INC.**

/s/ Cheryl L. Johnson
  (by Sam Baxter with permission)

Melvin R. Wilcox
Attorney-in-Charge
Texas State Bar No. 21454800
**Wilson, Sheehy, Knowles,**
**Robertson & Cornelius, P.C.**
P.O. Box 7339
Tyler, Texas 75711
Tel: 903/509-5000
Fax: 903/509-5092
mrw@wilsonlawfirm.com

Of Counsel:
Cheryl L. Johnson
**Squire, Sanders & Dempsey L.L.P.**
801 S. Figueroa St., 14th Floor
Los Angeles, CA 90017-5554
Tel: 213/624-2500
Fax: 213/623-4581

**ATTORNEYS FOR DEFENDANT**
**WINBOOK COMPUTER**
**CORPORATION**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this notice was served on all counsel who have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. mail, on this the 10th day of January, 2005.

_____/s/ Sam Baxter_____
Sam Baxter
