SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
THOMAS J. NOLAN (State Bar No. 66992)
LANCE A. ETCHEVERRY (State Bar No. 199916)
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071-3144
213-687-5000 (Telephone)
213-687-5600 (Facsimile)

Attorneys for Non-Party
Discovision Associates

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN VIDEO GRAPHICS, L.P., <br><br> Plaintiff, <br><br> v. <br><br> MICROSOFT CORPORATION, et al., <br><br> Defendants. | CASE NOS.  6:04-CV-397-LED <br> 6:04-CV-398-LED <br> 6:04-CV-399-LED <br> 6:05-CV-006-LED <br><br> (Eastern District of Texas) <br><br> OBJECTIONS AND RESPONSES OF NON-PARTY DISCOVISION ASSOCIATES TO SUBPOENA FOR TESTIMONY AND PRODUCTION OF DOCUMENTS |

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, non-party Discovision Associates ("Discovision"), by and through its undersigned counsel, hereby objects and responds to the Subpoena to Provide Testimony and Produce and Permit Inspection and Copying of Documents (the "Subpoena") served by Defendants in the above-captioned litigations ("Defendants") as follows:

## GENERAL OBJECTIONS

1.  Discovision is providing these responses, while expressly reserving the right to object to all or part of the Subpoena or future subpoenas should any party to the actions brought by American Video Graphics, L.P. ("AVG") in the Eastern District of Texas, four of which are entitled <u>American Video Graphics, L.P. v. Hewlett-Packard Co.</u>, No. 6:04-CV-397-LED (E.D. Tex.), <u>American Video Graphics, L.P. v. Electronic Arts Inc.</u>, No. 6:04-CV-398-LED (E.D. Tex.), <u>American Video Graphics, L.P. v. Sony Corporation of America</u>, No. 6:04-CV-399-LED (E.D. Tex.), and <u>American Video Graphics, L.P. v. Microsoft Corp.</u>, No. 6:05-CV-006-LED (E.D. Tex.) (collectively the "Actions"), request any additional testimony or information from Discovision.

2.  Nothing contained herein shall be deemed to constitute an assent to the terms or definitions used in the Subpoena.

3.  Discovision objects to the Subpoena and each and every Request for Production ("Request") insofar as they seek information that is not relevant to the subject matter of the Actions nor reasonably calculated to lead to the discovery of admissible evidence. Discovision does not concede the relevance of any document being produced in response to the Subpoena and expressly reserves the right to object to the introduction in evidence of any responses on relevance or any other grounds.

4.  Discovision objects to the Subpoena and each and every Request to the extent they require Discovision to comply with requirements beyond those imposed by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Central District of California, or exceed the permissible scope of discovery under said rules.

5.  Discovision objects to the Subpoena and each and every Request to the extent they seek documents that are not required to be produced under any applicable privilege, doctrine or immunity, including without limitation the

1

attorney-client privilege, the work-product doctrine, and all other privileges recognized under the constitutional, statutory or decisional law of the United States and all other relevant jurisdictions.

6. Discovision objects to the Subpoena and each and every Request to the extent they seek materials that are equally available to Plaintiff through other sources, including parties to the Actions, third-parties, and or/public sources or records, on the ground that such Requests subject Discovision to unreasonable and undue annoyance, oppression, burden and expense. As a non-party, Discovision is not required to expend the time and resources required to gather or produce such documents and information.

7. Discovision objects to the Subpoena and each and every Request to the extent they seek testimony and/or the production of documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary information that is subject to Discovision's and/or a third-party's constitutional, statutory or common law right of privacy or protection.

8. Discovision objects to the Subpoena and each and every Request to the extent they are overbroad, oppressive, vague, ambiguous, harassing, annoying, redundant, overlapping or repetitive, and therefore unduly burdensome.

9. Discovision objects to the Subpoena and each and every Request to the extent they seek the provision of testimony and/or production of documents, the dissemination of which is restricted by the protective orders entered in the Actions. Pursuant to those protective orders, the confidential nature of certain specified information produced in those Actions must be preserved. Any documents produced by Discovision in response to the Subpoena are produced subject to the terms of the protective orders.

10. Discovision objects to the Subpoena and each and every Request on grounds that they are not limited in scope to a specified period of time and, thus,

1 | are overbroad, oppressive, vague, ambiguous, harassing, annoying, and unduly
2 | burdensome.

11. Discovision objects to the Subpoena and each and every Request to the extent they seek to impose a continuing duty on Discovision to supplement or provide further responses. Such a duty is inconsistent with the Federal Rules of Civil Procedure and the Local Rules of the Central District of California.

12. Discovision objects in advance to any future attempt by any party to the Actions to elicit further testimony or production of documents from Discovision or its employees, agents or affiliated entities. As Discovision has made clear, this is the final time that Discovision will assent to provide testimony or produce documents in connection with the Actions. Discovision's position is consistent with the weight of federal authority, which frowns on attempts by parties to subject witnesses (particularly third-party witnesses) to multiple depositions. See Fed. R. Civ. P. 30(a)(2)(B) ("A party must obtain leave of court . . . [if] the person to be examined has already been deposed in the case"); Ameristar Jet Charter, Inc. v. Signal Composites, Inc., 244 F.3d 189, 192-93 (1st Cir. 2001) (affirming issuance of a protective order to non-party witness that had previously been deposed by other defendants in the case).

13. Discovision expressly reserves the right to amend and/or supplement its responses as discovery of additional information may from time to time require.

14. Inadvertent disclosure or production of any information that is privileged or otherwise immune from discovery shall not constitute a waiver of any privilege or of any other ground for objecting to the discovery with respect to such information or the subject matter thereof, or the right of Discovision to object to the use of any such information or the subject matter thereof during subsequent proceedings.

15. Except as otherwise stated below, an objection to a specific Request does not imply that documents responsive to that category exist.

3

16.  Without waiving any of the foregoing General Objections, each of which is expressly incorporated into each individual response as though fully stated therein, Discovision responds to the Subpoena and each and every Request, subject to the following additional express reservations of rights:

   a.  The right to object, on the grounds of competency, privilege, relevance, burden or materiality, or any other proper grounds, to the use of these responses for any purpose, in whole or in part, in any subsequent stage or proceeding in the Actions; and

   b.  The right at any time to revise, correct, add to or clarify any of the responses propounded herein.

### SPECIFIC OBJECTIONS TO SUBPOENA FOR TESTIMONY

Discovision incorporates by reference its General Objections as though fully set forth herein. In addition, Discovision objects to the Subpoena for testimony on the following grounds:

1.  Discovision objects to the Subpoena on grounds that the matters on which examination is requested are overbroad, unrestricted in temporal scope, oppressive, vague, ambiguous, harassing, annoying, redundant, overlapping or repetitive, and therefore unduly burdensome.

2.  Discovision objects to the Subpoena to the extent it seeks testimony that is neither relevant to the Actions nor reasonably calculated to lead to the discovery of admissible evidence.

3   Discovision objects to the Subpoena to the extent it calls for the disclosure of information subject to the attorney-client privilege and/or attorney work product doctrine.

4.  Discovision objects to the Subpoena to the extent it seeks testimony regarding trade secrets, confidential, commercially sensitive and/or other proprietary information that is subject to Discovision's and/or a third party's constitutional, statutory or common law right of privacy or protection.

4

5. Discovision reserves the right to assert any additional objections to any and all questions posed to it during any oral examination in this matter, whether pursuant to the Subpoena or otherwise.

## SPECIFIC OBJECTIONS TO INSTRUCTIONS

Discovision incorporates by reference its General Objections as though fully set forth herein. In addition, Discovision objects to the Subpoena for testimony on the following grounds:

1. Discovision objects to Instruction No. 1 on grounds that it: (i) purports to require Discovision to comply with requirements beyond those imposed by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Central District of California; and (ii) purports to require Discovision to produce documents that are not within its possession, custody or control, including those that may be in the possession of third-parties or other persons or entities over which Discovision has no control. Discovision will produce documents only to the extent required by the Federal Rules of Civil Procedure and the Local Rules of the of the United States District Court for the Central District of California. See Fed. R. Civ. P. 45(a)(1)(C) (limiting scope of subpoena authority to documents in non-party's "possession, custody or control").

2. Discovision objects to Instruction No. 2 on grounds that it seeks to impose undue burden, expense and harassment on Discovision by, among other things, requiring that electronic documents be produced in their "native forms." In response to subpoenas issued and served by AVG and Sony Computer Entertainment America, Inc., which sought production of most, if not all, of the documents requested in this Subpoena, Discovision converted all electronic files to paper form. All such documents previously converted to paper form that are responsive to this Subpoena will be produced in the same form.

5

## SPECIFIC RESPONSES AND OBJECTIONS

REQUEST FOR PRODUCTION NO. 1:

All Documents Concerning the Patents-in-Suit, including any analyses or interpretation of any of the claims of the Patents-in-Suit, or the intervenors of the Patents-in-Suit.

RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Discovision incorporates by reference its General Objections as though fully set forth herein. Discovision further objects to this Request on grounds that it: (i) seeks information that is protected by the attorney-client and work product privileges; (ii) seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (iii) is overbroad, unrestricted in temporal scope, oppressive, vague, ambiguous, harassing, annoying, and therefore unduly burdensome; and (iv) seeks the production of documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary information. Subject to and without waiving the foregoing objections, Discovision will produce all non-privileged documents responsive to this Request, to the extent any such documents exist and are in Discovision's possession, custody or control.

REQUEST FOR PRODUCTION NO. 2:

All Documents Concerning Conception and actual reduction to practice of the subject matter, including any embodiments, described or claimed in the Patents-in-Suit.

RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

Discovision incorporates by reference its General Objections as though fully set forth herein. Discovision further objects to this Request on grounds that it: (i) is vague, ambiguous and overbroad in its use of the term "Conception," which is capitalized as if it is a defined term, but appears nowhere in the "Definitions" section of the Subpoena; (ii) seeks information

1  that is neither relevant nor reasonably calculated to lead to the discovery of
2  admissible evidence; (iii) seeks information that is protected by the attorney-
3  client and work product privileges; (iv) is overbroad, oppressive, vague,
4  ambiguous, harassing, annoying, and therefore unduly burdensome; and (iv)
5  seeks the production of documents that contain trade secrets, confidential,
6  commercially sensitive and/or other proprietary information.  Subject to and
7  without waiving the foregoing objections, Discovision will produce all non-
8  privileged documents responsive to this Request, to the extent any such
9  documents exist and are in Discovision's possession, custody or control.

10 REQUEST FOR PRODUCTION NO. 3:

11      All Documents Concerning the filing and prosecution of applications that
12 ultimately issued as, or are otherwise related to, the Patents-in-Suit, including
13 the identities of each person associated with the filing and prosecution of each
14 of the Patents-in-Suit.

15 RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

16      Discovision incorporates by reference its General Objections as though
17 fully set forth herein.  Discovision further objects to this Request on grounds
18 that it:  (i) seeks information that is protected by the attorney-client and work
19 product privileges; (ii) seeks information that is neither relevant nor reasonably
20 calculated to lead to the discovery of admissible evidence; (iii) is overbroad,
21 oppressive, vague, ambiguous, harassing, annoying, and therefore unduly
22 burdensome; and (iv) seeks the production of documents that contain trade
23 secrets, confidential, commercially sensitive and/or other proprietary
24 information.  Subject to and without waiving the foregoing objections,
25 Discovision will produce all non-privileged documents responsive to this
26 Request, to the extent any such documents exist and are in Discovision's
27 possession, custody or control.

28

REQUEST FOR PRODUCTION NO. 4:

All Documents Concerning the filing and prosecution of any foreign applications corresponding to the Patents-in-Suit, including any patents issued from those applications.

RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

Discovision incorporates by reference its General Objections as though fully set forth herein. Discovision further objects to this Request on grounds that it: (i) seeks information that is protected by the attorney-client and work product privileges; (ii) seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (iii) is overbroad, unrestricted in temporal scope, oppressive, vague, ambiguous, harassing, annoying, and therefore unduly burdensome; and (iv) seeks the production of documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary information. Subject to and without waiving the foregoing objections, Discovision will produce all non-privileged documents responsive to this Request, to the extent any such documents exist and are in Discovision's possession, custody or control.

REQUEST FOR PRODUCTION NO. 5:

All Documents Concerning attempted and actual assignment, acquisition, ownership, licensing, covenants not to sue or enforce, or disposition of the Patents-in-Suit, including related negotiations, the reasons for the assignments, acquisition, ownership, license, covenants not to sue or enforce, or disposition, the determination of the price at which to assign, acquire, license, or dispose of the Patents-in-Suit, and Discovision's rights in the Patents-in-Suit.

RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

Discovision incorporates by reference its General Objections as though fully set forth herein. Discovision further objects to this Request on grounds that it: (i) seeks information that is protected by the attorney-client and work

8

product privileges; (ii) seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (iii) is overbroad, unrestricted in temporal scope, oppressive, vague, ambiguous, harassing, annoying, and therefore unduly burdensome; and (iv) seeks the production of documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary information. Subject to and without waiving the foregoing objections, Discovision will produce all non-privileged documents responsive to this Request, to the extent any such documents exist and are in Discovision's possession, custody or control.

REQUEST FOR PRODUCTION NO. 6:

All Documents Concerning valuations of the Patents-in-Suit at any time, including royalty projections.

RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

Discovision incorporates by reference its General Objections as though fully set forth herein. Discovision further objects to this Request on grounds that it: (i) seeks information that is protected by the attorney-client and work product privileges; (ii) seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (iii) is overbroad, unrestricted in temporal scope, oppressive, vague, ambiguous, harassing, annoying, and therefore unduly burdensome; and (iv) seeks the production of documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary information. Subject to and without waiving the foregoing objections, Discovision will produce all non-privileged documents responsive to this Request, to the extent any such documents exist and are in Discovision's possession, custody or control.

REQUEST FOR PRODUCTION NO. 7:

All Documents Concerning validity of the Patents-in-Suit, including any validity searches concerning the patents, any references identified as potentially

invalidating prior art, any prior art concerning the subject matter disclosed in the patents and any communications concerning validity of the patents.

RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

Discovision incorporates by reference its General Objections as though fully set forth herein. Discovision further objects to this Request on grounds that it: (i) seeks information that is protected by the attorney-client and work product privileges; (ii) seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (iii) is overbroad, unrestricted in temporal scope, oppressive, vague, ambiguous, harassing, annoying, and therefore unduly burdensome; and (iv) seeks the production of documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary information. Subject to and without waiving the foregoing objections, Discovision will produce all non-privileged documents responsive to this Request, to the extent any such documents exist and are in Discovision's possession, custody or control.

REQUEST FOR PRODUCTION NO. 8:

All Documents Concerning alleged or actual infringement of any of the claims of the Patents-in-Suit, including any analysis of such infringement and any communications concerning such infringement.

RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

Discovision incorporates by reference its General Objections as though fully set forth herein. Discovision further objects to this Request on grounds that it: (i) seeks information that is protected by the attorney-client and work product privileges; (ii) seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (iii) is overbroad, unrestricted in temporal scope, oppressive, vague, ambiguous, harassing, annoying, and therefore unduly burdensome; and (iv) seeks the production of documents that contain trade secrets, confidential, commercially sensitive

and/or other proprietary information. Subject to and without waiving the foregoing objections, Discovision will produce all non-privileged documents responsive to this Request, to the extent any such documents exist and are in Discovision's possession, custody or control.

REQUEST FOR PRODUCTION NO. 9:

All Documents Concerning Discovision's knowledge and use of Microsoft operating systems or Office applications, including the dates of such knowledge and use, the development of software for use with Microsoft Windows operating systems, any analysis of Microsoft Windows operating systems or Office Applications, and the decision whether to sue Microsoft for infringement of the Patents-in-Suit.

RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

Discovision incorporates by reference its General Objections as though fully set forth herein. Discovision further objects to this Request on grounds that it: (i) seeks information that is protected by the attorney-client and work product privileges; (ii) seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (iii) is generally overbroad, unrestricted in temporal scope, oppressive, vague, ambiguous, harassing, annoying, and therefore unduly burdensome; (iv) is overbroad, oppressive and harassing in that, if read literally, the Request calls for production of every document related to the use of any Microsoft operating system or Office application in any computer owned, leased or otherwise used by Discovision or any of its employees, agents or affiliates, past or present; and (v) seeks the production of documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary information. Subject to and without waiving the foregoing objections, Discovision will produce all non-privileged documents responsive to the requests for documents concerning the development of software for use with Microsoft Windows operating systems,

11

any analysis of Microsoft Windows operating systems or Office Applications, and the decision whether to sue Microsoft for infringement of the Patents-in-Suit. Discovision will neither search for nor produce documents responsive to any other aspect of this Request.

REQUEST FOR PRODUCTION NO. 10:

All Documents Concerning attempted and actual enforcement of the Patents-in-Suit, including any litigation and any notice of the Patents-in-Suit to any Defendant.

RESPONSE TO REQUEST FOR PRODUCTION NO. 10:

Discovision incorporates by reference its General Objections as though fully set forth herein. Discovision further objects to this Request on grounds that it: (i) seeks information that is protected by the attorney-client and work product privileges; (ii) seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (iii) is overbroad, unrestricted in temporal scope, oppressive, vague, ambiguous, harassing, annoying, and therefore unduly burdensome; and (iv) seeks the production of documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary information. Subject to and without waiving the foregoing objections, Discovision will produce all non-privileged documents responsive to this Request, to the extent any such documents exist and are in Discovision's possession, custody or control.

REQUEST FOR PRODUCTION NO. 11:

All Documents Concerning the identity, development, sale, offer for sale, marketing, and marking pursuant to 35 U.S.C. § 287 of products that purportedly embody subject matter described or claimed in the Patents-in-Suit, including products manufactured by or for Tektronix, AVG, RIN or licensees thereof.

RESPONSE TO REQUEST FOR PRODUCTION NO. 11:

Discovision incorporates by reference its General Objections as though fully set forth herein. Discovision further objects to this Request on grounds that it: (i) seeks information that is protected by the attorney-client and work product privileges; (ii) seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (iii) is overbroad, unrestricted in temporal scope, oppressive, vague, ambiguous, harassing, annoying, and therefore unduly burdensome; and (iv) seeks the production of documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary information. Subject to and without waiving the foregoing objections, Discovision will produce all non-privileged documents responsive to this Request, to the extent any such documents exist and are in Discovision's possession, custody or control.

REQUEST FOR PRODUCTION NO. 12:

All Documents Concerning Tektronix's ECS Project, Xerox's acquisition of Tektronix's ECS project, Tektronix's Computer Research Lab division and acquisition thereof by Grass Valley, Tektronix's Terminal and Workstation division and acquisition thereof by Grass Valley, Tektronix's Terminal division and acquisition thereof by Grass Valley, Tektronix's Graphics and Imaging division, work done on color raster implementations, work done on smart terminals, work done on color implementation on vector terminals, smart printers, the Merlin (Tektronix 6200, 6205), Stratos (Tektronix 6100, 6120, 6130), Galadriel (4115B, 4125), the 410X, 4105, 4106, 4107, 4108, [sic], 4111, 4211, 420X, 4407, 4416, 4417, CX4107A, CX4109, XN10, XN11, 4100, and 6300 series of products.

RESPONSE TO REQUEST FOR PRODUCTION NO. 12:

Discovision incorporates by reference its General Objections as though fully set forth herein. Discovision further objects to this Request on grounds

13

1  that it: (i) seeks information that is protected by the attorney-client and work
2  product privileges; (ii) seeks information that is neither relevant nor reasonably
3  calculated to lead to the discovery of admissible evidence; (iii) is overbroad,
4  unrestricted in temporal scope, oppressive, vague, ambiguous, harassing,
5  annoying, and therefore unduly burdensome; and (iv) seeks the production of
6  documents that contain trade secrets, confidential, commercially sensitive
7  and/or other proprietary information. Subject to and without waiving the
8  foregoing objections, Discovision will produce all non-privileged documents
9  responsive to this Request, to the extent any such documents exist and are in
10 Discovision's possession, custody or control.
11 REQUEST FOR PRODUCTION NO. 13:
12       All Documents Concerning Communications between Discovision and
13 any other individual or entity, including AVG, Tektronix, RIN, Pioneer, Reston
14 Pointe LLC, David White, Laurence Marhoefer, Ken Masaki, Eric Dowling,
15 Jake Richter, Bob Westerlund, Graphics Software Systems, Grass Valley
16 Group, Insight in Action, Hewlett Packard, Microsoft, Intel, Fujitsu, any
17 Defendant, any Third Party, or McKool Smith, P.C. (or any of its partners,
18 attorneys, agents, or employees) regarding the Patents-in-Suit, any Defendant,
19 AVG, or the above-captioned litigation.
20 RESPONSE TO REQUEST FOR PRODUCTION NO. 13:
21       Discovision incorporates by reference its General Objections as though
22 fully set forth herein. Discovision further objects to this Request on grounds
23 that it: (i) seeks information that is protected by the attorney-client and work
24 product privileges; (ii) seeks information that is neither relevant nor reasonably
25 calculated to lead to the discovery of admissible evidence; (iii) is generally
26 overbroad, unrestricted in temporal scope, oppressive, vague, ambiguous,
27 harassing, annoying, and therefore unduly burdensome; (iv) is overbroad,
28 oppressive and harassing in its request for all documents concerning any

14

communication Discovision has ever had with respect to any defendant, irrespective of whether such communication involved the patents-in-suit (as defined in the Subpoena); and (v) seeks the production of documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary information. Subject to and without waiving the foregoing objections, Discovision will produce all non-privileged documents responsive to this Request, to the extent any such documents exist, are in Discovision's possession, custody or control, and relate to the patents-in-suit, AVG or the Actions. Discovision will neither search for nor produce documents responsive to any other aspect of this Request.

REQUEST FOR PRODUCTION NO. 14:

All Documents Concerning Discovision's relationship with Tektronix, RIN, Pioneer, Reston Pointe LLC, David White, Laurence Marhoefer, Ken Masaki, Hewlett Packard, Eric Dowling, Jake Richter, Bob Westerlund, Grass Valley Group, and McKool Smith, P.C. (or any of its partners, attorneys, agents, or employees), including any interest in any recovery for infringement of the Patents-in-Suit.

RESPONSE TO REQUEST FOR PRODUCTION NO. 14:

Discovision incorporates by reference its General Objections as though fully set forth herein. Discovision further objects to this Request on grounds that it: (i) seeks information that is protected by the attorney-client and work product privileges; (ii) seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (iii) is generally overbroad, unrestricted in temporal scope, oppressive, vague, ambiguous, harassing, annoying, and therefore unduly burdensome; (iv) is overbroad, oppressive and harassing in that it seeks every document concerning Discovision's relationship with its corporate parent Pioneer, another entity in the Pioneer group of companies, RIN, and its employee David White

15

1 (including, for example, every pay stub, W-2 and other plainly irrelevant
2 document generated during Mr. White's tenure at Discovision); and (v) seeks
3 the production of documents that contain trade secrets, confidential,
4 commercially sensitive and/or other proprietary information. Subject to and
5 without waiving the foregoing objections, Discovision will produce all non-
6 privileged documents responsive to this Request, to the extent any such
7 documents exist, are in Discovision's possession, custody or control, and relate
8 to the patents-in-suit (as defined in the Subpoena). Discovision will neither
9 search for nor produce documents responsive to any other aspect of this
10 Request.

11 DATED: May 26, 2005                    Skadden, Arps, Slate, Meagher & Flom LLP

By: _____
Lance A. Etcheverry
Attorneys for Non-Party
Discovision Associates

16

373905.01-Los Angeles Server 1A - MSW

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 300 South Grand Avenue, Los Angeles, California 90071.

On May 26, 2005, I served the foregoing documents described as:

**OBJECTIONS AND RESPONSES OF NON-PARTY DISCOVISION ASSOCIATES TO SUBPOENA FOR TESTIMONY AND PRODUCTION OF DOCUMENTS**

on the interested party in this action by placing true copies thereon enclosed in a sealed envelope addressed as follows:

Norma N. Bennett
Weil, Gotshal & Manges, LLP
700 Louisiana, Suite 1600
Houston, Texas 77002
Telephone: (713) 546-5000

☐ (BY Fax) I am readily familiar with the firm's practice of facsimile transmission; on this date the document was transmitted by facsimile transmission, the transmission was reported as complete and without error, and the attached transmission report was properly issued by the transmitting facsimile machine.

☐ (BY MAIL) I am readily familiar with the firm's practice for the collection and processing of correspondence for mailing with the United States Postal Service and the fact that the correspondence would be deposited with the United States Postal Service that same day in the ordinary course of business; on this date, the above-referenced correspondence was placed for deposit at Los Angeles, California and placed for collection and mailing following ordinary business practices.

☒ (BY FEDERAL EXPRESS) I am readily familiar with the firm's practice for the daily collection and processing of correspondence for deliveries with the Federal Express delivery service and the fact that the correspondence would be deposited with Federal Express that same day in the ordinary course of business; on this date, the above-referenced document was placed for deposit at Los Angeles, California and placed for collection and delivery following ordinary business practices.

☒ (STATE) I declare under penalty of perjury under the laws of the State of California that above is true and correct.

☒ Executed on May 26, 2005, at Los Angeles, California.

__Caroline Hernandez__
Type or Print Name                                      Signature

374281.02-Los Angeles S1A