

08810

April 23, 2003

**VIA FACSIMILE**
**011-81-3-3495-4432**
**MAIL CONFIRMATION**

APR 23 '03

Mr. Seiichiro Kurihara
General Manager
Intellectual Property Division
**PIONEER CORPORATION**
4-1, Meguro 1-Chome
Meguro-ku, Tokyo 153-8654
Japan

Dear Kurihara -san:

DVA is considering buying 21 U.S. patents from Reston Pointe. Reston Pointe is a
holding company for the St. Clair group, which is a patent licensing company similar to
DVA. The patent purchase agreement, a copy of which is attached hereto, was drafted by
Reston Pointe. It should be noted that this agreement was poorly drafted and is filled
with ambiguities and conflicting terms. Unfortunately, DVA cannot change any of the
terms of this agreement. Reston Pointe has presented DVA with a "take it or leave it"
ultimatum regarding this agreement. Therefore, if we are to purchase these patents, this
is the agreement that needs to be signed.

In the agreement, Reston Pointe states they are selling the patents "as is". They do,
however, represent and warrant that they have not licensed the patents to anyone except
Tektronix. They also represent in both the agreement and the assignment that they are the
owner of the patents and they are transferring all rights to DVA. The representations and
warranties in the agreement expire with the signing with the first licensee. There is no
such expiration in the assignment.

DVA has searched the chain of title for all 21 patents and Reston Pointe is the registered
owner of all the patents. Any third party claiming ownership rights to any of these
patents would be junior to DVA's ownership rights, since it was not recorded. If we go
forward with this deal, the risk of DVA not being the owner of these patents is minimal.

Ed Ohlmann, Licensing Manager of Tektronix, has provided a list of licensees with
summaries of the license agreements. However, since Tektronix is not a party to the
Reston Pointe agreement, they have not made any representations or warranties regarding
the accuracy of their list. While we believe the list is accurate, there is the potential that
there are additional agreements not identified by Tektronix.

DVA believes that the risk of there being additional license agreements that would
materially impact any licensing program is minimal. It is important to note that no
licensee has a license under more than one of the patents. Therefore, it is highly unlikely
that there is an unidentified licensee that would have a license under all 21 patent. If

CONFIDENTIAL-OUTSIDE
COUNSEL'S EYES ONLY

2355 Main Street, Suite 200, Irvine, CA 92614 • P.O. Box 19616, Irvine, CA 92623 • (949) 660-5000 • Facsimile (949) 660-1801

DVA 04177

April 23, 2003
Mr. Seiichiro Kurihara
General Manager
Intellectual Property Division
**PIONEER CORPORATION**
Page 2 of 2

Tektronix has materially misrepresented the scope and extent of the license agreements, DVA would be entitled to a partial refund of the 1.2 million dollars from Reston Pointe, depending on the number or patents impacted. DVA could also pursue Tektronix for material inducement and fraud.

In order to minimize the risk further, DVA will give notice to all potential licensees immediately after being assigned the patents. Therefore, if any potential licensee has a license, we will find out immediately.

If DVA does not buy this portfolio, it will be licensed either by another license company or by the St. Clair group. Part of any licensing program under this portfolio would include licensing DVD player manufacturers. The St. Clair groups business model is to license through litigation. They are the company that was just awarded a $25 million dollar jury verdict against Sony. Therefore Pioneer may be faced with litigation under this portfolio.

In conclusion, this portfolio is worth the $1.2 million dollar investment, even given the "as is" Reston Pointe agreement.

Sincerely,

**DISCOVISION ASSOCIATES**

Dennis Fischel
President

Kenny Masaki
Executive Vice President

David White
Vice President

P:\Licensing\Admin\COMPANY\P\PIONEER\Licensing\CORRESPO\2003\dgw-042203- ltr.doc

CONFIDENTIAL-OUTSIDE
COUNSEL'S EYES ONLY

DVA 04178

# PATENT SALE AGREEMENT

This Agreement is made and effective as of April __, 2003 by and between RESTON POINTE, LLC, a Michigan limited liability company, having an office at 29623 Northwestern Highway, Suite 250, Southfield, Michigan 48034 ("SELLER"), and DISCOVISION ASSOCIATES, a California company, having an office at 2355 Main Street, Irvine, California 92614 ("DVA").

Whereas SELLER is the owner by assignment of certain PATENTS (hereinafter defined); and

Whereas DVA desires to acquire the entire right, title and interest of SELLER in and to the PATENTS; and

Whereas SELLER is willing to assign the PATENTS to DVA for good and valuable consideration on the terms and conditions set forth in this Agreement;

NOW, THEREFORE, SELLER and DVA hereby agree to the following:

1.  DEFINITIONS

    1.1  "PATENTS" as used herein shall mean the twenty-one (21) United States Letters Patents identified in Attachment A, hereto.

    1.2  "DVA" as used herein shall mean DVA or its designee.

2.  PATENT ASSIGNMENT

    2.1  Subject to any license rights or releases granted under the PATENTS prior to the effective date of this Agreement, which existing license rights or releases shall not be affected by this Agreement, SELLER hereby sells, assigns, transfers, and conveys unto DVA, and its respective successors and assigns, all right, title and interest in and to the PATENTS, together with all claims, demands, or causes of action that SELLER has or might have by reason of any infringement of the PATENTS prior to the effective date of this Agreement, including the right to sue for past infringement and the right to collect all damages for such past infringement in the name of DVA.

CONFIDENTIAL-OUTSIDE
COUNSEL'S EYES ONLY

DVA 04179

2.2 Concurrently with the execution of this Agreement, SELLER shall execute and deliver to DVA an assignment document in the form attached hereto as Attachment B. SELLER shall further execute from time to time all other documents at no cost to DVA, when prepared and submitted to SELLER by DVA, which documents are necessary to effectuate fully the assignment of paragraph 2.1 above.

2.3 DVA shall bear sole responsibility for properly filing the documents provided to SELLER pursuant to paragraph 2.2 above, and for recording DVA as the owner of the PATENTS under the laws of the United States and any applicable foreign governments.

2.4 DVA shall also bear sole responsibility for maintaining the PATENTS subsequent to the effective date of this Agreement, including, without limitation, responsibility for the payment of all required maintenance fees, taxes, and annuities necessary to keep the PATENTS in full force and effect.

3. CONSIDERATION

3.1 In consideration of the sale and assignment of paragraph 2.1 above and the other obligations of SELLER under this Agreement, DVA agrees to pay SELLER the sum of US One Million Two Hundred Thousand Dollars ($1,200,000.00) upon execution of this Agreement. It is understood and agreed that SELLER shall receive the sum of US One Million Two Hundred Thousand Dollars ($1,200,000.00) net after any deductions of any nature including, but not limited to, any withholding taxes imposed by any foreign government. No portion of such sum due SELLER under this Section 3.1 shall be refundable for any reason whatsoever. No other sums, licensing fees or royalties shall now or hereafter be due to SELLER from DVA as a result of this Agreement or the related assignment of the PATENTS.

3.2 The payment provided for in Section 3.1 will be made by wire transfer to SELLER as follows:

        Bank: Standard Federal Bank N.A.
Account Name: Reston Pointe, LLC
              Account Number 0554002015
              Bank Routing Number 072000805

Payment in accordance with this Section 3.2 shall be deemed payment to SELLER as of the date deposited in the aforementioned

Page 2 of 9

CONFIDENTIAL-OUTSIDE COUNSEL'S EYES ONLY

DVA 04180

account.

4.   WARRANTIES, DISCLAIMERS, AND WAIVERS

    4.1  Subject to any license rights or releases granted under
the PATENTS prior to the effective date of this Agreement, SELLER
represents and warrants that:

        a. SELLER is the sole and exclusive owner of the entire
           right, title and interest in and to the PATENTS
           including the right to sue for past infringement,
           and SELLER has the right to assign, sell and convey
           to DVA such entire right, title and interest
           therein, including the right to sue for past
           infringement.
        b. SELLER has not granted any license rights or
           releases under the PATENTS, except for license
           rights granted to Tektronix.

    4.2      SELLER   and   DVA,   expressly   agree   that   the
representations and warranties provided by SELLER in Section 4.1
shall   extend   solely   to   DVA   and   shall   immediately   and
automatically become null and void upon the occurrence of any of
the following, without notice to DVA:

        a.        DVA transfers or has transferred any actual
                  or   prospective   interest   (whether   by
                  assignment, sale, or otherwise) in whole or
                  in part in or to one or more of the PATENTS
                  to any third party;
        b.        DVA grants or has granted any actual or
                  prospective license under one or more of the
                  PATENTS to any third party;
        c.        DVA grants or has granted any release or
                  otherwise covenants or has covenanted not to
                  enforce any rights in or to one or more of
                  the PATENTS to any third party; or
        d.        DVA voluntarily or involuntarily seeks
                  bankruptcy.

    4.3  Except as provided in Section 4.1 above, the PATENTS
are being sold to DVA "AS IS" and with all faults, and SELLER
makes no warranty or representation, express or implied, with
respect to the validity, enforceability or infringement of the
PATENTS.

    4.4 Subject to the provisions of paragraph 4.2 above, SELLER
and DVA expressly agree that the sole and exclusive remedy of DVA
for breach of the warranty set forth in  Section 4.1 above (i.e.

CONFIDENTIAL-OUTSIDE
COUNSEL'S EYES ONLY

DVA 04181

a Problem Patent), shall be a rebate by SELLER to DVA of the proportionate purchase price of the Problem Patent based on the following formula:

Amount paid for PATENTS Divided by the Number of PATENTS Purchased = Price per PATENT = US $57,143.00

Price per PATENT Times the Number of Problem Patents = Amount of Rebate

The Rebate Shall be Paid Upon Reassignment of the Problem Patent(s) back to SELLER

DVA expressly agrees that the above formula shall be adequate to fully and completely compensate DVA in the event of a breach of the warranty set forth in Section 4.1 above, and DVA waives any and all other remedies for such breach. Neither SELLER nor its owners, directors, managers, members, nor agents shall have any liability whatsoever to DVA nor DVA's parent, subsidiaries, successors, assigns or licensees for any indirect, incidental, special, consequential, exemplary, or punitive damages, including, but not limited to loss of revenue or profit, loss of good will, loss or business opportunity, or other commercial or economic loss, even if SELLER has been advised of the possibility of such damages or they are foreseeable.

5. NOTICES

5.1 All notices, requests, demands and other communications under this Agreement or in connection herewith shall be given to the respective parties hereto in writing, shall be served by facsimile transmission confirmed by mail or served by mail alone, and shall be deemed to have been given when deposited in the mail with postage prepaid and addressed as follows:

If to SELLER:            Mr. Paul M. Schwartz
                         Reston Pointe, LLC
                         29623 Northwestern Highway, Suite 250
                         Southfield, Michigan 48034

                         Tel: (313) 884-8427
                         Fax: (313) 884-8457

CONFIDENTIAL-OUTSIDE
COUNSEL'S EYES ONLY

DVA 04182

If to DVA:                     Mr. David White
                               Discovision Associates, Inc.
                               2355 Main Street, Suite 200
                               Irvine, California 92614

                               Tel: (949) 660-5003
                               Fax: (949) 660-1801

Either party may change the above designated recipients and addresses for such notice by providing the appropriate information in writing to the other party.


6.   MISCELLANEOUS

     6.1   This Agreement sets forth the entire agreement and understanding by and between the parties hereto and merges all prior discussions and agreements previously entered into regarding the subject matter hereof, and neither party shall be bound by any addition to or modification of this Agreement with respect to the subject matter of this Agreement or waiver of any provision of this Agreement, other than as is expressly provided in writing and signed by a duly authorized representative of the party to be bound thereby.

     6.2   The headings and captions of this Agreement are for convenience only and are not to be used in the interpretation of this Agreement.

     6.3   If any provision of this Agreement is held to be illegal, invalid or unenforceable, that provision shall be limited or eliminated to the minimum extent necessary so that this Agreement shall otherwise remain in full force and effect and enforceable.

     6.4  This Agreement shall be subject to and governed by the laws of the State of Michigan.  The parties submit to the exclusive venue and personal jurisdiction of the State and Federal Courts of Michigan for all actions arising under this Agreement.

     6.5   While the principals and associated consultants of SELLER are registered patent attorneys and agents, no legal services have or will be rendered by them or by SELLER as part of this Agreement.  The parties further acknowledge that they have consulted independent legal counsel for advice or opinions on which the respective party will rely regarding any concerns about a legal matter or issue, or the legal effect of any document, including this Agreement.

CONFIDENTIAL-OUTSIDE
COUNSEL'S EYES ONLY

DVA 04183

6.6 Nothing in this Agreement shall be construed as creating a partnership, joint venture, or other form of business organization of any kind.

IN WITNESS WHEREOF, this Agreement has been executed by duly authorized representatives of the parties on the dates stated below.

Reston Pointe, LLC                    Discovision Associates
(SELLER)                              (DVA)


By:_____             By:_____
    Paul M. Schwartz                     Dennis Fischel
    Member                               President



Date:_____                 Date:_____

CONFIDENTIAL-OUTSIDE
COUNSEL'S EYES ONLY

DVA 04184

# ATTACHMENT A

## U.S. PATENTS

| USPN | ISSUE DATE |
|------|-----------|
| 4,703,447 | 10/27/87 |
| 4,713,520 | 12/15/87 |
| 4,727,378 | 02/23/88 |
| 4,730,185 | 03/08/88 |
| 4,731,693 | 03/15/88 |
| 4,739,283 | 04/19/88 |
| 4,742,474 | 05/03/88 |
| 4,743,962 | 05/10/88 |
| 4,827,253 | 05/02/89 |
| 4,833,649 | 05/23/89 |
| 4,885,554 | 12/05/89 |
| 5,020,878 | 06/04/91 |
| 5,060,139 | 10/22/91 |
| 5,067,130 | 11/19/91 |
| 5,097,101 | 03/17/92 |
| 5,097,428 | 03/17/92 |
| 5,109,520 | 04/28/92 |
| 5,121,090 | 06/09/92 |

CONFIDENTIAL-OUTSIDE
COUNSEL'S EYES ONLY

DVA 04185

# ATTACHMENT A

## U.S. PATENTS

| | |
|---|---|
| 5,132,670 | 07/21/92 |
| 5,134,337 | 07/28/92 |
| 5,228,098 | 07/13/93 |

CONFIDENTIAL-OUTSIDE
COUNSEL'S EYES ONLY

DVA 04186

# ATTACHMENT B

## U.S. PATENT ASSIGNMENT

WHEREAS, RESTON POINTE, LLC, a Michigan limited liability company having an office at 29623 Northwestern Highway, Suite 250, Southfield, Michigan 48034 ("SELLER") is the owner of the entire right, title and interest in and to the United States Letters Patents listed on Attachment A hereto ("PATENTS").

WHEREAS, DISCOVISION ASSOCIATES, a California company having offices at 2355 Main Street, Irvine, California ("DVA") is desirous of acquiring the entire right, title and interest in and to the PATENTS in its name or in the name of a designee.

NOW, THEREFORE, in consideration of One Dollar ($1.00) and other good and valuable consideration, the receipt and adequacy of which is hereby acknowledged, SELLER hereby sells, assigns, transfers and conveys unto _____ its successors and assigns, all right, title and interest in and to the PATENTS, together with all claims, demands, or causes of action that SELLER has or might have by reason of any infringement of the PATENTS prior to the effective date of this assignment, including the right to collect damages for such past infringement in the name of DVA.

RESTON POINTE, LLC

By:_____
    Paul M. Schwartz
    Member

State of Michigan)
County of _____ )

Signed before me this _____ of _____, 2003.

_____
Notary Public

P:\Licensing\Admin\DraftDirs\DRAFT-Julia\Reston Pointe-DVA Pat Sale Agreement 042203.doc

CONFIDENTIAL-OUTSIDE
COUNSEL'S EYES ONLY

Page 9 of 9

DVA 04187