# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

AMERICAN VIDEO GRAPHICS, L.P.,

    Plaintiff,

    v.

HEWLETT-PACKARD CO., et al.,

    Defendants.

Misc. Action No. 05-213 (GMS)

(Case No. 6:04-CV-397-LED, currently pending in the United States District Court for the Eastern District of Texas, Tyler Division)

## NONPARTY RESEARCH INVESTMENT NETWORK, INC.'S OPPOSITION BRIEF TO FUJITSU'S MOTION TO COMPEL

PRICKETT, JONES & ELLIOTT, P.A.
J. Clayton Athey (DE Bar #4378)
1310 King Street
Box 1328
Wilmington, DE  19899
(302) 888-6500
(302) 658-8111 (fax)
jcathey@prickett.com

*Attorneys for Nonparty*
*Research Investment Network, Inc.*

Of Counsel:

RUTAN & TUCKER, LLP
Ronald P. Oines
(Cal. State Bar No. 145016)
(*Pro Hac Vice Application Pending*)
611 Anton Boulevard, Fourteenth Floor
Costa Mesa, California 92626-1931
714-641-5100
714-546-9035 (fax)
roines@rutan.com

Dated:  October 31, 2005

## TABLE OF CONTENTS

**Page**

I.   NATURE AND STAGE OF THE PROCEEDINGS ................... 1

II.  FACTUAL BACKGROUND AND SUMMARY OF
     ARGUMENT ............................................................................. 2

III. ARGUMENT ................................................................................. 5

   A.   This Court Lacks Jurisdiction Over The
        Subpoena That Is the Subject of Fujitsu's
        Motion ................................................................................. 5

   B.   RIN, As A Nonparty, Is Entitled To "Extra
        Protection" From Undue Burden And
        Expense.................................................................................. 8

   C.   RIN And Discovision Have Already Been
        Subjected To Enormous Burden And Expense. ............... 10

   D.   To Comply With Fujitsu's Demands, RIN
        Would Be Subjected To Additional Significant
        Undue Burden And Expense. ........................................... 13

   E.   Fujitsu Had A Full Opportunity To Question
        Discovision Regarding The Relationship
        Among Discovision, RIN And Pioneer
        Corporation, And Yet Has Not Identified
        ANY Particular Document It Believes It
        Needs To Make Its Estoppel Argument. .......................... 14

   F.   Fujitsu Has Failed To Meet Its Burden Of
        Establishing The Need For Such Documents
        Particularly When Weighed Against The
        Extreme Burden RIN and Discovision Have
        Already Been Subjected To And Will Be
        Subjected To If Fujitsu's Motion Is Granted................... 15

IV.  CONCLUSION.......................................................................... 17

# TABLE OF AUTHORITIES

**Page(s)**

## FEDERAL CASES

*In re: Automotive Refinishing Paint Antitrust Litigation,*
   229 F.R.D. 482 (E.D. Pa. 2005) .............................................................9

*Exxon Shipping Co. v. U.S. Department of Interior,*
   34 F.3d 774 (9th Cir. 1994)...................................................................9

*Kupritz v. Savanna College of Art and Design,*
   155 F.R.D. 84 (E.D. Pa. 1994) ..........................................................2, 6

*Linder v. Calero-Portocarrero,*
   183 F.R.D. 314 (D.D.C. 1998) .............................................................9

*U. S. v. C.B.S., Inc.,*
   666 F.2d 364 (9th Cir. 1981)................................................................8

*U.S. v. Watchmakers of Switzerland Information Ctr. Inc.*
*("Watchmakers"),*
   27 F.R.D. 513 (D.C.N.Y. 1961) ...........................................................9

## STATE CASES

*Haisfield v. Cruver,*
   1994 Del. Ch. LEXIS 155 (Del. Ch. Aug. 25, 1994).....................5, 16

*Marr v. Postal Union Life Insurance Company,*
   40 Cal. App. 2d 673 (1940)............................................................5, 15

## FEDERAL STATUTES

Federal Rule of Civil Procedure,
   Rule 30(d)(2)  .................................................................................3, 10
   Rule 45(a)(2) ...............................................................................5, 6, 7
   Rule 45(c)(1) ......................................................................................8
   Rule 45(c)(3)(A)..................................................................................8

## I.    NATURE AND STAGE OF THE PROCEEDINGS

Nonparty Research Investment Network, Inc. ("RIN") respectfully submits this brief in opposition to Fujitsu Computer Systems Corp.'s Motion to Compel, filed on October 17, 2005, D.I. 1 ("Fujitsu's Motion"). Fujitsu's Motion relates to a third-party subpoena, dated May 25, 2005, that was served on RIN by Fujitsu and 27 other entities[1] in connection with six civil actions currently pending in the U.S. District Court for the Eastern District of Texas, Tyler Division (the "Actions"). Only Fujitsu has challenged the adequacy of RIN's compliance with the third-party subpoena.

The March 25 subpoena, which was issued by the U.S. District Court for the District of Delaware, called for RIN to produce 14 categories of documents and to appear for deposition in Irvine, California. On October 28, 2005, nearly two weeks after filing its Motion to Compel compliance with this initial subpoena, Fujitsu's served a second subpoena on RIN that was also issued by this Court. The second subpoena calls for the production of the same 14 categories of documents, plus documents in six additional categories. Unlike the first subpoena, however, the October 28 subpoena calls for the documents to be produced in Delaware.

---

[1]  In addition to Fujitsu, the subpoena was purportedly issued on behalf of Microsoft Corporation, Nintendo of America, Inc., Sony Computer Entertainment America, Inc., ATI Technologies, Inc., NVIDIA Corporation, Intel Corporation, Hewlett-Packard Co., Averatec Inc., Dell Inc., International Business Machines Corp., Matsushita Electric Corporation of America, Sharp Electronica Corp., Twinhead Corp., Activision, Inc., Atari, Inc., Electronic Arts Inc., LucasArts, a division of Lucasfilm Entertainment Company, Ltd., Sega of America, Inc., THQ Inc., Take-Two Interactive Software, Inc., Ubisoft Inc., Vivendi Universal Interactive Publishing, Tecmo, Inc., Square Enix, Inc., Acer Inc., Acer America Corp., and MPC Computers, LLC.

## II.    FACTUAL BACKGROUND AND
## SUMMARY OF ARGUMENT

**This Court lacks jurisdiction over this matter**.  The subpoena upon which Fujitsu's Motion to Compel is based is void.  Rule 45(a)(2) of the Federal Rules of Civil Procedure ("FRCP") unequivocally provides that a subpoena must issue from the District Court in which the deposition and/or document production is to occur.  The subpoena in this case is void on its face, because the subpoena provides that the deposition of RIN and RIN's document production is to take place in the Central District of California, where RIN is located.  However, the subpoena was issued from the District of Delaware.  In light of the foregoing, it is well settled that this Court lacks jurisdiction to order RIN to do anything in response to the subpoena.  *See, e.g., Kupritz v. Savanna College of Art and Design*, 155 F.R.D. 84, 88 (E.D. Pa. 1994).  Indeed, Fujitsu apparently agrees that the subpoena is void, because Fujitsu just late last Friday, October 28, 2005, served a new subpoena on RIN to try to correct the error with the prior subpoena.  (D.I. 9.)  In light of the foregoing, this Court need not even consider the merits of Fujitsu's Motion to Compel.

Nonetheless, RIN, without waiving its objection to the jurisdiction of this Court, also responds to the merits of Fujitsu's Motion.  In short, even on the merits, Fujitsu's Motion should be denied.

It is well settled that nonparties are entitled to extra protection from the courts to ensure that the nonparty is not subjected to undue burden and expense in responding to a subpoena.  In this case, the subpoena issued on RIN is essentially the same as the subpoena issued on RIN's sister company,

Discovision Associates, which shares an office with RIN. In response to the subpoena, Discovision searched for, located and produced approximately 10,000 pages of documents, prepared a written response and detailed privilege log regarding such production, and appeared for <u>four complete days of deposition</u>, which is four times the limitation set forth in FRCP Rule 30(d)(2). Discovision far exceeded its obligations under the FRCP, and has surpassed any conceivable standard of reasonableness. In response to the same subpoena issued to RIN, RIN confirmed that it has no responsive documents to produce beyond those that were produced by Discovision.

Discovision's deposition was completed in early June, 2005, and all but one of the 28 subpoenaing parties are satisfied that Discovision and RIN have fully complied with their obligation to produce documents. Fujitsu, however, wants more. Indeed, after receiving Discovision's and RIN's substantial document production (including documents regarding the patents-in-suit responsive to the request about which Fujitsu now complains), and after having a full, unfettered opportunity to question Discovision at deposition regarding the relationship among Discovision, RIN and Pioneer Corporation, Fujitsu now wants to require RIN (and Discovision) to go back and search through <u>all</u> of their documents to gather and produce additional documents that have nothing to do with the patents-in-suit or the underlying Actions.

As set forth below, despite RIN's and Discovision's numerous objections to Request No. 14, RIN and Discovision agreed to produce, and did produce, non-privileged responsive documents that relate to the patents-in-suit. RIN and

Discovision have also offered to produce additional documents in an effort to amicably resolve this dispute. Yet, Fujitsu continues to demand that Discovision and RIN go back and search all of their documents for virtually any communication between or among Discovision, RIN and Pioneer Corporation. Moreover, despite the fact that Fujitsu's counsel attended Discovision's deposition and had an unfettered opportunity to ask questions about the relationship between Discovision, RIN and Pioneer Corporation, Fujitsu has failed to identify even a single document that it believes it needs to attempt to prove its estoppel defense. Instead, Fujitsu continues on a fishing expedition aimed at requiring RIN and Discovision to incur significant additional burden and expense.

As stated below, RIN's sister company, Discovision has already spent approximately <u>twenty full days</u> and has incurred more than <u>$160,000 in fees and costs</u> in responding to the subpoenas in the Actions. It estimates it would take up to an additional 200 hours to search for, gather and produce the additional documents Fujitsu seeks. Of course, RIN also would be required to incur additional attorneys' fees and costs. Enough is enough.

Fujitsu has failed to establish why RIN, a nonparty, should be required to incur such enormous burden and expense, particularly because Fujitsu has not made a strong showing of any compelling need for additional documents. Indeed, although Fujitsu's estoppel argument is based on alleged "promises" made by Pioneer Corporation, Fujitsu has failed to include one shred of "evidence" regarding these alleged promises.

Moreover, Fujitsu's argument is based on a misunderstanding of the relationship among the parties. Fujitsu wrongly asserts that RIN and Discovision are subsidiaries of Pioneer Corporation. As set forth below, however, although Pioneer Corporation is the ultimate parent, there are two other entities "between" Pioneer Corporation and RIN/Discovision. None of the cases cited by Fujitsu deals with a similar situation. Likewise, the primary cases Fujitsu relies upon (*Marr v. Postal Union Life Insurance Company*, 40 Cal. App. 2d 673 (1940) and *Haisfield v. Cruver*, 1994 Del. Ch. LEXIS 155 (Del. Ch. Aug. 25, 1994)) simply are not on point. The *Marr* case dealt with the issue of liability of an undisclosed principal. Here, there is no issue of undisclosed principals. *Haisfield* merely addressed the question of whether the Court had personal jurisdiction over a defendant.

In light of the foregoing, Fujitsu's motion should be denied.

## III.    ARGUMENT

A.    <u>This Court Lacks Jurisdiction Over The Subpoena That Is the Subject of Fujitsu's Motion</u>

Federal Rule of Civil Procedure, Rule 45(a)(2) could not be clearer:

"A subpoena for attendance at a deposition shall issue from the court for the district designated by the notice of deposition as the district in which the deposition is to be taken. If separate from a subpoena commanding the attendance of a person, a subpoena for production or inspection shall issue from the court for the district in which the production or inspection is to be made." (FRCP 45(a)(2).)

On its face, the subpoena in this matter is null and void. Cases interpreting Rule 45(a)(2) have confirmed this. For example, in *Kupritz v. Savannah College of Art and Design*, 155 F.R.D. 84 (E.D. Pa. 1994), a district court was faced with a situation that is in some ways nearly identical to the situation here. In *Kupritz*, the subpoena called for the taking of a deposition and the production of documents in the Eastern District of Pennsylvania, but the subpoena issued from the Southern District of Georgia. (*Id.* at 85.) The deponent, a nonparty, failed to appear at the deposition. (*Id.*) Counsel for the parties filed a joint motion in the Eastern District of Pennsylvania to enforce the subpoena and to hold the subpoenaed party in contempt of court. The court in the Eastern District of Pennsylvania entered an order requiring the witness to appear for deposition and to produce the requested documents and also ordered the witness to show cause why he should not be held in contempt and have sanctions of attorney's fees and costs assessed against him. (*Id.* at 85-86.)

The subpoenaed party argued that the subpoena "was a nullity" because it purported to issue from the Southern District of Georgia. (*Id.* at 86.) Counsel for the parties to the action argued that the heading on the subpoena designating the Southern District of Georgia as the issuing court "was merely an unimportant misnomer that in no way adversely affected [the witness's] substantive rights." (*Id.* at 87.) The court flatly rejected this argument. In doing so, the District Court held:

> "There is no question that the subpoena involved in this case was
> required under the rules to issue from the Eastern District of

Pennsylvania. Because attorneys may now sign subpoenas, it is the responsibility of the attorney who signs the subpoena to designate the court from which the subpoena issues.

On the standard subpoena form, the only way to ascertain the court from which the subpoena issues is the designation in the heading of the subpoena. I can only conclude that the subpoena served on January 3, 1994, issued from the Southern District of Georgia, the court designated in the heading." (*Id.* at 87-88.)

The Court in the Eastern District of Pennsylvania held that it had "no jurisdiction to hold a contempt hearing on a subpoena issued out of the Southern District of Georgia." (*Id.* at 88.) The Court went on to note "[t]he subpoena issued from the wrong court and, although a timely motion to quash would have been the preferable procedure, this Court lacks jurisdiction to enforce it or to hold the party who is ostensibly subpoenaed in contempt for failing to appear." (*Id.* at 88.)

In this case, it cannot be disputed that Rule 45(a)(2) required the subpoena on RIN to issue out of the Central District of California because the subpoena called for the deposition and production of documents to occur in the Central District of California. (Declaration of Marc J. Pernick filed with Fujitsu's Motion, D.I. 4, ("Pernick Dec."), Ex. 1.) Because the subpoena issued from the District of Delaware, the subpoena is null and void and this Court has no jurisdiction to enforce the subpoena.

For this reason alone, this Court should not even consider the "merits" of

Fujitsu's Motion. As set forth below, however, if the Court somehow finds that it

has jurisdiction to rule on Fujitsu's Motion, Fujitsu's Motion should be denied.

      B.      <u>RIN, As A Nonparty, Is Entitled To "Extra Protection"</u>
                    <u>From Undue Burden And Expense.</u>

      The Federal Rules of Civil Procedure prohibit a party issuing a

subpoena from placing an "undue burden" on the person subject to the

subpoena. FRCP 45(c)(1). Specifically, FRCP 45(c)(1) provides:

> "A party or an attorney responsible for the issuance and service
>
> of a subpoena shall take reasonable steps to avoid imposing
>
> undue burden or expense on a person subject to that subpoena.
>
> The court on behalf of which the subpoena was issued shall
>
> enforce this duty and impose upon the party or attorney in
>
> breach of this duty an appropriate sanction, which may include,
>
> but is not limited to, lost earnings and a reasonable attorney's
>
> fee."

Additionally, Rule 45(c)(3)(A) provides that the Court should quash or modify

the subpoena if it subjects a party to undue burden.

      Moreover, when the subpoena is to a nonparty, the Courts provide even

greater protection from undue burden and expense. In *U. S. v. C.B.S., Inc.*, 666

F.2d 364, 371 (9th Cir. 1981), for example, the Ninth Circuit Court of Appeals

held:

> "Although party witnesses must generally bear the burden of
>
> discovery costs, the rationale for the general rule is
>
> inapplicable where the discovery demands are made on
>
> nonparties. Nonparty witnesses are powerless to control the

scope of litigation and discovery, and should not be forced to subsidize an unreasonable share of the costs of a litigation to which they are not a party."

Likewise, in *Exxon Shipping Co. v. U.S. Dept. of Interior*, 34 F.3d 774, 779 (9th Cir. 1994), the Ninth Circuit again recognized that "[t]he Federal Rules also afford nonparties special protection against the time and expense of complying with subpoenas." *See also In re: Automotive Refinishing Paint Antitrust Litigation*, 229 F.R.D. 482 (E.D. Pa. 2005)(Court refused to enforce overly broad subpoena to nonparty); *Linder v. Calero-Portocarrero*, 183 F.R.D. 314, (D.D.C. 1998)(same).

A Court also may limit or deny discovery if the discovery is unreasonably cumulative or duplicative, or is obtainable from some other less burdensome source. *Exxon*, 34 F.3d at 780; *see also U.S. v. Watchmakers of Switzerland Info. Ctr. Inc. ("Watchmakers")*, 27 F.R.D. 513, 515 (D.C.N.Y. 1961) (Court refused to enforce an overly broad subpoena to a nonparty). Here, Fujitsu has all responsive documents related to the patents-in-suit and had an unfettered opportunity to depose RIN's sister company regarding the relationship between Discovision, RIN and Pioneer Corporation. RIN should not now be required, long after Discovision's deposition is complete, to go back and search all of its documents for additional documents that are largely, if not entirely, irrelevant.

In this case, the Court should protect RIN from further burden and expense and deny Fujitsu's Motion.

C.   RIN And Discovision Have Already Been Subjected To
     Enormous Burden And Expense.

As set forth in the Declaration of David G. White (the "White Dec.")
filed herewith, Discovision has already been subjected to an enormous burden
and expense in responding to the Fujitsu subpoena and the earlier subpoena
issued in the Actions.   Moreover, RIN has confirmed it has no additional
responsive documents beyond those produced by Discovision.  (Pernick Dec.,
Ex. 33.)

The subpoena that is the subject of Fujitsu's Motion was issued on May
25, 2005 on behalf of 28 parties in the Actions.  (Pernick Dec., Ex. 1)

The Fujitsu subpoena contains fourteen broad categories of documents.
(Pernick Dec., Ex. 1.)  RIN served objections to the subpoena (Pernick Dec., Ex.
2), but produced approximately 10,000 pages of documents in the Actions.
(White Dec., ¶ 4.)

As to Request No. 14, which is the subject of Fujitsu's Motion, RIN
objected as follows:

"(i) seeks information that is protected by the attorney-client
and work-product privileges; (ii) seeks information that is
neither relevant nor reasonably calculated to lead to the
discovery of admissible evidence; (iii) is generally overbroad,
unrestricted in temporal scope, oppressive, vague, ambiguous,
harassing, annoying, and therefore unduly burdensome; (iv) is
overbroad, oppressive and harassing in that it seeks every
document concerning RIN's relationship with its corporate

parent Pioneer [Corporation], another entity in the Pioneer group of companies, Discovision, and its executive Kenny Masaki and (v) seeks the production of documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary information." (Pernick Dec., Ex. 2, p. 15.)

Despite these objections, RIN agreed to produce all non-privileged responsive documents in RIN's possession, custody or control, to the extent such documents "relate to the patents-in-suit (as defined in the subpoena)." (*Id.*) Such documents were produced long ago.

In addition to producing 10,000 pages of documents, Mr. White, as Discovision's corporate designee, attended four full days of deposition in the Actions. (White Dec., ¶ 4.) In the spirit of cooperation and in an effort to avoid any discovery motion practice, Discovision allowed this extensive deposition despite the fact that Discovision could have insisted on no more than one day of deposition, as provided in Rule 30(d)(2) of the Federal Rules of Civil Procedure. In short, Discovision has been more than cooperative in responding to the subpoena and has gone well beyond its obligations under the Federal Rules of Civil Procedure.

Despite the foregoing, <u>after Discovision's deposition was completed</u>, Fujitsu commenced the meet and confer process to get additional documents from RIN and Discovision. Moreover, although Fujitsu purported to narrow Request No. 14, Fujitsu actually created six "new categories" of requests, each of which is subject to the same objections as original no. 14. (*See* Opening

Brief, D.I. 3, pp. 6-7.)  Nonetheless, in a continuing effort to cooperate regarding Fujitsu's unreasonable demands, RIN and Discovision agreed to produce the following additional documents to Fujitsu: Discovision's partnership agreement, RIN's articles of incorporation, and organizational charts for Discovision and RIN for the time period 2003-04.  (Pernick Dec., Exs. 7, 9.)  RIN and Discovision made this offer in a final effort to attempt to resolve this matter with Fujitsu.  Once again, however, Fujitsu has refused this offer and continues to seek every responsive document, which potentially includes any and all communications between or among Discovision, RIN, Pioneer Corporation and even the other Pioneer related entities that are "between" Discovision/RIN and Pioneer Corporation.

Fujitsu's insistence is particularly troubling given that Fujitsu had an unfettered opportunity to ask questions of Discovision about the relationships of the parties, yet Fujitsu cannot identify a single document it believes is necessary to its estoppel defense.

Discovision has already expended a significant amount of time and incurred a significant amount of attorneys' fees and costs in responding to the subpoenas, including searching, gathering and producing nearly 10,000 pages of documents, preparing a written response and a privilege log, and attending four days of deposition.  (White Dec., ¶ 10.)  Additionally, RIN was served with essentially the same subpoena as the Fujitsu subpoena, and is scheduled to give a deposition in the Actions.  (Id. at ¶ 5.)

Discovision employees, including senior executives, have spent

approximately 20 full days responding to the subpoenas in the actions. (*Id.* at ¶ 10.) Additionally, Discovision has incurred more than $160,000 in attorneys' fees and costs in responding to the subpoenas. (*Id.*) In short, Discovision has gone well beyond any conceivable definition of reasonableness in responding to the subpoenas. RIN and Discovision should not be required now, after completing Discovision's deposition, to go back and search virtually all of their documents to respond to Fujitsu's additional demands.

      D.     <u>To Comply With Fujitsu's Demands, RIN Would Be Subjected To Additional Significant Undue Burden And Expense.</u>

As set forth in the White declaration, RIN and Discovision would be subjected to additional, significant burden and expense if it is required to search for and produce the additional documents Fujitsu seeks. Among other things, to search for the documents Fujitsu seeks, RIN and Discovision would be required to review in great detail virtually all of their documents from January 1, 2003 to the end of 2004, including all correspondence and e-mails. (White Dec. ¶ 9.) This would include tens of thousands of pages of documents as well as 24 months' worth of e-mails and other correspondence. (*Id.*) It would take at least 200 hours to review all such documents to attempt to locate responsive documents. (*Id.*)

This estimate is entirely realistic given the overbreadth of the requests. For example, one request asks for all documents "that discussed, reflected or demonstrated . . . Pioneer[ Corporation's] role in Discovision's or RIN's corporate governance . . ." (Opening Brief, p. 6.) On its face, this appears to

encompass <u>any</u> correspondence between or among Pioneer Corporation, Discovision and/or RIN, regardless whether the correspondence has anything to do with the subject matter of the Actions.

> E.    <u>Fujitsu Had A Full Opportunity To Question Discovision Regarding The Relationship Among Discovision, RIN And Pioneer Corporation, And Yet Has Not Identified ANY Particular Document It Believes It Needs To Make Its Estoppel Argument.</u>

Fujitsu already has all non-privileged responsive documents that relate to the patents-in-suit. Moreover, Discovision has been deposed for four days and Fujitsu had an opportunity to ask whatever questions it wanted to ask regarding the relationship between Discovision, RIN and Pioneer Corporation. (White Decl. ¶ 4.) Indeed, Fujitsu did ask many questions about such relationships. (*Id.*) Discovision's deposition was completed on June 8, 2005. (Pernick Dec., Ex. 1.) It was only <u>after</u> Discovision's deposition was completed when Fujitsu first raised the issue of additional document production from RIN and Discovision. (Pernick Dec., ¶ 11.) Despite the fact that Fujitsu had an unfettered opportunity to ask Discovision's corporate designee about any particular documents that Fujitsu may want relating to its estoppel defense, Fujitsu <u>has failed to identify even a single document that it believes it is entitled to</u>. Instead, Fujitsu is taking the "fishing expedition" approach to discovery, well after Discovision has produced all of its documents and completed its deposition. Fujitsu is simply adamant that it wants to require RIN and Discovision to go back now and once again search all of their documents. RIN and Discovision should not be required to do so.

F.    <u>Fujitsu Has Failed To Meet Its Burden Of Establishing</u>
<u>The Need For Such Documents Particularly When</u>
<u>Weighed Against The Extreme Burden RIN and</u>
<u>Discovision Have Already Been Subjected To And</u>
<u>Will Be Subjected To If Fujitsu's Motion Is Granted.</u>

RIN submits Fujitsu has failed to meet its burden of establishing
any compelling need for the additional documents it seeks.

Fujitsu's estoppel defense is based on certain representations allegedly
made by Pioneer Corporation to Fujitsu. (*See* Opening Brief, pg. 3.) Yet,
<u>Fujitsu's Motion includes absolutely no "evidence" of any such</u>
<u>communications.</u> (*Id.*) In light of Fujitsu's failure to provide any such evidence,
this Court should deny Fujitsu's Motion on that basis alone.

Moreover, Fujitsu's argument is based on a misunderstanding of the
relationships among Discovision, RIN and Pioneer Corporation. Fujitsu's
estoppel argument is based on its belief that Discovision and RIN are both direct
subsidiaries of, and controlled by, Pioneer Corporation. This is simply false.
Discovision is a partnership made up of two partners, Pioneer Electronics
Capital, Inc. and Pioneer Electronics (USA), Inc. (White Dec. ¶3.) RIN, a
corporation, is a subsidiary of Pioneer Electronics Capital, Inc. (*Id.*) Both
Pioneer Electronics Capital, Inc. and Pioneer Electronics (USA), Inc. are
subsidiaries of Pioneer North America, Inc. (*Id.*) Pioneer North America, Inc.
is, in turn, a subsidiary of Pioneer Corporation. (*Id.*) None of the cases cited by
Fujitsu even addresses a similar situation, where there are layers of companies
between the alleged subsidiary and parent.

Additionally, the cases Fujitsu relies upon most heavily are not on point
for other reasons. In *Marr v. Postal Union Life Ins. Co.*, 40 Cal. App. 2d 673

(1940), the primary issue was whether the contract of an agent acting on behalf of an undisclosed principal binds the principal. *Id.* at 679. In this case, there is no allegation of undisclosed principal. Indeed, Fujitsu was fully aware Pioneer Corporation was somehow related to Discovision and RIN during the pertinent time period. In *Haisfield v. Cruver*, 1994 Del. Ch. LEXIS 155 (Del. Ch. Aug. 25, 1994) (attached as Exhibit A hereto), the Court merely ruled it had personal jurisdiction over a defendant. The case did not address anything similar to the estoppel argument advanced by Fujitsu.

Fujitsu has failed to meet its burden of establishing a compelling need for the documents sought. Particularly given the extreme burden RIN and Discovision have already been subjected to, Fujitsu's Motion should be denied.

## IV.    CONCLUSION.

In light of the foregoing, RIN respectfully submits that Fujitsu's Motion

to Compel the production of additional documents should be denied.


PRICKETT, JONES & ELLIOTT, P.A.


J. Clayton Athey (DE Bar #4378)
1310 King Street, Box 1328
Wilmington, Delaware  19899
(302) 888-6500
(302) 658-8111 (fax)
jcathey@prickett.com

*Attorneys for Nonparty, Research*
*Investment Network, Inc.*

Of Counsel:

RUTAN & TUCKER, LLP
Ronald P. Oines
(Cal. State Bar No. 145016)
611 Anton Boulevard, Fourteenth Fl.
Costa Mesa, California 92626-1931
714-641-5100
714-546-9035 (fax)
roines@rutan.com

Dated: October 31, 2005

## CERTIFICATE OF SERVICE

I, J. Clayton Athey, hereby certify that on this 31st day of October, 2005, I caused a copy of the foregoing NONPARTY RESEARCH INVESTMENT NETWORK INC.'S OPPOSITION BRIEF TO FUJITSU'S MOTION TO COMPEL to be served on the below-named counsel of record via email or as indicated below:

| | |
|---|---|
| VIA E-FILE<br>Steven J. Balick, Esquire<br>John G. Day, Esquire<br>Ashby & Geddes<br>222 Delaware Avenue, 17th Fl.<br>Wilmington, DE 19801 | Sam Baxter, Esquire<br>McKool Smith, P.C.<br>505 E. Travis, Suite 105<br>Marshall, Texas 75670 |
| Harry L. Gillam, Jr., Esquire<br>Gillam & Smith, LLP<br>110 S. Bolivar, Suite 204<br>Marshall, Texas 75670 | Scott E. Stevens, Esquire<br>Stevens Law Firm<br>P.O. Box 807<br>Longview, TX 75606 |
| V. Bryan Medlock, Jr., Esquire<br>Sidley Austin Brown & Wood LLP<br>717 N. Harwood, Suite 3400<br>Dallas, TX 75201 | Ronald S. Vickery, Esquire<br>Ramey & Flock, P.C.<br>100 E. Ferguson, Suite 500<br>Tyler, TX 75702 |
| Mark N. Reiter, Esquire<br>Jones Day<br>2727 N. Harwood Street<br>Dallas, Texas 75201 | Jeffrey B. Plies, Esquire<br>Dewey Ballantine, LLP<br>401 Congress Ave., Suite 3200<br>Austin, TX 78701 |
| David J. Levy, Esquire<br>Fulbright & Jaworski, LLP<br>1301 McKinney, Suite 5100<br>Houston, TX 77010 | David L. Witcoff, Esquire<br>Jones Day<br>77 West Wacker Drive, Suite 3500<br>Chicago, IL 60601 |
| Eric M. Albritton, Esquire<br>Albritton Law Firm<br>P.O. Box 2649<br>Longview, Texas 75606 | Melvin R. Wilcox, Esquire<br>Wilson, Sheehy, Knowles, et al.<br>P.O. Box 7339<br>Tyler, Texas 75701 |

| | |
|---|---|
| David J. Healey, Esquire<br>Weil, Gotshal & Manges LLP<br>700 Louisiana Street, Suite 1600<br>Houston, Texas 77002 | Michael S. Dowler, Esquire<br>Howrey Simon Arnold & White LLP<br>750 Bering Drive<br>Houston, TX 77057 |
| Otis W. Carroll, Jr., Esquire<br>Ireland Carroll & Kelley, PC<br>6101 S. Broadway, Suite 500<br>Tyler, TX 75703 | Paul S. Francis, Esquire<br>Baker & Hostetler LLP<br>1000 Louisiana, Suite 2000<br>Houston, TX 77002 |
| E. Glenn Thames, Jr., Esquire<br>Potter Minton, PC<br>110 North College, Suite 500<br>Tyler, TX 75702 | Shawn T. Leuthold, Esquire<br>Law Offices of Shawn T. Leuthold<br>4122 Factoria Blvd. SE, Suite 408<br>Bellevue, WA 98006 |

J. Clayton Athey (#4378)