IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMERICAN VIDEO GRAPHICS, L.P., <br><br> Plaintiff, <br><br> v. <br><br> HEWLETT-PACKARD CO., et al., <br><br> Defendants. | Misc. Action No. 05-213 (GMS) <br><br> (Case No. 6:04-CV-397-LED, currently pending in the United States District Court for the Eastern District of Texas, Tyler Division) |

### DECLARATION OF DAVID G. WHITE

PRICKETT, JONES & ELLIOTT, P.A.
J. Clayton Athey (DE Bar #4378)
1310 King Street
Box 1328
Wilmington, DE  19899
(302) 888-6500
(302) 658-8111 (fax)
jcathey@prickett.com

*Attorneys for Nonparty Research Investment Network, Inc.*

Of Counsel:

RUTAN & TUCKER, LLP
Ronald P. Oines
(Cal. State Bar No. 145016)
(*Pro Hac Vice Application Pending*)
611 Anton Boulevard, Fourteenth Floor
Costa Mesa, California 92626-1931
714-641-5100
714-546-9035 (fax)
roines@rutan.com

Dated:  October 31, 2005

# DECLARATION OF DAVID G. WHITE

I, David G. White, declare as follows:

1.  I am a Vice President of Discovision Associates ("DVA"). I have been with DVA for more than 15 years. I make this Declaration in response Fujitsu Computer Systems Corp.'s ("Fujitsu") Motion to Compel Documents subpoenaed from DVA. I make this Declaration based on my own personal knowledge, and if called upon as a witness, I could and would competently testify thereto.

2.  Fujitsu's Motion arises out of a subpoena issued in connection with several patent infringement actions pending in the Eastern District of Texas (the "Actions"). The plaintiff in those cases, American Video Graphics, L.P., acquired the patents that are the subject of the actions from Research Investment Network, Inc. ("RIN"). Prior to RIN's sale of the patents-in-suit, RIN had granted DVA an exclusive license to the patents. DVA had a right to sublicense the patents-in-suit.

3.  DVA and RIN are in the "family" of companies related to Pioneer Corporation. DVA is a partnership made up of two partners, Pioneer Electronics Capital, Inc. and Pioneer Electronics (USA), Inc. Both of these entities are subsidiaries of Pioneer North America, Inc. ("PNA"). PNA is, in turn, a subsidiary of Pioneer Corporation. RIN, a corporation, is a subsidiary of Pioneer Electronics Capital, Inc.

4.  The subpoena that is the subject of Fujitsu's Motion (the "Fujitsu subpoena") was issued on May 16, 2005 on behalf of 28 parties. The Fujitsu subpoena followed an earlier subpoena to DVA issued by the plaintiff in the Actions. Neither DVA nor RIN is a party in the Actions. In response to the subpoenas, DVA produced approximately 10,000 pages of documents. Additionally, I, as DVA's corporate designee, attended four full days of deposition. My deposition is now complete. During my deposition, all parties, including Fujitsu, had the opportunity to attend and ask me questions regarding various subject matters. Fujitsu had a full opportunity to question me regarding the relationship among DVA, RIN and Pioneer Corporation and did ask me many questions about such relationships.

5. I understand RIN has received a subpoena that is essentially the same as the Fujitsu subpoena served on DVA. I understand RIN has produced all nonprivileged, responsive documents it agreed to produce, and will be giving a deposition early next year.

6. There are 28 subpoenaing parties listed on the subpoena to DVA. Fujitsu is the only party seeking to compel the production of additional documents from DVA. Fujitsu's Motion seeks additional documents in response to Request for Production No. 14 in the subpoena. Despite DVA's belief that Request no. 14 was, among other things, entirely overbroad, and unduly burdensome and oppressive, and sought confidential information, DVA agreed to produce – and did produce – responsive documents as they relate to the patents-in-suit. Apparently, Fujitsu agrees that Request no. 14 is objectionable because it has agreed to narrow it. However, I understand Fujitsu continues to seek documents beyond those that relate to the patents-in-suit. DVA believes its objections are well taken, even with respect to the narrowed scope of documents Fujitsu now seeks.

7. However, in an effort to compromise, DVA informed Fujitsu that DVA would agree to produce DVA's partnership agreement, RIN's articles of incorporation and organizational charts for DVA and RIN for the time period 2003-2004. Despite this effort to compromise, Fujitsu still wants more.

8. I understand the documents Fujitsu now seeks include all documents for the time period from January 1, 2003 to December 31, 2004:

". . . that discuss, reflect, or demonstrate:

(a) Pioneer [Corporation]'s role in [DVA]'s or RIN's corporate governance, including any approvals [DVA] or RIN sought, received or needed from Pioneer [Corporation] to take any corporate action;

(b) Pioneer [Corporation]'s role in RIN's or [DVA]'s licensing activities with third parties;

(c) the organizational structure of RIN, [DVA], and Pioneer [Corporation];

(d) each officer and director of RIN, [DVA] and Pioneer [Corporation], as well as an identification of any shareholders that are common to at least two of the

Case 1:05-mc-00213-GMS    Document 11    Filed 10/31/2005    Page 4 of 6

companies and their percentage of ownership;

(e)  any payments, loans, or other types of asset transfers, or debt guarantees from Pioneer [Corporation], [DVA], or RIN to one of the other entities; and

(f)  any financial or ownership interests held by Pioneer [Corporation], RIN, or [DVA] in any of the other entities."

9.  To search for such documents, DVA would be required to review in great detail virtually all of its documents from January 1, 2003 to the end of 2004, including all correspondence and emails. It is difficult to adequately estimate how many documents this would include, but it would likely include tens of thousands of pages of documents, as well as twenty-four months of emails. I estimate it would take DVA employees at least 200 hours to review all such documents to seek to locate responsive documents.

10.  DVA has already expended a significant amount of time and incurred a significant amount of attorneys' fees in responding to the subpoenas, including searching, gathering and producing documents and preparing privilege logs, and attending four days of deposition. DVA employees, including senior executives such as myself, have spent approximately 20 full days responding to the subpoenas. Additionally, DVA has incurred more than $160,000 in attorneys' fees and costs in responding to the subpoenas. It would cause additional significant burden and expense to require DVA to go back and search all of its documents to locate and gather the additional documents Fujitsu seeks, particularly because DVA has already produced all non-privileged, responsive documents that relate to the patents-in-suit and has submitted to deposition questioning regarding the subject of the relationship among DVA, RIN and Pioneer.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 20th day of October, 2005, at Irvine, California.

David G. White

## CERTIFICATE OF SERVICE

I, J. Clayton Athey, hereby certify that on this 31st day of October, 2005, I caused a copy of the foregoing DECLARATION OF DAVID G. WHITE to be served on the below-named counsel of record via email or as indicated below:

| | |
|---|---|
| VIA E-FILE<br>Steven J. Balick, Esquire<br>John G. Day, Esquire<br>Ashby & Geddes<br>222 Delaware Avenue, 17th Fl.<br>Wilmington, DE 19801 | Sam Baxter, Esquire<br>McKool Smith, P.C.<br>505 E. Travis, Suite 105<br>Marshall, Texas 75670 |
| Harry L. Gillam, Jr., Esquire<br>Gillam & Smith, LLP<br>110 S. Bolivar, Suite 204<br>Marshall, Texas 75670 | Scott E. Stevens, Esquire<br>Stevens Law Firm<br>P.O. Box 807<br>Longview, TX 75606 |
| V. Bryan Medlock, Jr., Esquire<br>Sidley Austin Brown & Wood LLP<br>717 N. Harwood, Suite 3400<br>Dallas, TX 75201 | Ronald S. Vickery, Esquire<br>Ramey & Flock, P.C.<br>100 E. Ferguson, Suite 500<br>Tyler, TX 75702 |
| Mark N. Reiter, Esquire<br>Jones Day<br>2727 N. Harwood Street<br>Dallas, Texas 75201 | Jeffrey B. Plies, Esquire<br>Dewey Ballantine, LLP<br>401 Congress Ave., Suite 3200<br>Austin, TX 78701 |
| David J. Levy, Esquire<br>Fulbright & Jaworski, LLP<br>1301 McKinney, Suite 5100<br>Houston, TX 77010 | David L. Witcoff, Esquire<br>Jones Day<br>77 West Wacker Drive, Suite 3500<br>Chicago, IL 60601 |
| Eric M. Albritton, Esquire<br>Albritton Law Firm<br>P.O. Box 2649<br>Longview, Texas 75606 | Melvin R. Wilcox, Esquire<br>Wilson, Sheehy, Knowles, et al.<br>P.O. Box 7339<br>Tyler, Texas 75701 |

9999.9999\288129v1

| | |
|---|---|
| David J. Healey, Esquire<br>Weil, Gotshal & Manges LLP<br>700 Louisiana Street, Suite 1600<br>Houston, Texas 77002 | Michael S. Dowler, Esquire<br>Howrey Simon Arnold & White LLP<br>750 Bering Drive<br>Houston, TX 77057 |
| Otis W. Carroll, Jr., Esquire<br>Ireland Carroll & Kelley, PC<br>6101 S. Broadway, Suite 500<br>Tyler, TX 75703 | Paul S. Francis, Esquire<br>Baker & Hostetler LLP<br>1000 Louisiana, Suite 2000<br>Houston, TX 77002 |
| E. Glenn Thames, Jr., Esquire<br>Potter Minton, PC<br>110 North College, Suite 500<br>Tyler, TX 75702 | Shawn T. Leuthold, Esquire<br>Law Offices of Shawn T. Leuthold<br>4122 Factoria Blvd. SE, Suite 408<br>Bellevue, WA 98006 |

J. Clayton Athey (#4378)